William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
Joshua C. Ezrin (jezrin@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiff and
the Class Members*



E-Filing

# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

**JCS**

| | |
|---|---|
| Chelsea, LLC, individually and on behalf of all others similarly situated, | Court File No. C 07-5800 |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | **Jury Trial Demanded** |
| Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., and China Ocean Shipping Company, | |
| Defendants. | |

## INTRODUCTION

1. November 7, 2007 was like any other fall day in the San Francisco Bay Area: cold, overcast and foggy. Vessels were navigating their way through the San

Francisco Bay to the Pacific Ocean. Clam fishermen, among others, were waiting for news of the season to officially open.

2. Heading north out to the ocean bound for Asia, one container ship — the Cosco Busan — failed to heed normal precautions and hit the fender of tower W4 of the San Francisco Bay Bridge. The impact of the crash tore a huge gash in the side of the vessel and resulted in the spillage of an estimated 58,000 gallons of fuel oil into the fragile San Francisco Bay ecosystem.

3. This man-made disaster will for years have a profound impact on not only the wildlife of Northern California, but has also immediately impacted the livelihood of thousands and thousands of individuals and small businesses, such as commercial fisheries, crabbers, and clammers. On November 12, 2007, the Governor of the State of California "halted" all commercial fishing in and around the San Francisco Bay Area.

4. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on its own behalf and as representative of a Class. Plaintiff and members of the Class will have incurred significant damages and economic losses and will continue to incur such expenses and losses in the future.

## PARTIES

5. Individual and Representative Plaintiff Chelsea, LLC. Plaintiff Chelsea is a member of the class. Plaintiff is a 6-foot "clamming" vessel that prior to the spill caught crab in the San Francisco Bay Area.

6. Defendant Regal Stone, Ltd., is a Hong Kong based company that owns the Cosco Busan.

7. Defendant China Ocean Shipping Company (aka "Cosco"), a corporation based in China, was the company that hired the Cosco Busan to carry its containers.

8. Defendant Hanjin Shipping Co., Ltd. is a large Korean-based shipping company that leased the Cosco Busan from Defendant Regal Stone, Ltd.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff alleges that the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Further, this Court has jurisdiction over this action because this is a class action lawsuit in which over $5,000,000 is at issue and there are more than one hundred putative class members.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTS

11. On November 7, 2007, at approximately 7:30AM, the Cosco Busan, a freighter ship bound for Asia, left the Port of Oakland.

12. Less than thirty minutes later, the Cosco Busan crashed into a support piling of the San Francisco Bay Bridge.

13. The crash resulted in a huge gash on the bow where the fuel tanks of the ship are located. The hole on the port side was reportedly at least 70 feet long, 12 feet wide, and 3 feet deep.

14. Unfortunately, instead of immediately notifying the authorities about the magnitude of the problem, the ship's captain initially "estimated" less than "150" gallons

of fuel spillage. In reality, the 150 gallons turned into over 58,000 gallons of toxic "bunker oil."

15. As the day wore on, the oil "dispersed" into San Francisco Bay and also into the Pacific Ocean. The ship's pilot has recently reported that the ship's onboard radar malfunctioned <u>and</u> the ship's master may have provided confusing instructions to the captain.

16. The non-economic damage to the San Francisco Bay's fragile ecosystem is beyond dollars and cents. Moreover, because of the negligence of the Defendants, commercial crabbers postponed the short season and other commercial fisheries operators will lose millions of dollars.

17. As of November 13, 2007, the crab season was cancelled and all commercial fishing halted.

18. This lawsuit seeks to economically compensate the victims of the spill.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on their own behalf and as representatives of a class consisting of "all commercial fishing operations, including clam, crab and herring, which commercially fish in and around, the coastal waters of the San Francisco Bay Area."

20. The named Plaintiff herein is a member of the Class they seeks to represent.

21. The Class is so numerous that joinder of all members is impracticable.

22. There are questions of law and fact common to the Class including, but not limited to:

    a.    Whether Defendants negligently and/or fraudulently acted to cause the spill;

    b.    Whether Defendants conducted adequate supervision to determine whether the spill could be prevented;

    c.    Whether Defendants engaged in unconscionable, deceptive, and/or unreasonable business practices and conduct;

    d.    Whether Defendants knowingly, intentionally, or negligently concealed, suppressed, or omitted material information concerning the safety of their ship from the public;

    e.    Whether the Class has suffered injury by virtue of the Defendants' negligence, recklessness, carelessness, and/or unconscionable and/or deceptive business practices and conduct;

    f.    Whether Defendants are strictly liable to the Class.

23.    These and other questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class members.

24.    The claims of the named Plaintiff are typical of the claims of the respective Class they seek to represent.

25.    In the case of the proposed Court-supervised "Clean-Up" Program, the representative Plaintiff and the Class as a whole will benefit from such relief.

