William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

Law Offices of Anthony M. Urie
Anthony M. Urie (Cal. State Bar #92363)
18025 17th Ave. N.W.
Shoreline, WA 98177

*Attorneys for Plaintiffs and
the Class Members*

# UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>    Defendants. | Court File No. C–07–5800-SC<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING MARINE LENDERS SERVICES, LLC. AS SUBSTITUTE CUSTODIAN AND PERMITTING MOVEMENT OF VESSEL, OFFLOADING OF CARGO AND INSPECTION OF DEFENDANT VESSEL** |

Plaintiffs Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, by and through their attorney of record William M. Audet of Audet & Partners LLP and Anthony M. Urie of Law Offices of Anthony M. Urie having appeared, now makes the following recitals:

## Recitals

1. On November 19, 2007 filed its Verified First Amended Complaint herein, requesting that the vessel COSCO BUSAN, Official Number 9231743, its engines, machinery, and other appurtenances, etc., be condemned and sold to pay plaintiffs' claims and for other proper relief.

2. It is anticipated that the Clerk of the Court will be authorized by this Court to issue a Warrant of Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody until further order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U.S. Marshal requires the services of one or more keepers at a charge of $350.00 or more per day for the keepers alone and not including charges for moorage and the other services usually associated with safekeeping vessel similar to the defendant vessel.

4. The defendant vessel is currently moored at San Francisco Dry Dock in San Francisco, California. After arrest, it may be necessary to move the vessel to the facilities of the Marine Lenders Services, LLC. It may also be necessary to offload any remaining cargo from the vessel.

5. Plaintiffs are agreeable to allowing Marine Lenders Services, LLC to

assume the responsibility of safekeeping the vessel and Marine Lenders Services, LLC has consented to act as custodian of the vessel until further order of this Court. Fees and expenses to be charged by Marine Lenders Services, LLC will be substantially less than the cost of leaving the defendant vessel in the custody of the U.S. Marshal.

6.  Buck W. Fowler Jr., Managing Member by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Northern Assurance Co. and Marine Policy No. N5JH81343 with policy limits of not less than $1,000,000 which is expected to be adequate to respond in damages for loss of our injury to the defendant vessel or for damages sustained by third parities due to any acts, faults or negligence of the substitute custodian. Further, in his declaration, Buck W. Fowler Jr., on behalf of Marine Lenders Services, LLC has agreed to accept custody of the vessel and its equipment in accordance with the terms of this Order.

7.  In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, plaintiffs agree to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U.S. Marshal transfers custody of the vessel over to the substitute custodian, and plaintiffs further agree to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

Order

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. That upon the seizure of the defendant vessel, the COSCO BUSAN, Official No. 9231743, its engines, tackle and other appurtenances pursuant to the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the vessel to Marine Lenders Services, LLC as substitute duties and responsibilities for the safekeeping of the vessel and held harmless from any and all claims arising out of said custodial services.

2. That Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the defendant vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the vessel. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3. That the defendant vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage at the facilities of the substitute custodian or other suitable location. The substitute custodian shall notify the office of the U.S. Marshal that the vessel is to be moved and shall again notify the office of the U.S. Marshal when the vessel has been moved. Once the vessel has been moved to the facilities of the substitute custodian or other suitable moorage, the defendant vessel shall not be moved again without further order of the Court.

4.   That Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any seafood products or other cargo aboard the vessel and arrange for storage of the same at a suitable cold storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading of cargo and again upon the completion of any such offloading.

5.   That Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

6.   That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer familiar with the vessel and to take him or her on board the vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the vessel.

7.   That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage to the vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

8.   That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior and / or exterior of the vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

9.   That plaintiffs shall arrange to pay charged for moorage of the vessel and

the fees, costs and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction the inventory of the equipment on board, in securing the vessel, in having the vessel cleaned, in moving the vessel, and / or in offloading any cargo from the vessel.

10. That subject to final approval by the Court, all fees, costs and expenses incurred by plaintiffs or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

11. That plaintiffs' attorney shall send a copy of this Order to the owner of the defendant vessel at the last address known by plaintiffs, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

IT IS FURTHER ORDERED that the substitute custodian may permit boarding and inspection of the defendant vessel by marine surveyors, representatives of plaintiffs, defendant and prospective purchaser's in order to determine the vessel's condition and value at a date and time convenient to the substitute custodian.

All costs of such boardings and inspections shall be paid by such prospective and third party purchasers directly to Marine Lenders Services, LLC prior to boarding, such expenses shall not be deemed administrative costs in custodial herein. All persons entering on board the vessel shall execute a waiver and release. The substitute custodian or its employees shall be in attendance at all times of such boarding.

It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

DATED this Nov. 20 day of November, 2007

_____
UNITED STATES DISTRICT COURT

*IT IS SO ORDERED*
*Judge Samuel Conti*

Presented by:

AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

_____
William M. Audet, # 117456
Attorneys for Plaintiffs

Approved for Entry:

_____
UNITED STATES MARSHAL
Northern District of California