
JOHN D. GIFFIN, CASB No. 89608
john.giffin@kyl.com
JULIE L. TAYLOR, CASB NO. 154341
julie.taylor@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Defendant
REGAL STONE, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam;* M/V Cosco Busan, their engines, tackle, equipment appurtenances, freights, and cargo *In Rem*,<br><br>          Defendants. | Case No. C-07-5800-SC<br><br>**DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS SHOULD NOT ISSUE**<br><br>Courtroom: 1, 17th Floor<br>Honorable Samuel J. Conti |

      I, CYNTHIA A. HUDSON, declare under penalty of perjury as follows:

    1.    I am Senior Vice President of Hudson Marine Management Service ("HMMS"). I have personal knowledge of the matters set forth in this Declaration, and if

- 1 -      KYL_SF459412

DECLARATION OF CYNTHIA HUDSON IN SUPPORT OF REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO

called to testify, I could and would competently testify to those matters.

2. HMMS provides, among other services, services relating to marine management, marine casualties and claims and environment management. The scope of services encompasses most aspects of marine casualties and claims support. Over the last four years, our team has responded to more than 90 marine incidents.

3. The Oil Pollution Act of 1990 ("OPA 90") requires that the Responsible Party for an oil spill establish a claims process to provide compensation to individuals who have suffered damages as a result of the oil spill. With respect to the November 7, 2007 M/V COSCO BUSAN oil spill, it is my understanding that the Responsible Party is the shipowner, Regal Stone, Ltd. HMMS was retained by Regal Stone's third party insurer to audit and monitor clean up operations and process claims in accordance with OPA 90 and the federal regulations promulgated under that statutory scheme.

4. In accepting, rejecting and processing claims through the claims process, HMMS receives no direction from Regal Stone or any of the other Defendants in this matter.

5. Within a day and a half of the oil spill incident, on November 9, 2007, an 800 number had been established and was being advertised in order to inform claimants of their right to submit claims for damages. Subsequently, advertisements were made in the following publications: Oakland Tribune, San Francisco Chronicle, and Marin Independent Journal. Flyers were also distributed throughout affected marinas. HMMS has affirmatively reached out to government entities and municipalities and to claimants that have reported to HMMS but never submitted the required documentation in order to educate affected individuals of their right to obtain relief. Since November 9, HMMS has been receiving and processing claims every business day between 9:00 am and 5:00 pm.

- 2 -

KYL_SF459412

REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

6. In determining an appropriate claims process, HMMS collaborated with a number of industry experts such as Natural Resource Consultants ("NRC"), as well as attorneys representing groups of potential claimants. We are working with approximately 9 attorneys representing over 196 claimants to discuss a process to resolve their clients' claims. Those attorneys were extremely helpful in creating a process to be used to fairly and expeditiously process claims.

7. As a result of this collaborative process, it was determined that in order to validate a claim, claimants must "prove up" their history of participation in the District 10 fishery or to provide other relevant supporting documentation. Lists of needed documentation have been created for the various classes of potential claimants.

8. To date, approximately 250 crab boat owners/operators have submitted claims. No less than 40 crewmembers have submitted claims, and at least 11 leading processors have submitted claims.

9. If HMMS is contacted by a claimant whom we know to be represented by counsel, we instruct that individual that we can not speak with them directly without their counsel present, but we encourage them to have their counsel contact us to submit their claim.

10. I met by telephone with Mr. Audet, counsel for Plaintiffs in this action. I explained the claims process thoroughly to Mr. Audet, including documentation needed and the requirements for obtaining prepayments. I told Mr. Audet clearly that, by submitting claims to the claims process, his clients would not forgo the right to litigation of any unsettled claim or for long term damage to crab population/fishery, if any.

11. While the models were being developed and tested, it became apparent that the local boat owners were being caught in a financial squeeze from the season

- 3 -

KYL_SF459412

REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

opener loss. In order to provide timely assistance and to demonstrate that the Responsible Party was committed to effectuating prompt settlements, HMMS proposed a prepayment plan to crab boat owners/operators. The purpose of the pre-payment was to provide immediate relief to affected crab boat owners/operators and minimize potential and actual litigation effort. To date, 71 boat owners received prepayments which will be credited against their final settlements in a total amount of over $611,000.

12. In order to qualify for a prepayment, claimants are required to agree to proceed through the claims process until such time as they receive an offer of resolution or until their claim is rejected. Under OPA '90, Claimants are required to first submit their claim to HMMS. If a claimant receives an offer from HMMS and rejects it, he or she is then free to submit his or her claim to the National Pollution Fund for resolution or proceed in a lawsuit. By accepting the prepayment, claimants are not foregoing his or her opportunity to file a lawsuit; rather they are making a good faith commitment to attempt to resolve their claims through the claims process. Claimants who have already filed litigation are entitled to submit a claim through the claims process, but are not entitled to a prepayment unless they and their attorneys agree to make a good faith attempt to resolve their claim through the claims process.

13. The United States Coast Guard ("USCG") is also very involved in this process. In fact, HMMS submits a daily/weekly report to the USCG Incident Command Center with respect to claims submitted and resolved. Further, the USCG, through Federal On Scene Commander ("FOSC") Captain Paul Gugg (and various of Unified/Incident Command representatives), have been provided with extensive information regarding the claims process and efficacy. If at any time the USCG or National Pollution Funds Center ("NPFC") is unhappy with the claims process established by HMMS, the USGC/NPFC can unilaterally take over the claims process. It is my understanding that the USCG has informed the NPFC that the claims process

in satisfactory. Seven days ago, I presented personally to the NPFC in Washington D.C with a detailed report regarding the claims process, the requirements to submit a claim, the need and requirements for prepayments, the documentation needed for final resolution and the efficacy of the claims process. I have never been told nor has it ever been inferred to me that the claims process established by HMMS is viewed by the USCG or the NPFC as anything less than exemplary.

Executed this 23RD day of January, 2008, in Emeryville, California. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

_____
Cynthia A. Hudson