1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:    (415) 398-6000
   Facsimile:    (415) 981-0136
6
7  Attorneys for Defendant
   REGAL STONE, LTD.
8
9
10            UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
12

13  Chelsea, LLC, Mark Russo, Allen Loretz, and       ) Case No. C-07-5800-SC
14  Ivan Simpson, individually and on behalf of       )
    all others similarly situated,                    ) **DECLARATION OF JOHN G. YOUNG IN**
15                                                     ) **SUPPORT OF REGAL STONE LTD.'S**
                                                       ) **OPPOSITION TO PLAINTIFFS' MOTION**
16                                      Plaintiffs,    ) **FOR ORDER TO SHOW CAUSE WHY A**
                                                       ) **PROTECTIVE ORDER TO SUPERVISE OR**
17                          vs.                        ) **OTHERWISE LIMIT COMMUNICATIONS**
                                                       ) **WITH PUTATIVE CLASS MEMBERS**
18  Regal Stone, Ltd., Hanjin Shipping, Co., Ltd.,    ) **SHOULD NOT ISSUE**
    Conti Cairo KG, NSB Neiderelbe, Synergy           )
19  Maritime, Ltd. *In Personam;* M/V Cosco           )
    Busan, their engines, tackle, equipment           ) Courtroom: 1, 17th Floor
20  appurtenances, freights, and cargo *In Rem,*      ) Honorable Samuel J. Conti
                                                       )
21                                      Defendants.    )
                                                       )
22                                                     )
                                                       )
23  _____  )

I, John G. Young, under penalty of perjury, declare as follows:

   1.  I am a principal in the law firm of Young deNormandie, P.C. located at 1191 Second

       Avenue, Suite 1901, Seattle, Washington, 98101.

   2.  One of the specialties of our firm is the representation of commercial fisherman and those

       with interests in the commercial fishing industry such as buyers and processors.  We

                                          - 1 -                         KYL_SF459424

represent, on a regular basis, a number of dungeness crab fisherman and dungeness crab buyers who participate in the San Francisco (District 10) dungeness crab fishery.

3. The oil spill caused by the M/V COSCO BUSAN in November 2007 caused a delay in the opening of the 2007 District 10 dungeness crab fishery from its normal opening on November 15, 2007 to December 1, 2007. In mid November we were contacted by a number of our clients who are active in that fishery asking that we assist them in obtaining compensation for the economic losses that they were experiencing which were caused by the delay in the opening of the fishery. We agreed to do so.

4. We have since been directly retained by some 45 crab fisherman to represent them in obtaining compensation for their claims. Those fisherman reside in a variety of communities throughout Northern California from Crescent City to Santa Cruz but what they all have in common is that they are all "independent" fisherman meaning that they are not members of one of the local associations of crab fisherman in San Francisco, Bodega Bay, or Half Moon Bay. All, however, would have been participants in the 2007 San Francisco crab fishery but for the closure caused by the COSCO BUSAN oil spill.

5. Our primary focus has been to secure for our clients full compensation for the economic losses that they incurred as a result of the spill and resulting delay in the opening of the crab season. It has been and continues to be our goal to obtain such compensation for them without filing a lawsuit but without also releasing any claims that they may have beyond the specific claim for compensation for which they are paid. We have advised our clients that there will be ample time to determine whether there are additional claims for which compensation is appropriate and if litigation is needed to prosecute their additional claims, it can be initiated at an appropriate time.

- 2 -

KYL_SF459424

DECLARATION OF JOHN G. YOUNG IN SUPPORT OF REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS SHOULD NOT ISSUE - Case No. C-07-5800-SC

6. I have personal experience which causes me to believe strongly in the efficacy of this approach having been involved as an attorney in the Exxon Valdez litigation since that spill occurred in March of 1989. In that case, as here, class action lawsuits were immediately filed. However, working directly with Exxon's adjustors, we were successful in obtaining immediate full compensation for virtually all of the fishery income losses, which were experienced the year the spill occurred. As this court may be aware, there were additional claims beyond the 1989 losses for which compensation had been received and the case went to trial years later. Nearly 19 years later, the case is still pending on appeal before the United States Supreme Court. However, virtually all of the 1989 lost fishing income claims were paid in full within months of the spill through our efforts working directly with Exxon's adjustors. It is that same approach that we have undertaken here and we expect to obtain similar results.

7. I have been working very closely with Hudson Marine Management Services, the adjusting firm retained by the shipowner's insurance company in this case. Hudson has been very forthright in disclosing that it represents the underwriter for the shipowner. Hudson has shown a willingness to negotiate the terms of a claims program as mandated by OPA. They have acknowledged the desirability of achieving an early resolution of claims and based on the considerable progress that has been made to date, we see no reason to assume the process will not result in full and prompt compensation for our clients' claims arising out of the delay in the start of 2007 District 10 crab season.

8. We did not authorize, nor did our clients authorize, anyone to file a class action on their behalf. In fact, I have advised against filing litigation at this time. Having spend the past 19 years as class counsel in the Exxon Valdez litigation, I believe that I am uniquely qualified to have advised my clients to avoid litigation if possible and to concentrate instead on seeking full compensation for their 2007 economic losses through the claims

- 3 -

KYL_SF459424

DECLARATION OF JOHN G. YOUNG IN SUPPORT OF REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS SHOULD NOT ISSUE - Case No. C-07-5800-SC

process that we have been developing with Hudson Marine. I have advised our clients if that approach is unsuccessful or if there are additional or future damage claims which require litigation for resolution, they can be filed at an appropriate time. However, I do not believe that our clients are best served at this juncture by "racing to the court house" or by seeking intervention of the court in a process that can best be handled through negotiation.

9. We are well along in documenting and presenting claims for compensation for our clients some of which have already been presented for payment. There is no reason to delay payment of these claims or to otherwise interfere with a claims process which we have spent weeks developing and which has the support of 100% of our clients as the most effective way to resolve their claims for 2007 compensatory damages.

DATED this 22nd day of January, 2008 at Seattle, Washington.

YOUNG deNORMANDIE, P.C.

By_____
John G. Young

KYL_SF459424

DECLARATION OF JOHN G. YOUNG IN SUPPORT OF REGAL STONE LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS SHOULD NOT ISSUE - Case No. C-07-5800-SC