1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  JULIE A. KOLE, , CASB No. 203681
   julie.kole@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  Four Embarcadero Center, Suite 1500
   San Francisco, California  94111
6  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
7
   Attorneys for Defendant
8  REGAL STONE, LTD.

9

10

11                **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14  Chelsea, LLC, Mark Russo, Allen          ) Case No. C-07-5800-SC
15  Loretz, and Ivan Simpson, individually   )
    and on behalf of all others similarly    ) **REGAL STONE LTD.'S OBJECTION**
16  situated,                                ) **TO THE "EVIDENCE" SUBMITTED IN**
                                             ) **SUPPORT OF PLAINTIFFS' MOTION**
17                          Plaintiffs,      ) **FOR ORDER TO SHOW CAUSE WHY**
                                             ) **A PROTECTIVE ORDER TO**
18             vs.                           ) **SUPERVISE OR OTHERWISE LIMIT**
                                             ) **COMMUNICATIONS WITH**
19  Regal Stone, Ltd., Hanjin Shipping,      ) **PUTATIVE CLASS MEMBERS**
    Co., Ltd., Conti Cairo KG, NSB           ) **SHOULD NOT ISSUE**
20  Neiderelbe, Synergy Maritime, Ltd. *In*  )
    *Personam;* M/V Cosco Busan, their       ) Courtroom: 1, 17th Floor
21  engines, tackle, equipment               ) Honorable Samuel J. Conti
    appurtenances, freights, and cargo *In*  )
22  *Rem,*                                   )
                                             )
23                          Defendants.      )
    _____ )

24

25        Regal Stone Ltd. ("Regal"), having made a limited appearance on behalf

26  of the COSCO BUSAN *in rem*, hereby respectfully submits the following Objections

27  to the "evidence" submitted in support of Plaintiffs' Motion for Order to Show Cause

28                              - 1 -                    KYL_SF459416v2

REGAL STONE LTD.'S OBJECTION TO THE "EVIDENCE" SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO
SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS
SHOULD NOT ISSUE - CASE NO. C-07-5800-SC

Why a Protective Order to Supervise or Otherwise Limit Communications With
Putative Class Members Should Not Issue.

## I.    INTRODUCTION

Regal Stone Ltd. ("Regal") objects to the Declarations of Frank M. Pitre, Steven F. Fitz, John Tarantino, and William M. Audet submitted in support of Plaintiffs' Ex Parte Motion for an Order to Show Cause on the basis that the Declarations are in whole or in part inadmissible under the Local Rules for the United States District Court for the Northern District of California ("Local Rules"), Federal Rule of Civil Procedure 56(e), and the Federal Rules of Evidence.

Local Rule 7-5 states:

> (b) Form. An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

ND CA Rule 7-5(b).

Federal Rule of Civil Procedure 56(e) states, in pertinent part:

> A supporting or opposing affidavit ***must be made on personal knowledge***, set out ***facts that would be admissible in evidence***, and show that the affiant is competent to testify on the matters stated.

FED. R. CIV. PROC. 56(e) (emphasis added).

As set forth more fully below, Regal objects to certain paragraphs in the Declarations insofar as they contain statements that are irrelevant, speculative, conclusory, lack foundation, and constitute inadmissible hearsay.

In addition, Regal objects to Plaintiffs' attempt to cite as evidence the allegations set forth in the complaint filed in this action, and the complaint filed in the state court action entitled <u>Tarantino, et al. v. Hanjin Shipping Co., Ltd.</u>, (San Francisco County  Superior Court Case No. CGC-07-469379) ("<u>Tarantino</u>").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     OBJECTIONS TO PITRE, FITZ AND TARANTINO DECLARATIONS

As a general matter, Regal objects to the submission of a Declaration by Mr. Pitre, who serves as counsel for plaintiffs in a separate and distinct <u>Tarantino</u> state court action.   Mr. Pitri's apparent effort to make an appearance in this action on behalf of the <u>Tarantino</u> plaintiffs by submitting a Declaration on his own firm's caption is clearly improper.  Indeed, Mr. Pitri has absolutely no connection to any party in this case.  Likewise, Regal objects to the extent that Mr. Fitz and Mr. Tarantino – plaintiffs in the <u>Tarantino</u> action – attempt to submit evidence in this case regarding allegations they asserted in their state court action.  The Fitz Declaration is objectionable for the additional reason that it contains inadmissible hearsay, as well as speculative, baseless and conclusory statements that have no apparent basis in Mr. Fitz's personal knowledge.

