1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
3  GEOFFREY D. OWEN
   Trial Attorney
4  Torts Branch, Civil Division
   U.S. Department of Justice
5  7-5395 Federal Bldg., Box 36028
   450 Golden Gate Avenue
6  San Francisco, California  94102-3463
   Telephone: (415) 436-6648
7  mike.underhill@usdoj.gov

8  RONALD J. TENPAS
   Acting Assistant Attorney General
9  Environment and Natural Resources Division
   United States Department of Justice
10 Washington D.C. 20530
   BRADLEY R. O'BRIEN
11 Environmental Enforcement Section
   United States Department of Justice
12 301 Howard Street, Suite 1050
   San Francisco, California 94105
13 Telephone: (415) 744-6484; Facsimile: (415) 744-6476
   brad.o'brien@usdoj.gov
14
   Attorneys for Plaintiff
15 United States of America

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18 CHELSEA, LLC, *et al.*,              )   Civil No. C-07-5800 SC
                                        )
19         Plaintiffs,                  )   (AND RELATED CASES:
                                        )   C-07-6045 SC; C-07-5926 SC)
20         v.                           )
                                        )   IN ADMIRALTY
21 REGAL STONE LIMITED, *et al, in personam*, )
   M/V COSCO BUSAN, *in rem*,           )   REPLY/RESPONSE OF UNITED
22                                      )   STATES, PLAINTIFF IN RELATED
                                        )   CASE NUMBER C-07-6045 SC, TO
23         Defendants.                  )   REPRESENTATIONS AND/OR
   _____)   STATEMENTS OF LAW BY
24                                          DEFENDANT REGAL STONE IN
                                            OPPOSITION TO MOTION FOR AN
25                                          ORDER TO SHOW CAUSE
                                            IN RELATED
26                                          CASE NUMBER C-07-5800 SC

27

28 RESPONSE TO REGAL STONE'S OPP. TO MOTION FOR ORDER TO SHOW CAUSE – C07-5800 SC        1

1    Plaintiffs in *Chelsea, LLC, et al., v. Regal Stone Limited*, *et al.*, No. C-07-5800 SC, have

2  moved for an Order to Show Cause.  Defendant Regal Stone has filed an opposition.  The United

3  States takes no position with respect to the merits of the motion, but instead files this limited

4  reply/response solely with respect to certain representations made by the defendant, the owner of the

5  COSCO BUSAN, concerning the United States' involvement in the claims process instituted by

6  Regal Stone.  We specifically are troubled by Regal Stone's implication that their settlement (or non-

7  settlement) of claims is controlled by the United States and its agencies.  That is not the case – as

8  Regal Stone well knows.

9    The defendant has implied to the Court (if not stated outright) that the United States controls

10 the defendants' claims settlement decisions as to the various fishermen.  See, *e.g.*, Regal Stone's

11 Memo in Opposition, page six.  What the shipowner defendant has not told the Court, however, is

12 that the claims process they cite for federal involvement and control, commencing at page six of the

13 defendant's memo, is a process whereby injured fishermen and others potentially can submit claims

14 *to the United States* (the U.S. Coast Guard, National Pollution Funds Center ("NPFC")) in the event

15 the defendants fail or refuse to pay injured persons.[1]  This is made expressly clear by 33 C.F.R. Part

16 136.1(a), which states (emphasis added):

17    § 136.1 Purpose and applicability.

18     (a) This part prescribes regulations for--

19
20    (1) Presentation, filing, processing, settlement, and adjudication of claims authorized
      *to be presented to the Oil Spill Liability Trust Fund (the Fund)* under section 1013
21    of the Oil Pollution Act of 1990 (the Act) (33 U.S.C. 2713) for certain
      uncompensated removal costs or uncompensated damages resulting from the
      discharge, or substantial threat of discharge, of oil from a vessel or facility into or
22    upon the navigable waters, adjoining shorelines, or the exclusive economic zone;

23           *         *         *         *         *

24 _____

25    [1]    To the extent injured parties' claims were to be submitted to and thence paid by the NPFC,
   the United States then would take *via* subrogation all the claims and rights of the injured parties as against
26 Regal Stone and other responsible parties.  33 U.S.C. § 2715(a) and (c).  The United States then would
   proceed against the responsible parties/defendants (*e.g.*, Regal Stone) to recover the monies paid to the
27 persons injured by the spill.

28

1    (c) Nothing in this part–

2          *          *          *          *          *          *

3    (4) Affects the authority of the United States or any State or political subdivision
     thereof to impose additional liability or additional requirements relating to a

4    discharge, or substantial threat of a discharge, of oil.[2]

5    The issue before the Court in plaintiffs' pending motion instead concerns claims submitted

6    *to the defendant shipowner and its representative* pursuant to a privately administered claims process

7    (administered by Hudson Marine) pursuant to their own private handling of those claims.  Let us be

8    clear: contrary to Regal Stone's papers, the United States does ***not*** control the defendants' claims

9    handling; nor their decisions as to whom the defendants should pay (or not); nor decisions as to how

10   much a person or plaintiff should be paid (or not) by the defendants; nor decisions as to how to

11   structure the claims handling process by defendants so as to include (or exclude) certain persons or

12   private plaintiffs, such as the plaintiffs in *Chelsea LLC*.

13   Lest Regal Stone argue otherwise, we offer a simple solution: let the COSCO BUSAN's

14   owner come forward with sworn declarations and documentation whereby the United States has

15   made the decision to pay (or deny or modify) a settlement request and/or claim submitted by any

16   fishermen to defendants and their representative/declarant, Hudson Marine.  Conversely, since Regal

17   Stone has asserted in their papers that Hudson Marine is independent of Regal Stone and the other

18   defendants (a point emphasized by Regal Stone in bold and italicized highlighting at page six), let

19   them make available all communications concerning any advice by and between Hudson Marine,

20   defendant Regal Stone, and the latter's counsel concerning the claims, claims process, and the

21   decisions to pay or deny claims.  If Hudson is indeed independent of defendants, as Regal Stone has

22   stated without qualification to the Court, there should be no claim of work product or privilege and

23   thus no need for the privilege log that otherwise would be required.  Alternatively, if Regal Stone

24

25   _____

26         [2]    Insofar as the private claims process they have initiated, the only formal claims requirements
     placed upon the defendants/responsible parties pertain to the requirements concerning their public

27   *advertisement* of whatever claims process they initiate for payment of claims to persons injured by the spill.

28

1  and its counsel are not privy to those communications, they may state that fact in a declaration.

2  Dated: February 1, 2008.                    JEFFREY S. BUCHOLTZ
                                               Acting Assistant Attorney General
3

4
                                               /s/ R. Michael Underhill
5                                              R. MICHAEL UNDERHILL
                                               Attorney In Charge, West Coast Office
6                                              GEOFFREY D. OWEN
                                               Trial Attorney
7                                              Torts Branch, Civil Division
                                               U.S. Department of Justice
8
                                               RONALD J. TENPAS
9                                              Acting Assistant Attorney General
                                               Environment and Natural Resources Division
10                                             BRADLEY R. O'BRIEN
                                               Environmental Enforcement Section
11
                                               Attorneys for Plaintiff United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  RESPONSE TO REGAL STONE'S OPP. TO MOTION FOR ORDER TO SHOW CAUSE – C07-5800 SC      4