William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and
the Class Members*

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>Defendants. | Case No. C–07-5800-SC<br><br><br><br><br><br>Ctrm: 1, 17th Floor<br>Hon. Samuel J. Conti |

**PLAINTIFFS' OPPOSITION TO REGAL STONE LTD'S OBJECTIONS TO THE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND PLAINTIFFS MOTION TO STRIKE JOHN G. YOUNG DECLARATION**

1

## I. INTRODUCTION

Plaintiffs hereby oppose Defendant Regal Stone Ltd.'s objections to the Declarations of William M. Audet, Frank M. Pitre, John Tarantino, and Steven F. Fitz. Although Regal Stone Ltd.'s (hereinafter "Regal Stone" or "Defendants") objections purport to be specific to "certain paragraphs," in reality Defendants attempt to delete important components of the record before this Court with one broad stroke. As discussed fully below, all of the information contained in the aforementioned Declarations, including the attached exhibits, comply with the L.R. 7-5 and Fed. R. Civ. Proc. 56(e) insofar as they are (1) made on personal knowledge, and (2) based on facts that would be admissible in evidence. *See* Fed. R. Civ. Proc. 56(e). In short, because the objections are baseless and without merit the Court should reject Defendants' objections.

Secondly, in support of its opposition memorandum, Defendants filed the Declaration of Mr. John G. Young, an attorney with the law firm of Young deNormandie, who is not involved in this litigation. Plaintiffs hereby move to strike the John G. Young Declaration. Not only is Mr. Young's Declaration irrelevant under Fed. R. Evid. 401, it is replete with conclusory legal opinions that are improper for the Court's consideration. Upon this motion, Plaintiff's respectfully request that the declaration at be stricken pursuant to FRCP 56(e) and Fed. R. Evid. 401.

## II. THE AUDET, PITRE, FITZ, AND TARANTINO DECLARATIONS AS WELL AS THE ATTACHED EXHIBITS ARE ADMISSIBLE EVIDENCE

Defendants' objections are unsupported by any proper legal or factual arguments. Although Regal Stone objects to the newspaper article submitted as an exhibit to the Audet Declaration, the contents of the newspaper article are corroborated by statements in Duncheon Declaration, which was submitted by Defendants. Secondly, the Pitre and Tarantino Declarations are necessary and proper evidence before this Court on the preferential treatment by Marine Hudson of the various groups of fishermen affected by the November 2007 oil spill. The Fitz Declaration is also proper as he makes factual statements that are based on his personal knowledge.

### 1. Audet Declaration

In relation to the Audet Declaration, Defendants solely object to Exhibit B, an on-line article that was published by CBS Broadcasting Inc. on December 11, 2007. Regal Stone Objection at 6-7. Although Defendants propose that the newspaper articles are summarily inadmissible hearsay and irrelevant, they neglect to present a full legal analysis.

Under Ninth Circuit law, newspaper articles (as well as quotations therein) are admissible evidence provided they fulfill the requirements of the residual hearsay exception, Fed. R. Evid. 807. *See Larez v. Los Angeles*, 946 F.2d 630 (9th Cir. 1991); *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005). The key component of Rule 807 is a finding of "circumstantial guarantees of trustworthiness." *Green,* 226 F.R.D. at 639. *See also, Larez*, 946 F.2d at 642 ("The touchstone of this exception is trustworthiness equivalent to that of the other specific hearsay exceptions");. In the present case, the content of the statements in newspaper article are trustworthy because Defendants submitted a Declaration by the same person quoted in the newspaper article, who corroborated the out of court statements in his Declaration. *See* Declaration Of Michael Duncheon In Opposition To Plaintiffs' Motion For Order To Show Cause. In his Declaration, Mr. Duncheon made corroborating statements that are virtually identical to the quoted statements in the newspaper article, mainly that:

> (1) The law firm of Hanson Bridgett Marcus Vlahos & Ruddy LLP ("Hanson Bridgett") was retained by approximately 76 local commercial crab fishermen (Duncheon Dec., ¶3),
>
> (2) The claims process initiated by Hudson Marine was the result of negotiations with a select group of attorneys, including Hanson Bridgett (Duncheon Dec., ¶9),
>
> (3) Hanson Bridgett "negotiated an arrangement with Hudson Marine as part of the claim process whereby the insurer supplied funds in the initial amount of $700,000, which [Hanson Bridgett] used to make immediate, partial prepayments to claimants [Hanson Bridgett] represented who supplied <u>certain minimum documentation</u> demonstrating they were harmed by the oil spill, and who agreed to follow through with claims process, subject to the

agreement that the process would not prejudice their right to litigate." (Duncheon Dec., ¶10)(emphasis added),

(4) Utilizing funds from the claims process, Hanson Bridgett distributed advances to their clients in $5,000 and $10,000 increments. (Duncheon Dec., ¶10), and

(5) Hudson Marine offered similar advances under the same conditions to crab fishermen represented by other select attorneys. (Duncheon Dec., ¶10).

