1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  JULIE A. KOLE, CASB NO. 203681
   Julie.kole@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
6  Telephone:  (415) 398-6000
   Facsimile:   (415) 981-0136
7
   Attorneys for Defendant
8  REGAL STONE, LTD.

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  Chelsea, LLC, Mark Russo, Allen          ) Case No. C-07-5800-SC
14  Loretz, and Ivan Simpson, individually   )
    and on behalf of all others similarly    ) **REGAL STONE LTD.'S RESPONSE TO
15  situated,                                ) THE UNITED STATES'
                                             ) REPLY/RESPONSE TO REGAL
                                             ) STONE LTD.'S OPPOSITION TO EX
16                         Plaintiffs,       ) PARTE MOTION FOR AN ORDER TO
                                             ) SHOW CAUSE**
17         vs.                               )
                                             )
18  Regal Stone, Ltd., Hanjin Shipping,      ) Courtroom: 1, 17th Floor
    Co., Ltd., Conti Cairo KG, NSB           ) Honorable Samuel J. Conti
19  Neiderelbe, Synergy Maritime, Ltd. *In*  )
    *Personam;* M/V Cosco Busan, their       )
20  engines, tackle, equipment               )
    appurtenances, freights, and cargo *In*  )
21  *Rem,*                                   )
                                             )
22                         Defendants.       )
                                             )
23  _____

24         Regal Stone Ltd., ("Regal Stone"), which has made a limited appearance on behalf

25  of the COSCO BUSAN *in rem,* hereby respectfully submits its Response to the United

26  States' Reply/Response to Regal Stone's Opposition.

27

28

- 1 -                                      KYL_SF459782

REGAL STONE LTD.'S REPLY TO UNITED STATES' REPLY/RESPONSE TO REGAL STONE'S
OPPOSITION TO *EX PARTE* MOTION FOR ORDER TO SHOW CAUSE - Case No. C-07-5800-SC

## I. INTRODUCTION

Contrary to the assertions by the United States in its Reply/Response, Regal Stone has not represented to this Court that the United States controls the day-to-day settlement decisions with regard to the claims process administered by Hudson Marine Management Service ("HMMS"). As stated in Regal Stone's Opposition, pursuant to the Oil Pollution Act of 1990 ("OPA '90") 33 U.S.C. § 2710 *et seq.*, claimants are required to first submit their claim to HMMS, which is the claims administrator retained by Regal Stone as the Responsible Party in this matter. If a claimant receives an offer from HMMS and rejects it, he or she is then free to submit his or her claim to the National Pollution Fund (the "Fund") for resolution, or proceed in a lawsuit. (See, previously filed Declaration of Cynthia Hudson in Support of Opposition to Ex Parte Motion ("Hudson Decl."), ¶¶ 3, 12.)

The federal government oversees and directs certain aspects of the HMMS claims process, as well as the subsequent claims process to the Fund. See 33 U.S.C. § 2710 *et seq.* and 33 C.F.R. § 136.1 *et seq.* Regal Stone's description of the federal government's involvement in this process was included in its Opposition for the sole purpose of establishing that there is federal oversight of the claims process.[1] Indeed, as set forth in more detail below, the federal government has not disputed numerous aspects of its involvement in this process, including but not limited to, its receipt of daily/weekly reports on the claims process, its retention of the authority to unilaterally take over the claims process if it determines that HMMS is not adequately conducting the process and its recent review of a report regarding the details of the claims process that the Senior Vice President of HMMS personally provided to the National Pollution Fund Committee in Washington D.C. (See, Hudson Decl., ¶ 13.)

---

[1] To the extent that Regal Stone's Opposition was unclear as to whether certain aspects of the government's involvement in the overall claims process applied to claims to HMMS or to the Fund, this response is intended to clarify any such ambiguities.

