

JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JULIE L. TAYLOR, CASB NO. 154341
julie.taylor@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for:
REGAL STONE, LTD., *in personam,* M/V COSCO BUSAN, *in rem*

**UNITED STATED DISTRICT COURT**

**NORTHERN DISTRICT CALIFORNIA**

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD., *IN PERSONAM*, M/V COSCO BUSAN, their engines, tackle, equipment, appurtenances, freights, and cargo *IN REM*,<br><br>Defendant. | Case No. C 07 05800 (SC)<br><br>**CLAIMANT TO VESSEL REGAL STONE, LTD. MAKING A RESTRICTED APPEARANCE TO ANSWER ON BEHALF OF DEFENDANT M/V COSCO BUSAN, *IN REM*** |

Regal Stone, Ltd., Claimant to Vessel making a restricted appearance, solely for the purpose of answering on behalf of Defendant M/V COSCO BUSAN *in rem*

(hereinafter "Defendant") to Plaintiffs' CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") Verified First Amended Class Action Complaint and admits, denies, and alleges as follows. Defendant reserves the right to file appropriate amendments to this Answer, if necessary, if and when additional information is obtained.

1. Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

2. Defendant denies the allegations contained in Paragraphs 2, 3, 10, 11, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, and 58 of Plaintiffs' Complaint.

3. Defendant has insufficient information to respond to those allegations contained in Paragraphs 1, 4, 5, 7, 8, and 9 of Plaintiffs' Complaint and therefore based upon its lack of information and belief, Defendant denies the allegations contained therein in their entirety.

4. To the extent that the Plaintiffs incorporate by reference allegations contained in Paragraphs 35, 38, 46, 51, Defendant incorporates herein its responses thereto.

5. Answering paragraph 6, Defendant denies that a class exists or class treatment is appropriate. Defendant has insufficient information to respond to all other allegations in Paragraph 6 and therefore based upon its lack of information and belief, Defendant denies the allegations contained therein in their entirety.

6. Answering paragraph 12, Defendant admits Regal Stone is incorporated in Hong Kong and is the owner of the M/V Cosco Busan. Defendant denies all other allegations contained therein.

7. Answering paragraph 13, Defendant admits Hanjin Shipping Co., Ltd. on November 7, 2007 was the Time Charterer of the M/V Cosco Busan.

Defendant denies all other allegations contained therein.

8. Answering paragraph 14, Defendant admits Synergy Maritime, Ltd. is the Commercial Manager of the M/V Cosco Busan. Defendant denies all other allegations contained therein.

9. Answering paragraph 15, Defendant admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and Article III § 2 of the United States Constitution. Defendant denies Plaintiffs' claim that this Court has jurisdiction over this action because this is a class action lawsuit in which over $5,000,000 is at issue and there are more than one hundred putative class members and that this Court has jurisdiction under the Extension of Admiralty Act. Defendant has insufficient information to respond to all other allegations in the paragraph and therefore based upon their lack of information and belief, Defendant denies the allegations contained therein in their entirety.

10. Answering paragraph 16, Defendant admits venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant denies all other allegations contained therein.

11. Answering paragraph 25, Defendant denies that a class exists or that class treatment is appropriate. Defendant has insufficient information to respond to all other allegations in the paragraph and therefore based upon their lack of information and belief, Defendant denies the allegations contained therein in their entirety.

12. Answering paragraph 39, Defendant admits Regal Stone was the Owner and Hanjin Shipping Co., Ltd. was the Time Charterer of the M/V Cosco Busan. Defendant denies all other allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

1. AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE

DEFENSE, Defendant alleges that Plaintiffs' claims, in whole or in part, are not ripe.

2. AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that at this time, no case or controversy exists.

3. AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims are limited in amount by 33 USC § 2704(a) and 42 USC § 9607(c).

4. AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have failed to make claims as required by 33 USC § 2713(a) and therefore the Court lacks subject matter jurisdiction.

5. AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that, by exercise of reasonable efforts, Plaintiffs could have mitigated the amount of damages allegedly suffered, but Plaintiffs failed and/or refused and continues to fail and/or refuse, to exercise efforts to mitigate their damages.

6. AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Defendant is entitled to limitation of the value of the vessel and pending freight under 46 USC § 30505.

7. AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

8. AS AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the alleged damages for which Plaintiffs seek to hold Defendant liable resulted in whole or in part from the negligent, deliberate, intentional, reckless, and/or unlawful acts or omissions of third parties, and Defendant is in no way responsible for or liable to Plaintiffs for any such acts or omissions on the part of third parties.

9. AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE

DEFENSE, Defendant alleges that Plaintiffs lack standing to compel Defendants to establish a Fund & Emergency Clean-Up Program as alleged in the first cause of action.

10. AS A TENTH SEPARATE AND DISTRINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint lacks sufficient specificity to state a claim for punitive damages.

11. AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that certain putative class members may have waived and/or released some or all of the claims asserted in the Complaint.

12. AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law and/or Plaintiff cannot make the requisite showing to obtain injunctive relief.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That Plaintiff's Complaint be dismissed with all costs to be taxed against Plaintiff, including reasonable attorney's fees as may be allowed by case or statutory authority and/or agreement of the parties; and

3. For such other and further relief as the Court deems just and proper.

DATED: February 8, 2008

JOHN D. GIFFIN
JULIE L. TAYLOR
Attorneys for M/V COSCO BUSAN, *in rem*