Erich P. Wise/State Bar No. 63219
Aleksandrs E. Drumalds/State Bar No. 237101
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
Telephone: (562) 435-2626
Facsimile: (562) 437-7555

James B. Nebel/State Bar No. 69626
Conte C. Cicala/State Bar No. 173554
FLYNN, DELICH & WISE LLP
One California Street, Suite 350
San Francisco, California
Telephone: (415) 693-5566
Facsimile: (415) 693-0410

Attorneys for Defendant
HANJIN SHIPPING CO., LTD.

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD., IN PERSONAM, M/V COSCO BUSAN, their engines, tackle, equipment, appurtenances, freights, and cargo IN REM<br><br>    Defendants.<br>_____ | CASE NO.:  CV 07-5800 SC<br><br>DEFENDANT HANJIN SHIPPING CO., LTD.'S ANSWER TO PLAINTIFFS' VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>(Jury Trial Demanded) |

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

Defendant HANJIN SHIPPING CO., LTD. (hereinafter "Hanjin") responds to the Verified First Amended Class Action Complaint filed by plaintiffs CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") as follows:

1.   Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 1 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 1 of Plaintiffs' Complaint.

2.   Defendant Hanjin denies the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.   Defendant Hanjin denies the allegations of Paragraph 3 of Plaintiffs' Complaint.

4.   Defendant Hanjin denies the allegations of Paragraph 4 of Plaintiffs' Complaint.

5.   Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 5 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 5 of Plaintiffs' Complaint.

///

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

6. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 6 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 6 of Plaintiffs' Complaint.

7. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 7 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 7 of Plaintiffs' Complaint.

8. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 8 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 8 of Plaintiffs' Complaint.

9. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 9 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 9 of Plaintiffs' Complaint.

10. Defendant Hanjin denies the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Defendant Hanjin denies the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. In answering Paragraph 12 of Plaintiffs' Complaint, defendant Hanjin admits that defendant REGAL STONE, LTD. (hereinafter "Regal Stone") is the owner of defendant M/V COSCO BUSAN. Except as expressly admitted, Defendant Hanjin denies each and every allegation of Paragraph 12 of Plaintiffs' Complaint.

13. In answering Paragraph 13 of Plaintiffs' Complaint, defendant Hanjin admits that it was the time charterer of defendant M/V COSCO BUSAN on November 7, 2007. Except as expressly admitted, Defendant Hanjin denies each and every allegation of Paragraph 13 of Plaintiffs' Complaint.

14. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 14 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 14 of Plaintiffs' Complaint.

15. In answering Paragraph 15 of Plaintiffs' Complaint, defendant Hanjin admits that this is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and Article III, § 2 of the United State Constitution. Except as expressly admitted, Defendant Hanjin denies each and every allegation of Paragraph 15 of Plaintiffs' Complaint.

16. In answering Paragraph 16 of Plaintiffs' Complaint, defendant Hanjin admits that venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims asserted by Plaintiffs occurred in this District. Except as expressly admitted, Defendant Hanjin denies each and every allegation of Paragraph 16 of Plaintiffs' Complaint.

17. Defendant Hanjin admits the allegations of Paragraph 17 of Plaintiffs' Complaint.

18. Defendant Hanjin denies the allegations of Paragraph 18 of Plaintiffs' Complaint.

19. Defendant Hanjin denies the allegations of Paragraph 19 of Plaintiffs' Complaint.

20. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 20 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 20 of Plaintiffs' Complaint.

21. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 21 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 21 of Plaintiffs' Complaint.

22. Defendant Hanjin denies the allegations of Paragraph 22 of Plaintiffs' Complaint.

23. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 23 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 23 of Plaintiffs' Complaint.

24. Defendant Hanjin has insufficient information to respond to the allegations of Paragraph 24 of Plaintiffs' Complaint, and based upon its lack of information and belief, defendant Hanjin denies each and every allegation of Paragraph 24 of Plaintiffs' Complaint.

25. Defendant Hanjin denies the allegations of Paragraph 25 of Plaintiffs' Complaint.

26. Defendant Hanjin denies the allegations of Paragraph 26 of Plaintiffs' Complaint.

27. Defendant Hanjin denies the allegations of Paragraph 27 of Plaintiffs' Complaint.

28. Defendant Hanjin denies the allegations of Paragraph 28 of Plaintiffs' Complaint.

29. Defendant Hanjin denies the allegations of Paragraph 29 of Plaintiffs' Complaint.

30. Defendant Hanjin denies the allegations of Paragraph 30 of Plaintiffs' Complaint.

31. Defendant Hanjin denies the allegations of Paragraph 31 of Plaintiffs' Complaint.

32. Defendant Hanjin denies the allegations of Paragraph 32 of Plaintiffs' Complaint.

33. Defendant Hanjin denies the allegations of Paragraph 33 of Plaintiffs' Complaint.

34. Defendant Hanjin denies the allegations of Paragraph 34 of Plaintiffs' Complaint.

35. To the extent that Plaintiffs incorporate by reference allegations contained in Paragraph 35 Defendant Hanjin incorporates herein its responses thereto.

36. Defendant Hanjin denies the allegations of Paragraph 36 of Plaintiffs' Complaint.

37. Defendant Hanjin denies the allegations of Paragraph 37 of Plaintiffs' Complaint.

///

///

38. To the extent that Plaintiffs incorporate by reference allegations contained in Paragraph 38 Defendant Hanjin incorporates herein its responses thereto.