26.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class they seek to represent.

27.    Plaintiff has retained the undersigned counsel competent and experienced in complex class actions to represent them and the members of the proposed Class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among Plaintiff and the members of the proposed Class.

28. Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate injunctive and/or declaratory relief.

29. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because, as set forth above, common issues of law and fact predominate over any individual issues and certification of the claims as class claims is superior to other available methods for the fair and efficient adjudication of these claims. In addition, there would be enormous economies to the courts and parties in litigating these common issues on a class-wide basis rather in individual trials. Plaintiff foresees no difficulties in the management of this action as a class action.

## CLASS CLAIMS

## FIRST CAUSE OF ACTION

### [Mandatory "Clean Up" Program]

30. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

31. As a direct result of Defendants' actions and omissions, Plaintiff and Class have been injured. The Bay Area spill requires immediate "clean up" of the toxins. Defendants are responsible for the spill.

32. Accordingly, Defendants should be required to establish and fund an emergency "clean-up" program.

## SECOND CAUSE OF ACTION

### [Strict Liability]

33. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein.

34. At all times herein, Defendants were the owners, custodians, and/or operators of the Cosco Busan which caused the incident described herein.

35. At all times relevant to this action, Defendants had supervision, custody, and control of the Cosco Busan from which the harmful oil spill occurred.

36. At all times herein, Defendants were under a continuing duty to protect Plaintiff and proposed class from the harm occasioned by the Cosco Busan within its custody.

37. The oil spill herein was occasioned by its ruin, vice or defect.

38. Defendants knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the oil spill.

39. The injuries sustained by Plaintiff as a result of the oil spill was the direct and proximate result of the strict liability of the Defendants.

40. Due to the Defendants strict liability, Plaintiffs and Class members are entitled to recover actual damages.

### THIRD CAUSE OF ACTION

#### [Negligence]

41. Plaintiff hereby restates and reallege each and every allegation set forth above with the same force and effect as if set forth herein.

42. The Defendants owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care.

43. The Defendants breached their duty to Plaintiff and the Class.

44.     The Defendants reasonably should have known that the ship would hit the bridge.

45.     As direct and proximate result of the Defendants' negligence, Plaintiff and the Class have sustained damages.

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, demands judgment against the Defendants for compensatory damages for himself/herself and each member of the Class, for establishment of a common fund, plus attorneys' fees, interests and costs.

## FOURTH CAUSE OF ACTION

**[Violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.*]**

46.     Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein.

47.     As described herein, Defendants' conduct constitutes unfair competition within the meaning of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "Act"), insofar as the Act prohibits "any unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."

48.     Defendants have engaged and continue to engage in unfair competition in violation of the Act.

49.     Defendants' conduct constitutes unlawful business acts or practices under the Act insofar as it violates, *inter alia,* Business and Professions Code §§ 17500 *et seq.* and California Civil Code §§ 1750 *et seq.*

50.     Defendants' conduct constitutes "fraudulent" business practices within the meaning of the Act in that members of the public have been harmed.

51. Defendants' conduct amounts to "unfair" business practices insofar as the Act forbids all wrongful business activities in any context in which they appear. Moreover, as described herein, Defendants' practices offend established public policies, and are immoral, unethical, oppressive, and unscrupulous. The impact of the Defendants' practices is in no way mitigated by any justifications, reasons or motives. The Defendants' conduct has no utility when compared to the harm done to Plaintiff and other members of the Class.

52. As a direct and proximate result of the Defendants' unfair methods of competition and unfair and deceptive acts or practices, Plaintiff and the Class have sustained damages.

53. As a proximate result of their unfair methods of competition and unfair or deceptive acts or practices, the Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to Bus. & Prof. Code §§ 17203 and 17204.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request that this Court enter a judgment against the Defendants and in favor of the Plaintiff and the Class and award the following relief:

A. That this action be certified as a class action on behalf of the proposed Class described herein and that counsel of record be appointed to represent the Class;

B. That a comprehensive Court-supervised Program be established;

C. For general damages in an amount to be proven at the time of trial;

D. For special damages in an amount to be proven at the time of trial;

E. For pre-judgment and post-judgment interest on the above general and special damages;

F. For restitution and disgorgement of all profits;

G. For compensatory and other damages, as the Court may determine;

H. For exemplary and punitive damages, to the extent permissible by law and in an amount to be proven at the time of trial, and sufficient to punish Defendant or to deter them and other from repeating the injurious conduct alleged herein or similar conduct;

I. Costs, including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this action; and

J. Such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial as to all claims triable in this action.

Dated: November 15, 2007

AUDET & PARTNERS, LLP

William M. Audet
Michael McShane
Adel A. Nadji
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*On Behalf of Plaintiff and the Class*