### A.     The Petri Declaration

Purporting to "verify" that the plaintiffs in the <u>Tarantino</u> action "have been subject to the same practices outlined by Plaintiffs in the present action," in paragraph 4 of his Declaration Mr. Pitre attempts to present as evidence his conclusion "that the corrective actions prayed for" in Plaintiffs' Motion are "warranted and appropriate."  As is readily apparent, Mr. Pitre's statement represents an improper legal opinion in contravention of FRCP 56(e) and Federal Rule of Evidence 701.[1]  To be sure, Mr. Pitre's opining on any matter relevant to this case is wholly inapposite, and it is entirely inappropriate to submit as evidence his opinion on the appropriateness of the relief sought by Plaintiffs' Motion.

In addition, Regal objects to the inclusion of the <u>Tarantino</u> Class

---

[1] "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Federal Rule of Evidence 701.

- 3 -                                        KYL_SF459416v2

Action Complaint as an exhibit to the Petri Declaration.  Allegations made in the <u>Tarantino</u> case are improperly offered as evidence because they are entirely irrelevant to this action and can have no conceivable bearing on Plaintiffs' Motion.  Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  In addition, "[e]vidence which is not relevant is not admissible."  FED. R. EVID. 402.  Submission of the <u>Tarantino</u> Complaint is an inappropriate attempt to establish as fact the unproven allegations set forth therein, and it is entirely irrelevant to Plaintiffs' Motion or this action generally.

**B.    The Fitz Declaration**

Regal objects to the Fitz Declaration on the basis that it fails to satisfy Local Rule 7-5 and Rule 56(e) because: (1) many of the statements set forth therein are inadmissible hearsay in contravention of Federal Rules of Evidence 801 and 802; (2) it fails to specify the basis of key statements; and (3) many statements set forth therein are speculative and conclusory.

**1.    Statements In The Fitz Declaration Constitute Inadmissible Hearsay**

In Paragraphs 5 through 7 of the Fitz Declaration Mr. Fitz purports to testify regarding (1) statements made by a Dungeness crab fisherman, Michael McHenry ("Mr. McHenry"), to Harry Bolton ("Mr. Bolton"), a Hudson Marine representative, and (2) statements made by Mr. Bolton to Mr. McHenry.  Mr. Fitz's testimony regarding statements made by Mr. McHenry to Mr. Bolton are inadmissible hearsay, and his testimony regarding statements made by Mr. Bolton to Mr. McHenry – presumably reported to Mr. Fitz by Mr. McHenry – constitute double hearsay.

KYL_SF459416v2

Hearsay evidence is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(C). Because the maker of the statements is not present to be confronted or cross-examined, the opponent cannot demonstrate the unreliability of the evidence. As a result, hearsay statements are inherently unreliable and are thus inadmissible except as provided by the Federal Rules of Evidence or other rules proscribed by the Supreme Court pursuant to statutory authority or by Act of Congress. FED. R. EVID. 802. The hearsay evidence presented by Mr. Fitz regarding the McHenry/Bolton conversation does not qualify for any of the exceptions to hearsay evidence set forth in FRE 803 and 804 and it is therefore categorically inadmissible.

### 2. Statements In The Fitz Declaration Lack Foundation And Are Speculative And Conclusory

In his Declaration Mr. Fitz fails to establish a foundation for the conclusions he draws. Specifically, there is no apparent foundation for the statements in paragraphs 9 and 10 that Mr. Fitz's purported inability to participate in the claims process "influenced many members of the Community to forsake participation in the class action." Likewise, Mr. Fitz provides no basis for the statement set forth in paragraph 13, that "Hudson Marine...encouraged the perception...that they were interested in quickly getting year 2007 'off the books,' and thus fishermen who participated in the Claims Process would quickly get paid." Although Mr. Fitz's statements are purportedly made based upon his personal knowledge, the Declaration sets forth opinion testimony regarding matters apparently unrelated to Mr. Fitz's personal experience with Hudson Marine or the claims process generally. Instead, the information set forth in the Declaration appears to be the product of anecdotal communications made to Mr. Fitz by members of the Bay Area fishing community.

KYL_SF459416v2

REGAL STONE LTD.'S OBJECTION TO THE "EVIDENCE" SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS SHOULD NOT ISSUE - CASE NO. C-07-5800-SC

1

2            Similarly, at paragraph 12 Mr. Fitz states "[i]t has became *[sic]* known

3   among the community that if you were part of the class action, Hudson Marine

4   would not speak with you." This statement also lacks any apparent factual basis

5   and is speculative, evidencing nothing more than Mr. Fitz's pure conjecture

    regarding the "the community's" knowledge.

6            Finally, at paragraph 4 Mr. Fitz improperly offers allegations from his

7   complaint in <u>Tarantino</u> as evidence in support of Plaintiffs' Motion, describing that

8   he has "suffered and continue[s] to suffer economic injuries caused by the Oil Spill."

9   As noted previously, Mr. Fitz cannot treat as fact conclusory allegations regarding

10  any purported economic injury he has suffered. Indeed, allegations set forth in the

11  <u>Tarantino</u> complaint are entirely irrelevant to Plaintiffs' Motion. <u>See</u>, FED. R. EVID.

12  401.

13           The Fitz Declaration includes a great deal of hearsay and supposition,

14  reflecting no foundation for the opinions stated, and Regal respectfully requests that

15  it be entirely excluded by this Court.

16     **C.    The Tarantino Declaration**

17           As with the Fitz and Petri Declarations, Regal objects to the inclusion

18  of allegations made by Mr. Tarantino in the <u>Tarantino</u> state court action. Mr.

19  Tarantino's allegation that he has suffered "economic injuries caused by the Oil

20  Spill," set forth in paragraph 4 of his Declaration, is entirely irrelevant to this action

21  and is improperly offered as evidence in support of Plaintiffs' Motion.

22

23  **III.    OBJECTIONS TO THE AUDET DECLARATION**

24           Regal objects to the Audet Declaration to the extent that it offers a

25  news article as evidence. Specifically, introduction of the news article is

26  objectionable as it is (1) pure hearsay and inadmissible for purposes of establishing

27  the truth of the "facts" asserted; and (2) irrelevant to Plaintiffs' Motion.

28                                    - 6 -                          KYL_SF459416v2

1

2       As set forth above, hearsay evidence is "a statement, other than one

3  made by the declarant while testifying at the trial or hearing, offered in evidence to

4  prove the truth of the matter asserted." FED. R. EVID. 801(c).  The courts have

5  consistently applied the hearsay rule to exclude the introduction of newspaper

6  articles.  In re Cypress Semiconductor Securities Litigation, 891 F.Supp. 1369, 1374

7  (N.D. Cal. 1995), citing Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir.1991)

8  [newspaper articles reporting statement did not satisfy "best evidence" requirement

9  of residual exception to hearsay rule; testimony of reporters themselves would have

10 been better than admission of newspaper quotations."]; see also, Green v. Baca, 226

11 F.R.D. 624, 637-638 (C.D. Cal. 2005).  Indeed, even when the statements quoted in a

12 news article constitute nonhearsay, or fall within a hearsay exception, their

13 repetition in the newspaper creates a hearsay problem.  Id., citing Larez, supra, 946

14 F.2d at 642 ("As the reporters never testified nor were subjected to cross-

15 examination, their transcriptions of Gates's statements involve a serious hearsay

16 problem"). Thus, statements in newspapers often constitute double hearsay.  Id.

17 **IV.    OBJECTION TO THE CITATION OF ALLEGATIONS AS EVIDENCE**

18      Regal objects to the citation of allegations made in the complaint filed in

19 the present action, as well as the Tarantino complaint, throughout Plaintiffs'

20 Motion.  Indeed, throughout the factual section of their Motion, Plaintiffs exclusively

21 cite to allegations in the complaints as the basis for purportedly "factual" assertions.

22 Plaintiffs' attempt to establish these allegations as fact must be rejected outright,

23 and Regal requests that all of Plaintiffs' citations to the complaints be stricken.

24 **V.    CONCLUSION**

25      For all of the reasons set forth above, Regal respectfully requests that

26 the Court sustain its objections and strike the evidence referred to herein.  Regal

27

28                                        - 7 -                      KYL_SF459416v2

1

reserves the right to make further objections regarding the evidence submitted by

2

Plaintiffs at the time of the hearing.

3

4

DATED:  January 23, 2008

JOHN D. GIFFIN

5

JULIE L. TAYLOR

JULIE A. KOLE

6

KEESAL, YOUNG & LOGAN

Attorneys for Defendant

7

REGAL STONE, LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -                                                    KYL_SF459416v2

REGAL STONE LTD.'S OBJECTION TO THE "EVIDENCE" SUBMITTED IN SUPPORT OF
PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY A PROTECTIVE ORDER TO
SUPERVISE OR OTHERWISE LIMIT COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS
SHOULD NOT ISSUE - CASE NO. C-07-5800-SC