Thus, in terms of trustworthiness of the out of court statements, Defendants have strangely objected to the article yet simultaneously submitted Mr. Duchene's Declaration attesting to the same. Indeed, the purpose of the article submission is to show to the Court that certain firms—which have yet to pursue legal action—are working collaboratively with Hanson Marine and already received and distributed funds to their clients who supplied "certain minimum documentation." *See* Duncheon Dec., ¶10 (50 out of 76 Hanson Bridgett clients have already received funds). As discussed in-depth in plaintiffs' reply memorandum, this preferential treatment is improper under the Oil Pollution Act of 1990 § 2713 ("OPA").

### 2.  Pitre and Tarantino Declarations

In relation to the Pitre and Tarantino Declarations, Defendants object to paragraph 4 of the Pitre Declaration on the basis that it constitutes improper "legal" opinion testimony, and they object on relevancy grounds to the inclusion of the *Tarantino* Complaint as an Exhibit to the Pitre and Tarantino Declarations. Regal Stone Objections at p. 3-4.

First, paragraph 4 of the Pitre Declaration states in its entirety:

> I submit this declaration to verify that class members in the *Tarantino* State action have been subject to the same practices outlined by class members in the instant *Chelsea* action, which are more specifically set forth in the Motion for Order to Show Cause, and that the corrective actions prayed for therein are warranted and appropriate.

Pitre Dec., ¶4.

Defendants do not (as they cannot) point to any portion of this testimony that is improper "legal" opinion testimony. Rather, Mr. Pitre provides a <u>statement of fact</u> regarding the *Tarantino* class members, who similarly to the *Chelsea* class members, have not been receiving the same preferential treatment as the Hanson Bridgett clients. These factual statements are indeed based on Mr. Pitre's personal knowledge and are helpful in the "determination of fact in issue." *See*, Fed. R. Evid. 701. The fact in issue here is the preferential treatment of certain fishermen who have not elected to pursue legal action over others who have.

Secondly, the *Tarantino* Complaint is indeed relevant pursuant to Fed. R. Evid. 401. Plaintiffs necessarily must demonstrate that the *Tarantino* class members and *Chelsea* class members share a common denominator. That is, they are class members who have been affected by the Bay Area oil spill of November 2007, filed a legal claim in court of law, and yet, have been similarly disqualified from receiving claim funds a by Marine Hudson. To establish that the claims in *Tarantino* are substantially similar to the claims *Chelsea* complaint, involving virtually the same defendants, the Tarantino Complaint is necessary for the record before this Court.

### 3. Fitz Declaration

In relation to the Fitz Declaration, Defendants object to paragraphs 5 and 7, claiming that they are hearsay evidence. Paragraph 5 and 7 state as follows:

> 5. On or about December 13, 2007, a fellow Dungeness crab fisherman named Michael McHenry met with a representative Hudson Marine name Harry Bolton.
>
> 7. Mr. Bolton as Hudson Marine's representative, informed Mr. McHenry that because I am a plaintiff in an action against Regal Stone, Ltd. and others responsible for the Oil Spill I could not file a claim with Hudson Marine for compensation for the economic injuries I have suffered and continue to suffer as a result of the Oil Spill. At the

>same meeting, Mr. Bolton allowed Mr. McHenry to file a claim and give him an advance payment.

Fritz Dec., ¶¶ 5 and 7.

Although it appears that Defendants do not qualm with Paragraph 5, they object to the contents of paragraph 7. Paragraph 7 is <u>not</u> hearsay under Fed. R. Evid. 801(d)(2), admission by party-opponent. Rule 801(d)(2) specifically states that a statement is not hearsay if "The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity [.]" Indeed, although Defendants Regal Stone and Marine Hudson have maintained a level of secrecy regarding their relationship, it is nonetheless undisputed that Mr. Bolton is an employee of Marine Hudson, which "represents the underwriter for the shipowner." *See* Young Dec., ¶7. Furthermore, Mr. Bolton was working within the scope of his employment when he made those statements. These statements are "admission" insofar they reveal that Hudson Marine is not fulfilling its duty properly as mandated by OPA.

Defendants also object to paragraphs 4, 9, 10 and 12 on the bases of lack of foundation, speculative and conclusory. Rather, upon a closer inspection, it is clear that Mr. Fritz has been a commercial fisherman for Dungeness crab in the San Francisco Bay Area for the last 27 years. Fitz Dec., ¶2. He has suffered economic injuries caused by the Oil Spill of November 2007. Id. ¶ 4. Furthermore, he has personal knowledge as to the fact that he and his co-lead plaintiff in the Tarantino action were excluded because they were plaintiffs in an action against Regal Stone. Id., ¶¶ 1 and 9. Indeed, Defendants do not dispute that the Bay Areas commercial fishing community is a close knit community and information travels quickly amongst its members." (Duncheon Dec., ¶12, quoting in agreement Fitz Dec., ¶8). Thus, again, it is strangely ironic that Defendants object to Declaration statements submitted by Plaintiffs, yet provide Declarations corroborating the same.

For the foregoing reasons, Plaintiffs request that the Court deny all of the Defendants objections, as they are without merit and an unfair attempt to reap the benefits of existing facts, yet denying the same to Plaintiffs.

### III. JOHN G. YOUNG DECLARATION SHOULD BE STRICKEN FROM THE RECORD IN ITS ENTIRETY OR IN PART

Mr. Young, who practices in Seattle, Washington and has <u>no</u> involvement in the present litigation, attempts to opine on a legal matters that are improper and irrelevant. Although he readily admits that he does not represent any Bay Area crab fishermen in this action, he makes statements that suggest that he is an "expert." More importantly, he represents to the Court the "waiver" does not and will not impact OPA claimants who are potentially members of Plaintiffs' Class. Plaintiffs respectfully move to strike the Declaration of John G. Young pursuant to FRCP 56(e) and Fed. R. Evid. 401. The declaration contains improper conclusory and legal opinions that counsel is not competent to make and has no personal knowledge thereof.

To be admissible, declarations must be drafted and signed by a competent witness with personal knowledge of the statements contained therein.

FRCP 56(e) specifically states that:

> supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e).

FRCP 56(e) can be used to strike portions of supporting documents that fail to comport with Rule 56(e). *See, e.g., Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986) (a party must move to strike an affidavit that violates Rule 56(e); otherwise, the party will waive its objection). Indeed, a court should strike portions of a declaration that are not based upon the declarant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements. *See, e.g., United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995).

First, in paragraphs 5 and 8, Mr. Young states that it is his goal to obtain compensation for his clients without "releasing any claims that they may have" and "if there are additional or future damage claims which require litigation for resolution, they can be filed at an appropriate time." These statements represent an improper legal opinion in contravention of FRCP 56(e) and

Fed. R. Evid. 701. Mr. Young does not represent Defendants in this action and has not submitted any evidence in support of his statements. Indeed, it is unclear whether his "clients" would have any legal claim at all as they are not members of the San Francisco, Bodega Bay, or Half Moon Bay associations, nor has Mr. Young provided any information regarding their damages. *See* Young Dec., ¶4.

Second, Mr. Young suggests that he is an "expert" on processing OPA claims because of his experience in the Exxon Valdez litigation and therefore this Court should accept as true his statements that Marine Hudson is "forthright" and "has shown a willingness to negotiate the terms of the claims program." *See* Young Dec., ¶¶ 6 and 7. These statements are not only irrelevant to the issues before the Court, but they are also misleading and conclusory opinions. Mr. Young has not been a participant any "negotiations" between Plaintiffs and Hudson and therefore cannot opine to any such facts.

The issues before the Court involve the unfair and preferential treatment by Marine Hudson of the various claims as well as the lack of a proper notice to potential members of Plaintiff's Class. Mr. Young's so-called expertise is irrelevant as to both topics and does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. The Young Declaration is an inappropriate attempt to establish erroneous assumptions regarding Marine Hudson and the claims process, and it is entirely irrelevant to Plaintiffs' Motion or this action generally.

In the event the Court does not grant Plaintiff's motion to strike, Plaintiffs request that Plaintiffs be given: (1) all prior drafts of the Young Declaration, (2) all documents that were cited, relied upon or reviewed in support of the Declaration, (3) all correspondence or communications between Mr. Young and Defendants regarding any of the issues addressed in the declaration, and (4) the opportunity to take the Mr. Young' deposition.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny all of Defendants' objections and strike the Young Declaration.

8

**PLAINTIFFS' OPPOSITION TO REGAL STONE LTD'S OBJECTION AND MOTION TO STRIKE JOHN G. YOUNG DECLARATION**

| | |
|---|---|
| Dated: February 4, 2008 | AUDET & PARTNERS, LLP |
| | /s/ William M. Audet |
| | William M. Audet |
| | Michael McShane |
| | Adel A. Nadji |
| | 221 Main Street, Suite 1460 |
| | San Francisco CA 94105 |
| | Telephone: 415.568.2555 |
| | Facsimile: 415.568.2556 |
| | E-mail: waudet@audetlaw.com |
| | *On Behalf of Plaintiffs and the Class* |

Affiliated Counsel

Law Offices of Anthony M. Urie
18025 17th Ave. N.W.
Shoreline, WA 98177

9

**PLAINTIFFS' OPPOSITION TO REGAL STONE LTD'S OBJECTION AND MOTION TO STRIKE JOHN G. YOUNG DECLARATION**