- 2 -    KYL_SF459782

REGAL STONE LTD.'S REPLY TO UNITED STATES' REPLY/RESPONSE TO REGAL STONE'S
OPPOSITION TO *EX PARTE* MOTION FOR ORDER TO SHOW CAUSE - Case No. C-07-5800-SC

Moreover, the United States has in no way criticized or in any way disagreed with HMMS's handling of the claims process to date. Indeed, the United States' brief provides no support whatsoever for Plaintiffs' request that this Court interfere with the federally mandated claims process. Accordingly, for the reasons set forth herein and in Regal Stone's Opposition, Plaintiffs' request for an order to show case should be denied.

## II. IT IS UNDISPUTED THAT THE UNITED STATES GOVERNMENT OVERSEES THE HMMS CLAIMS PROCESS

In is undisputed that the United States Coast Guard ("USCG") oversees and direct certain aspects of the HMMS claims process, including, but not limited to, the following:

- Reviewing daily/weekly reports submitted by HMMS, the company hired by Regal Stone's third-party insurer that is responsible for processing all claims submitted to it for damages resulting from the oil spill (Hudson Decl. ¶ 13);

- Obtaining extensive information regarding the claims process and efficacy through the Federal On Scene Commander ("FOSC") Captain Paul Gugg (and various of Unified/Incident Command representatives) (Id.);

- Retaining authority to at any time unilaterally take over the claims process if it determines that HMMS is not adequately conducting the process (Id.);

- Reviewing a detailed report regarding the claims process, which was personally presented by Senior Vice President Cynthia Hudson to the National Pollution Fund Committee in Washington D.C. (Id.);

- Directing HMMS on the type, geographic scope, frequency, and duration of advertisement required to provide information to the public about the claims process and submitting a claim to HMMS for any damages. (33 C.F.R. § 136.309(a) & (c); see also November 9, 2007 Notice of Designation issued by the United States Coast Guard to Regal Stone, attached as Exhibit "A" to the concurrently filed Declaration of

John D. Giffin ("Giffin Decl.").

Moreover, the USCG has established an Incident Command System (ICS) for oil spill responses, which further establishes the oversight responsibilities of the FOSC. (See, USCG Field Operations Guide for the ICS, attached to Giffin Decl. as Exhibit "B.") As set forth in the ICS Field Operations Guide, the ICS Compensation/Claims process is under FOSC oversight. (See, Giffin, Decl., Exhibit "B," p. 2-4.) The Compensation/Claims Unit Leader "is responsible for the overall management and direction of all administrative matters pertaining to compensation-for-injury and claims-related activity for the [oil spill] incident." (See, Giffin Decl., Exhibit "B," p. 11-8.) The Compensation/Claims unit can be staffed with either government or civilian representatives. In this instance, the government has approved HMMS to handle this process. However, as set forth above, the government has continued to oversee various aspects of the process.

## III. THE UNITED STATES GOVERNMENT HAS NOT OBJECTED TO OR CRITICIZED THE HMMS CLAIMS PROCESS

The United States government has been provided with extensive information regarding the ongoing HMMS claims process and has the right to unilaterally take over the claims process if it determines that HMMS is not adequately conducting the process. However, nowhere in the United States' Reply/Response does it criticize the claims process. Moreover, to date, the government has not advised HMMS that the claims process is viewed by the USCG or the NPFC as anything less than exemplary. (Hudson Decl., ¶13.) The government also has not exercised its authority to take over the claims process. Accordingly, Plaintiffs' position that this Court should interfere with this federally mandated claims process finds no support in the government's Reply/Response.

**IV. CONCLUSION**

Plaintiffs' request to enjoin a process by which potential class members can avoid costly and drawn out litigation finds no support in the United States' Reply/Response. The United States has in no way criticized the claims process, nor has it requested that the court interfere with the claims process. Accordingly, Plaintiffs' request for an order to show cause should be denied.

DATED: February 5, 2008

JOHN D. GIFFIN
JULIE L. TAYLOR
JULIE A. KOLE
KEESAL, YOUNG & LOGAN
ATTORNEYS FOR DEFENDANT
REGAL STONE, LTD

- 5 -    KYL_SF459782

REGAL STONE LTD.'S REPLY TO UNITED STATES' REPLY/RESPONSE TO REGAL STONE'S OPPOSITION TO *EX PARTE* MOTION FOR ORDER TO SHOW CAUSE - Case No. C-07-5800-SC