39. In answering Paragraph 39 of Plaintiffs' Complaint, defendant Hanjin admits that defendant Regal Stone is the owner of defendant M/V COSCO BUSAN. Defendant Hanjin further admits that it was the time charterer of defendant M/V COSCO BUSAN on November 7, 2007. Except as expressly admitted, Defendant Hanjin denies each and every allegation of Paragraph 39 of Plaintiffs' Complaint.

40. Defendant Hanjin denies the allegations of Paragraph 40 of Plaintiffs' Complaint.

41. Defendant Hanjin denies the allegations of Paragraph 41 of Plaintiffs' Complaint.

42. Defendant Hanjin denies the allegations of Paragraph 42 of Plaintiffs' Complaint.

43. Defendant Hanjin denies the allegations of Paragraph 43 of Plaintiffs' Complaint.

44. Defendant Hanjin denies the allegations of Paragraph 44 of Plaintiffs' Complaint.

DEFENDANT HANJIN SHIPPING CO., LTD.'S ANSWER TO PLAINTIFFS' VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

45.     Defendant Hanjin denies the allegations of Paragraph 45 of Plaintiffs' Complaint.

46.     To the extent that Plaintiffs incorporate by reference allegations contained in Paragraph 46 Defendant Hanjin incorporates herein its responses thereto.

47.     Defendant Hanjin denies the allegations of Paragraph 47 of Plaintiffs' Complaint.

48.     Defendant Hanjin denies the allegations of Paragraph 48 of Plaintiffs' Complaint.

49.     Defendant Hanjin denies the allegations of Paragraph 49 of Plaintiffs' Complaint.

50.     Defendant Hanjin denies the allegations of Paragraph 50 of Plaintiffs' Complaint.

51.     To the extent that Plaintiffs incorporate by reference allegations contained in Paragraph 51 Defendant Hanjin incorporates herein its responses thereto.

52.     Defendant Hanjin denies the allegations of Paragraph 52 of Plaintiffs' Complaint.

///

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
One World Trade Center, Suite 1800
Long Beach, California 90831-1800
(562) 435-2626

53. Defendant Hanjin denies the allegations of Paragraph 53 of Plaintiffs' Complaint.

54. Defendant Hanjin denies the allegations of Paragraph 54 of Plaintiffs' Complaint.

55. Defendant Hanjin denies the allegations of Paragraph 55 of Plaintiffs' Complaint.

56. Defendant Hanjin denies the allegations of Paragraph 56 of Plaintiffs' Complaint.

57. Defendant Hanjin denies the allegations of Paragraph 57 of Plaintiffs' Complaint.

58. Defendant Hanjin denies the allegations of Paragraph 58 of Plaintiffs' Complaint.

60. Defendant Hanjin reserves the right to file appropriate amendments to this Answer, if necessary, if and when additional information is obtained.

## **FIRST AFFIRMATIVE DEFENSE**

61. The Plaintiffs' Complaint fails to state any claims upon which relief may be granted against this answering defendant.

///

## SECOND AFFIRMATVE DEFENSE

62. Defendant Hanjin alleges that Plaintiffs lack the requisite standing to assert any claims against this answering defendant.

## THIRD AFFIRMATIVE DEFENSE

63. Defendant Hanjin alleges that Plaintiffs' claims, in whole or in part, are not ripe for adjudication.

## FOURTH AFFIRMATIVE DEFENSE

64. Defendant Hanjin alleges that no case or controversy exists.

## FIFTH AFFIRMATIVE DEFENSE

65. Defendant Hanjin alleges that Plaintiffs' alleged damages, if any, which are denied, were caused or contributed to solely, or in part, by acts or omissions of third parties for whose acts or omissions defendant Hanjin is not liable.

## SIXTH AFFIRMATIVE DEFENSE

66. Defendant Hanjin alleges that Plaintiffs have failed to mitigate the amount damages allegedly sustained by Plaintiffs' as alleged in Plaintiffs' Complaint.

///

///

DEFENDANT HANJIN SHIPPING CO., LTD.'S ANSWER TO PLAINTIFFS' VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**SEVENTH AFFIRMATIVE DEFENSE**

67. Defendant Hanjin alleges Plaintiffs' complaint fails to allege sufficient facts to support any claim for the award of punitive damages against this answering defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

68. Defendant Hanjin alleges that Plaintiffs claims for declaratory and injunctive relief are barred because Plaintiff possesses an adequate remedy at law and cannot meet the criteria for imposition of injunctive remedies.

**NINTH AFFIRMATIVE DEFENSE**

69. If defendant Hanjin is found to have been the owner and/or operator of the M/V COSCO BUSAN on November 7, 2007, which defendant Hanjin denies, the amount of defendant Hanjin's liability is limited by 33 U.S.C. § 2704(a) and 42 U.S.C. § 9607(c).

**TENTH AFFIRMATIVE DEFENSE**

70. Defendant Hanjin alleges that this Court lacks subject matter jurisdiction concerning Plaintiffs' claims against this answering defendant.

///

///

///

DEFENDANT HANJIN SHIPPING CO., LTD.'S ANSWER TO PLAINTIFFS' VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

WHEREFORE, Defendant HANJIN SHIPPING CO., LTD. prays:

1. That Plaintiffs take nothing by their Verified First Amended Class Action Complaint on file herein, and that said complaint be dismissed;

2. That defendant Hanjin be awarded its costs of suit and attorneys' fees incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 3, 2008                                FLYNN, DELICH & WISE LLP

                                                    By:   /s/ Erich P. Wise
                                                          Erich P. Wise
                                                          Attorneys for Defendant
                                                          HANJIN SHIPPING CO., LTD

DEFENDANT HANJIN SHIPPING CO., LTD.'S ANSWER TO PLAINTIFFS' VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF