William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and
the Class Members*

# UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>    Defendants. | Case No. C–07-5800-SC<br>(and related Case Nos. C-07-6045 and C-07-5926-SC)<br><br><br>**DECLARATION OF ADEL A. NADJI RE: SUPPLEMENTAL CASE MANAGEMENT STATEMENT EXHIBITS**<br><br>Date:  April 25, 2008<br>Time:  10:00A.M.<br>Court:  Courtroom No. 1<br>Before:  The Honorable Samuel Conti |

1.    I, Adel A. Nadji, hereby declare as follows:

2.    I am an Associate at the law firm of Audet & Partners, LLP, in San Francisco, California, am a member in good standing of the bar of the State of California, and am admitted to practice before this Court.

3.    Attached to my declaration are true and correct copies the of following documents, organized by exhibit number and alphabetically for the Court's convenience:

---

**PLAINTIFFS' SUPPLEMENTAL EXHIBITS**

1 | Plaintiffs' Exhibits:

2 |     4.     Exhibit 1 - Attached hereto is a true and correct copy of the Amended Civil

3 | Minutes and Order, dated February 22, 2008.

4 |     5.     Exhibit 2 - Attached hereto is a true and correct copy of the Hearing Transcript,

5 | dated February 22, 2008.

6 |     6.     Exhibit 3 - Attached hereto is a true and correct copy of letter from William

7 | Audet, Esq. to John Giffin, Esq., dated February 22, 2008.

8 |     7.     Exhibit 4 - Attached hereto is a true and correct copy of letter from William

9 | Audet, Esq. to John Giffin, Esq., dated February 28, 2008.

10 |     8.     Exhibit 5 - Attached hereto is a true and correct copy of letter from William

11 | Audet, Esq. to Annie Moriarty, Esq., dated April 8, 2008.

12 |     9.     Exhibit 6 - Attached hereto is a true and correct copy of letter from William

13 | Audet, Esq. to Annie Moriarty, Esq., dated April 8, 2008.

14 |     10.    Exhibit 7 – Attached hereto is a true and correct copy of letter from Annie

15 | Moriarty, Esq. to William Audet, Esq., dated April 11, 2008.

16 | Defendants Fleet Management, Ltd.'s and Regal Stone, Ltd.'s Exhibits:

17 |     14.    Exhibit A – Attached hereto is a true and correct copy of letter from Julie Taylor,

18 | Esq. to William Audet, Esq., dated February 26, 2008.

19 |     15.    Exhibit B – Attached hereto is a true and correct copy of letter from Julie A. Kole,

20 | Esq. to William Audet, Esq. (with attachment), dated April 11, 2008.

21 |     16.    Exhibit C – Attached hereto is a true and correct copy of letter from Anne

22 | Moriarty, Esq. to William Audet, Esq. and Michael McShane, Esq. (with attachments), dated

23 | April 7, 2008.

24 |     I declare under penalty of perjury under the laws of the United States that the foregoing is

25 | true and correct. Executed this 15th day of April, 2008, at San Francisco, California.

26 |

                                    */s/ Adel A. Nadji*

27 |                                       Adel A. Nadji

28 |

**PLAINTIFFS' SUPPLEMENTAL EXHIBITS**

# EXHIBIT 1

EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES

| RELATED CASES | | |
|---|---|---|
| C-07-5800 | | |
| C-07-5926 | | |
| C-07-6045 | SAMUEL CONTI | DATE 2/22/08 |
| Case Number | Judge | |

Title: CHELSEA, LLC, et al.      vs REGAL STONE, LTD., et al.

Attorneys: R.Michael Underhill,   John Giffin, Julie Kole, George Jones,
William Audet, Bradley O'Brien,   Walter Coppenrath, Richard Jarashow,
Anthony Urie, Adel Nadji,         Sid Kanazawa, John McGuinn
Cory Birnberg, Charles McKinley   Derek Jacobson, Paul Gruwell,
Michael McShane

Deputy Clerk: T. De Martini     Court Reporter: Belle Ball

1. Plaintiff's Motion for OSC re: Protective Order- Granted in Part

2. Status Conference - Held

Case Continued to ▓▓▓▓▓▓▓▓▓▓▓▓▓ for Further Status Conference

Case Continued to ▓▓▓▓▓▓▓▓▓▓▓▓▓ for Defendant's Motion to Dismiss

**ORDERED AFTER HEARING:**

The parties can proceed with the class action, and the claimants can also proceed under OPA; however, those proceeding under OPA cannot be forced to sign a release clause terminating claims; also those proceeding under OPA shall not be contacted by defendants to be dissuaded from retaining counsel or abandoning or joining the class action; however, they can be contacted re their desire to proceed under OPA claims procedures.

The OPA procedure is separate and independent from plaintiff's state law claims.

The bond shall remain in effect.

The defendants are ordered to inform those who signed Release Forms that said release does not preclude them from becoming a plaintiff class member, if they so desire.

Plaintiff Government document disclosures are to be turned over to the Defendant with 3 weeks.
Plaintiff Chelsea, LLC. Rule 26 disclosures to go forward.
The time and place of the depositions of the 6 crew men to be determined.
Discovery Stayed until 4/25/08.

# EXHIBIT 2

EXHIBIT 2

022208-Chelsea

Pages 1 - 21

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
BEFORE THE HONORABLE SAMUEL CONTI, JUDGE

RELATED CASES
CHELSEA, LLC,

                    Plaintiff,

          v.                              )   NO. C 07-5800 SC

REGAL STONE, LTD., ET AL.,

                    Defendants.

SHOGREN LIVING TRUST, ET AL.,

                    Plaintiffs,

          v.                              )   NO. C 07-5926 SC

REGAL STONE, LTD, ET AL.,

                    Defendants.

UNITED STATES OF AMERICA,
ET AL.,

                    Plaintiffs,

          v.                              )   NO. C 07-6045 SC

THE SHIPOWNERS' INSURANCE &
GUARANTY COMPANY, LTD.,
ET AL.,

                    Defendants.

                              San Francisco, California
                              Friday, February 22, 2008

                    TRANSCRIPT OF PROCEEDINGS

(Appearances, next page)

APPEARANCES:

For Plaintiff the United States:
                    U.S. Department of Justice
                    Page 1

```
                       022208-Chelsea
                       Civil Division
                       450 Golden Gate Avenue
                       7th Floor, Room 5395
                       San Francisco, California 94102
              BY:      R. MICHAEL UNDERHILL, ESQ.
                       Attorney in Charge, Torts Branch
                       West Coast and Pacific Rim Office
                       and
                       U.S. Department of Justice
                       Environmental and
                         Natural Resources Division
                       301 Howard Street
                       Suite 1050
                       San Francisco, California 94105
              BY:      BRADLEY R. O'BRIEN, ESQ.
                       Senior Attorney


For Plaintiff the United States Department of the Interior:
                       Office of the Solicitor
                       San Francisco Field Office
                       1111 Jackson Street
                       Suite 735
                       San Francisco, California 94607
              BY:      CHARLES C. MCKINLEY, ESQ.
                       Assistant Field Solicitor


For Plaintiff Shoberg Living Trust:
                       Law Office of Cory A. Birnberg
                       703 Market Street
                       Suite 600
                       San Francisco, California 94103-2114
              BY:      CORY A. BIRNBERG, ESQ.


For Plaintiff Chelsea:  Law Offices of Anthony M. Urie
                       7545 15th Avenue N.W.
                       Seattle, Washington 98117
              BY:      ANTHONY M. URIE, ESQ.


(Appearances continued, next page)





APPEARANCES, CONTINUED:

For Plaintiff Chelsea:  Audet & Partners
                       221 Main Street
                       Suite 1460
                       San Francisco, California 94105
              BY:      WILLIAM M. AUDET, ESQ.
                       MICHAEL MCSHANE, ESQ.
                       ADEL A. NADJI, ESQ.


For Defendants Regal Stone, Cosco Busan, Fleet Management, and
Cosco Busan in rem:
```

```
                        022208-Chelsea
                        Keesal, Young & Logan
                        Four Embarcadero Center
                        Suite 1500
                        San Francisco, California  94111
                  BY:   JOHN D. GIFFIN, ESQ.
                        JULIE A. KOLE, ATTORNEY


For Defendant Shipowners' Insurance and Guaranty Company:
                        McGuireWoods
                        1345 Avenue of the Americas
                        Seventh Floor
                        New York City, New York  10105-0106
                  BY:   RICHARD L. JARASHOW, ESQ.
                        and
                        McGuireWoods
                        1800 Century Park East
                        Eighth Floor
                        Los Angeles, California  90067
                  BY:   SIDNEY K. KANAZAWA, ESQ.


For Defendant John Cota:
                        Coppenrath & Associates
                        400 Oceangate
                        Suite 700
                        Long Beach, California  90802
                  BY:   WALTER G. COPPENRATH, ESQ.
                        GEORGE N. JONES, ESQ.


Reported By:            BELLE BALL, CSR, RMR, CRR
                        Official Reporter
```

4

1   FRIDAY, FEBRUARY 22, 2008

2                                          10:12 A.M.

3                  P R O C E E D I N G S

4        THE CLERK:  No. 5, related cases Civil 07-5800,

5   Chelsea, Limited versus Regal Stone, et al.; Civil 07-5926,

6   Shogren Living Trust, et al. versus Regal Stone, et al.; and

7   Civil 07-6045, United States of America, et al. versus

8   Shipowners' Insurance and Guaranty Company, Limited, et al.

9        Counsel, please remember to state your appearance

10  before you talk.

11        MR. GIFFIN:  Good morning, Your Honor.  John Giffin

Page 3

022208-Chelsea

12   appearing in the Chelsea, LLC matter for the Defendant, Regal

13   Stone, Limited. And also for the vessel in rem, Cosco Busan.

14   And also appearing in the United States versus Cosco Busan for

15   Fleet Management, and also for the Cosco Busan in rem.

16         And Julie Kole of my office is also making an

17   appearance for those Defendants, Your Honor.

18         THE COURT:  Okay.

19         MR. UNDERHILL:  Good morning, Your Honor.  Mike

20   Underhill on behalf of the United States in the U.S. versus

21   Cosco Busan, et al. case.  And I've got some other folks with

22   me that can introduce themselves.

23         THE CLERK:  Could you please pull that microphone

24   closer to you?  Thank you.

25         MR. O'BRIEN:  Bradley O'Brien on behalf of the United

5

1    States.

2          MR. MCKINLEY:  Charles McKinley, Department of the

3    Interior.

4          MR. JARASHOW:  Good morning, Your Honor.  I'm Richard

5    Jarashow from McGuireWoods, for -- in USA versus Cosco Busan,

6    for the Defendants Shipowners' Insurance and Guaranty Company.

7    And my partner, Sid Kanazawa from McGuireWoods is with me as

8    well.

9          MR. COPPENRATH:  Good morning, Your Honor.  Walter

10   Coppenrath, in the USA versus Cosco Busan, for Defendant John

11   Cota.

12         MR. BIRNBERG:  Good morning, Your Honor.  Cory

13   Birnberg for the Shogren -- related case, Shogren Living Trust.

14         MR. URIE:  Good morning, Your Honor.  Anthony Urie

15   for the Plaintiffs in the Chelsea K. matter.

16         MR. AUDET:  Good morning, Your Honor.  William Audet

Page 4

022208-Chelsea

17    for the Plaintiffs, Chelsea.

18           MR. MCSHANE:  Good morning, Your Honor, Michael

19    McShane for Chelsea Plaintiffs,.

20           MR. NADJI:  Good morning, Your Honor.  Adel Nadji for

21    Chelsea Plaintiffs.

22           THE COURT:  Good morning, ladies and gentlemen.  It

23    looks like the bar convention is now in order, so you might as

24    well sit down.

25           As I see the case, the issue before me this morning is

                                                                    6


1    whether or not the OPA procedure should go forward, and whether

2    or not the class action -- what's the status of the class action

3    with reference to the OPA process.  And whether that OPA is

4    proper or not.

5           So, I've read all of your papers, at length, and

6    reviewed the matter.  And if there's anything you have to say,

7    other than what's on the papers, I'll be very happy to hear it.

8           MR. UNDERHILL:  Thank you.  Mike Underhill on behalf

9    of the United States, Your Honor.

10           We conferred with the various defense counsel in the

11   U.S. case.  And we tried to separate into what we can agree on,

12   what we disagree on, what we can agree to disagree on.  And I

13   think to make our life easier and the Court's life easier, we

14   have come up with some proposals.

15           First of all, I understand that Mr. Giffin and I, and

16   Captain Cota's attorneys as well, are going to be filing motions

17   to dismiss in the federal case.

18           And what we would propose, and I think we are in

19   agreement on this, is that the motion be heard on April 18th of

20   this year, if that's possible with the Court.  We haven't seen

022208-Chelsea

21    the motion yet.

22         We assume it's going to be substantive and lengthy, so

23    we would like to give all parties and the Court time to look at

24    it.

25         THE COURT:  Uh-huh.

7

1         MR. UNDERHILL:  If we set it out to April 18th, I

2    think that also gives us some other things to work with.

3    Mr. Giffin has represented --

4         THE COURT:  What is the motion on April 18th?

5         MR. GIFFIN:  It will be a motion to dismiss the

6    United States' claim in its entirety, on the basis that the

7    U.S. doesn't have the authority to go ahead at this point in

8    time.

9         They are required by the OPA 90 -- the mandate of OPA

10    90 to submit their claims to the claims office, and have their

11    claims evaluated by them --

12         THE COURT:  I tell you, we have a lot of discussion,

13    a lot of attorneys here.  I'll tell you what I'm going to do.

14    I'll save everybody a lot of time, a lot of argument.  Because

15    this thing could turn out to be a federal case, you know, and

16    that's not going to happen.

17         All right, I've reviewed the statutes, and the case

18    law.  And the Court finds that the parties -- and I'm not going

19    to give you a written order, so you had better listen to this --

20    the parties can proceed with the class action, and the claimants

21    can also proceed under OPA.

22         However, those proceedings under OPA cannot -- those,

23    those members or claimants proceeding under OPA cannot be forced

24    to sign a release clause terminating their claims.

25         Also, those proceedings under OPA shall not be

Page 6

022208-Chelsea

8

1   contacted by Defendants to be dissuaded from retaining counsel
2   or abandoning or joining the class action.  However, they can be
3   contacted, the claimants can be contacted with reference to
4   their desire to proceed under the OPA claims.
5           So, in other words, they can be contacted to proceed
6   under the OPA claims, but they can't be told not to retain a
7   lawyer, or not to seek counsel in any way pertaining to the
8   matter.
9           The OPA procedure is separate and independent from the
10  state's -- from the Plaintiffs' state law claims.  The OPA
11  procedure is separate and independent from the state law claims.
12          The bond shall remain in effect.
13          The Defendants are ordered to inform those who signed
14  release forms that said release forms does not preclude them
15  from becoming a class member if they so desire.  And, that's the
16  order.
17          Now, if you have got anything else that you would like
18  me to hear about, I would be happy to hear it.
19          MR. GIFFIN:  Your Honor, I want to make sure that I
20  understand the Court's order, though.  The people who submit
21  OPA 90 claims can sign releases.
22          THE COURT:  No.  They can get their money from OPA,
23  but they still become members of the class action.
24          MR. GIFFIN:  So even if their claims are settled --
25          THE COURT:  If their claims are what?

9

1           MR. GIFFIN:  Settled and paid, they can still --
2           THE COURT:  Well, then they wouldn't be a member of

Page 7

022208-Chelsea

3    the class.  They wouldn't file in the class action.

4              MR. GIFFIN:  But, Your Honor, I think we have to have

5    some --

6              THE COURT:  I'm doing it this way.  You can argue all

7    day.  There are two separate avenues here.  One is the OPA, and

8    the other is the class action.

9              If they want to go to OPA, they can do it.  But they

10   don't sign any releases to release any of their liability.  If

11   they want to, after they have gone to the OPA and received their

12   money, if they want to join the class, they can.  And, and those

13   that don't want to go to OPA can go to the class action.

14             That's the law.  That's what the law so far in my

15   little court here is.  And if you don't like it, you go

16   someplace else.  But that's what I'm saying.  I'm not going to

17   say it any more.

18             MR. GIFFIN:  I'm not trying to argue with the Court.

19             THE COURT:  I'm not going to argue, either.  I'm

20   telling you what it is.  And that's what it's going to be.  You

21   may like it, you may not like it.  That's fine.

22             MR. GIFFIN:  I'm only trying to understand the

23   Court's ruling.  And --

24             THE COURT:  The Court's ruling -- do you want me to

25   say it again?

                                                              10


1              MR. GIFFIN:  Your Honor, may I just ask the question?

2    When we -- whenever the claims agency pays money to a claimant,

3    they would need to get some acknowledgement from the claimant

4    that they have been paid.

5              THE COURT:  That is the normal effect, I understand

6    that.  But not in this case, and in this situation.  It's not

7    going to happen that way.

                          Page 8

022208-Chelsea

8           MR. GIFFIN:  So they can't --

9           THE COURT:  From what I understand of the affidavits,

10   some of your people have been going around telling people not

11   to get a lawyer, not to participate in the class action, "Take

12   the money we are going to give you, and you have no more -- we

13   have no more responsibility for you."

14           If they -- there's no obligation for them to do the

15   QPA procedure.  There's no obligation, whatsoever.  They can

16   either do it or not do it.  But if they do it, none of their

17   rights are going to be terminated by any assignment that they

18   have in this court.  They still have rights.  And if they were

19   to exercise those rights, fine.  If they don't, that's fine

20   also.

21           MR. GIFFIN:  But, of course, if they're paid their

22   claims, and their claims are resolved --

23           THE COURT:  Then if they paid their claim, and they

24   happen to join the class action, they're not going to get any

25   more money.

                                                              11

1           But if it should be a situation where they are

2    entitled to something else, then they would get their claim

3    money, and they would get what else is due later on.

4           MR. GIFFIN:  Thank you, Your Honor.

5           THE COURT:  No, thank you.  Anything else?

6           MR. UNDERHILL:  Yeah, I don't want to do the

7    Defendants' work for them, but in fairness to my colleagues

8    over there and their clients, Your Honor probably has read in

9    the paper, as I have, that there is a criminal investigation

10   that is proceeding.  And I know that Mr. Giffin, his firm has

11   attorneys that represent certain parties in the criminal

022208-Chelsea

12    investigation.  And likewise, with respect to Captain Cota.

13         We, on the civil side, for obvious reasons -- Stacey

14    Geis and her folks are handling the criminal investigation.  We

15    in the civil side aren't privy to what's going on, what their

16    timeline is.  I've tried to find out if there is a timeline, and

17    I have been politely or maybe not so politely told that -- none

18    of my business.  And I have proceeded from that point.

19         What we would suggest is that in fairness to the

20    defense, and I'm talking about civil and criminal, so they don't

21    get put in a bind to have to be forced to either answer my

22    questions or at -- or at least my questions in deposition, and

23    either take the Fifth, which is their right -- and we respect

24    their right -- or else be put in a position to have the Court

25    draw inferences if they do take the Fifth Amendment right, and I

                                                              12


1     don't have the right to my evidence.

2          What we would propose is a reasonable extension, I

3     would suggest until some time mid-April, to continue the case

4     management conference, at least in the federal case.  By that

5     time, hopefully, a decision will have been made.

6              THE COURT:  Fine, fine.

7              MR. UNDERHILL:  Okay.

8              THE COURT:  Yeah, you don't need to go any further.

9     What date do you want?

10             MR. UNDERHILL:  We suggested April 18th, which I

11    think is a Friday.

12             THE COURT:  Is that a law and motion date?

13             THE CLERK:  April 25th.

14             THE COURT:  April 25th.

15             MR. UNDERHILL:  Very good, Your Honor.  The one

16    caveat to that, and this is one of those things where my
                                Page 10

022208-Chelsea

17    colleague Mr. Giffin and I probably have to agree to disagree,

18    Mr. Giffin has represented this to me and I accept it, that

19    there are six crewmen from the Cosco Busan who apparently are

20    detained in the U.S. pursuant to material witness warrants.

21            These are, I presume, the main witnesses who have the

22    only testimony, other than Captain Cota, about what went on

23    aboard the Cosco Busan on the day she hit the bridge.

24            I don't want to lose those witnesses. They are

25    non-U.S. citizens, not resident aliens. Once they leave the

                                                        13


1    U.S., they are beyond my subpoena power, and the Court's

2    jurisdiction.

3            THE COURT: Why don't you take their deposition?

4            MR. UNDERHILL: That's what I'd propose. But this is

5    where we agree to disagree. I would prefer, with the Court's

6    permission, what I would like to do is the following -- and

7    I've suggested this to Mr. Giffin -- is that I don't want to

8    step on anybody's criminal rights or criminal toes.

9            THE COURT: Are they Defendants?

10            MR. UNDERHILL: I don't know.

11            MR. GIFFIN: We don't know. They have been detained

12    by the Government, and are being held by the Government. And

13    the Government hasn't made a decision that they are going to

14    charge anybody or not charge anybody, so they -- each are

15    individually represented by counsel.

16            THE COURT: Well, if they're detained -- well, just

17    as soon as you find out whether they're going to be charged or

18    not, you take their deposition.

19            MR. UNDERHILL: With one possible twist, Your Honor,

20    if you could maybe give us some assistance.

022208-Chelsea

21        What I would suggest, in order to keep the civil and
22   criminal lines completely separate and clean, apart from each
23   other, is that when we are informed that whatever obligations
24   they have to the criminal case and the criminal court are
25   resolved, whether Rule 15 criminal depositions are taken, now

14

1    they can leave the country, at that point we take their
2    deposition.
3         If it goes to trial, they testify, then they are ready
4    to leave because they are done in the criminal case, at that
5    point we take it.  Because I think that -- I'm trying to satisfy
6    their concerns, excuse me, that we don't do discovery on the
7    civil case to try to bootstrap the criminal.  That's not my
8    intent.
9         I just want to make sure that this Court has the
10   testimony of six or seven of the main witnesses to the accident,
11   if we do motion practice for trial.
12        So, that's what I would ask, and hopefully with
13   counsel's assistance, we can do it voluntarily.  If not, I'll
14   probably come back, asking the Court for its assistance, to make
15   sure that they don't leave the country without their depositions
16   being taken.
17        THE COURT:  Fine.  Is that satisfactory?
18        MR. GIFFIN:  Yes.  And we would like to make sure
19   that discovery is stayed, so that we can process the claims
20   that are made.  I mean, that's the whole idea of OPA, is that
21   the claims to be made, they should be submitted, and then they
22   have 90 days to be either accepted or rejected.
23        THE COURT:  Yes.
24        MR. GIFFIN:  All right, so then discovery will be
25   stayed until the claims are submitted.
Page 12

022208-Chelsea

15

1              MR. UNDERHILL:  No objection here, Your Honor.

2              MR. AUDET:  Your Honor, this is Bill Audet for the

3    civil Plaintiffs, civil class action Plaintiffs.

4              I just want to make sure we are clear, I didn't quite

5    understand, are they -- are they asking for a stay of my class

6    action or the federal civil case?  There's a big difference.

7              I just want to clarify, because that's the U.S.

8    Attorney's Office --

9              THE COURT:  Are they inextricably intermingled?

10             MR. AUDET:  In a way, Your Honor.  I'm not against

11   the stay if that's what Your Honor wants to do.

12             THE COURT:  Well, you are not against it?  Well,

13   then, we'll -- do have it.

14             MR. AUDET:  Okay.

15             MR. GIFFIN:  All we want to do is get the claims and

16   pay them.

17             THE COURT:  I have enough trouble with arguments, let

18   alone people who agree to things.

19             MR. AUDET:  Okay.

20             THE COURT:  Okay fine, great.  Anything else?

21             MR. KANAZAWA:  This is Sid Kanazawa, for the

22   Shipowners' Insurance, SIGCO.  We are the guarantor that had

23   the certificate of financial responsibility when the ship came

24   into the port.

25             One of the issues in this case is whether the amount

16

1    that has already been expended in terms of the cleanup and all

2    that has exceeded our bond.  And if it has, then we are

Page 13

022208-Chelsea

3    basically out of this case.

4            THE COURT:  The bonds issued in the civil case, how
5    much was that?

6            MR. AUDET:  Your Honor, our bond in the civil class
7    action was $20 million.

8            MR. UNDERHILL:  And ours was 79 and a half million.
9    Mr. Kanazawa is actually talking about a separate guarantee,
10   other than the two letters of undertaking.

11           MR. KANAZAWA:  Yeah.  This is, under OPA 90, you have
12   to have a certificate of financial responsibility when you come
13   into port.  And that's what we are talking about here.

14           MR. UNDERHILL:  Can I make your life simple for you?

15           MR. KANAZAWA:  Yes.

16           MR. UNDERHILL:  Okay.  We think -- we are trying to
17   find out on the federal side, we think that Mr. Kanazawa and
18   Mr. Jarashow's client has -- for legal reasons, they likely
19   don't have any further obligations in this case.  And we're
20   trying to make sure, before we sign off on a dismissal.  But we
21   think that's going to be the case.

22           What we would like to do, Your Honor, assuming that
23   our due diligence bears out that they shouldn't be in the case
24   any more, because whatever amounts that they would have been
25   obligated for have already been spent, we would propose to amend

                                                                   17


1    the complaint, drop these folks, SIGCO, as a Defendant.

2            Furthermore, we would also propose, and we have
3    discussed it with Mr. Giffin, haven't received agreement, to
4    amend the complaint to add a judicially civil penalty cause of
5    action.  And we would hope to do that at the same time.

6            THE COURT:  Fine.

7            MR. GIFFIN:  Well, the only thing, Your Honor, if you
                          Page 14

022208-Chelsea

8       amend the complaint, then we have to review the amendment and

9       determine whether we are going to bring a motion to dismiss

10      that cause of action as well.

11              MR. UNDERHILL:  I can't tell you what to do.

12              MR. GIFFIN:  Well, I'm just talking about the hearing

13      date.

14              MR. UNDERHILL:  Let me suggest, we file the

15      amendment, Your Honor, and Mr. Giffin can figure out with his

16      clients what they need to do.

17              THE COURT:  You file the -- the procedure is you file

18      the amendment.  If he wants to file a motion, you file a

19      motion.  And I hear it.

20              MR. GIFFIN:  And then, then we will just -- the

21      discovery will be stayed until the motion is heard?

22              THE COURT:  Yes.

23              MR. UNDERHILL:  Yes.

24              MR. GIFFIN:  The other thing is we have asked the

25      civil Plaintiffs submit their Rule 26 disclosures so that we

                                                                18

1       can see their claims, and resolve them if at all possible.

2               THE COURT:  What is the problem?

3               MR. AUDET:  Your Honor, I don't have a problem with

4       Rule 26.  He is attempting to put a little bit of a different

5       spin on Rule 26.  We don't have a problem.  I just thought he

6       wanted a stay.

7               If there is going to be a Rule 26 disclosure -- ours

8       is due I believe Monday or Tuesday, I don't have the exact date.

9       We will supply Rule 26 disclosure for the named Plaintiffs.

10              THE COURT:  Can you work it out with them?

11              MR. AUDET:  We tried.  We have a hard time working

                                Page 15

022208-Chelsea
12  together lately. So, I'll do my best.

13          THE COURT: What is the problem? He has the

14  disclosures. Do you want to give them?

15          MR. AUDET: Yeah.

16          MR. GIFFIN: All we want is the disclosures. We

17  don't want anything else. We just want them to comply with the

18  Rule and provide the Rule 26 disclosures.

19          THE COURT: Does this prejudice you in any way?

20          MR. AUDET: Oh, no, I don't have a problem with doing

21  it. He's got a different interpretation.

22          THE COURT: You have got to make him happy. He's not

23  too happy up to now.

24          MR. AUDET: Your Honor, I have no problem next week

25  giving what we believe the appropriate Rule 26 disclosure. We

                                                        19

1   have no problem.

2           THE COURT: Okay.

3           MR. GIFFIN: Thank you, Your Honor.

4           MR. UNDERHILL: One last thing. I can't sit down.

5           We will try to get our disclosures too. John, could

6   we have a reasonable amount of time to do the document

7   disclosures? We are talking about a large amount of documents.

8           MR. GIFFIN: Just tell me what a reasonable amount of

9   time is.

10          MR. UNDERHILL: Three weeks?

11          MR. GIFFIN: Sure.

12          MR. UNDERHILL: Okay. And -- let's leave it at that.

13  Thank you.

14          MR. GIFFIN: Thank you.

15          THE COURT: Anything else anybody would like to say?

16  All right. We will see you then -- what is our next status
                        Page 16

022208-Chelsea

17  date, then?  I always like to give a status date.

18          THE CLERK:  April 25th.

19          THE COURT:  Do you want to give April 25th as a first

20  status date, you tell us what's going on at that time, and what

21  you want to do?  And by that time, the Government ought to make

22  up their mind what they're going to do with the Defendants.

23          MR. GIFFIN:  That's fine.  That's when we are

24  planning on having a hearing on our motion.

25          THE COURT:  Okay.  Well, we will have the same thing

                                                                20


1   as a status conference on that date.

2           MR. GIFFIN:  Thank you, Your Honor.

3           THE COURT:  All right.

4                   (Proceedings concluded at 10:32 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

022208-Chelsea

21
22
23
24
25

1
2
3          CERTIFICATE OF REPORTER
4          I, BELLE BALL, Official Reporter for the United States
5     Court, Northern District of California, hereby certify that the
6     foregoing proceedings in Case No. C 07-5800, Chelsea, LLC v.
7     Regal Stone, Ltd., et al., and related cases, were reported by
8     me, a certified shorthand reporter, and were thereafter
9     transcribed under my direction into typewriting; that the
10    foregoing is a true record of said proceedings as bound by me
11    at the time of filing.
12          The validity of the reporter's certification of said
13    transcript may be void upon disassembly and/or removal from the
14    court file.
15
16    _____
17          Belle Ball, CSR 8785, RMR, CRR
18          Friday, February 22, 2008
19
20
21
22
23
24
25

022208-Chelsea

☐=

# EXHIBIT 3

EXHIBIT 3

# Audet & Partners, LLP
### Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

February 22, 2008

**<u>Via Email/Facsimile</u>**

John Giffin
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: john.giffin@kyl.com

      Re:   <u>*Cosco Oil Spill Litigation*</u>
              Federal Case No. C-07-5800

Dear John:

In light of the Court's ruling of February 22, 2008, we need to reach an agreement on the wording of the notice sent to all potential or actual claimants. I suggest the following language for the initial application, the 'advance' application and any 'release' sent out by Hudson and/or the Defendants (and any other relevant communications to Class Members):

> "Pursuant to the Federal Court's order, please be advised that a class action lawsuit is pending in federal court relating to the Cosco Oil Spill. The attorney representing the Class Action Plaintiffs in that case is William M. Audet, et al., of Audet & Partners, LLP, 221 Main Street, Suite 1460, San Francisco, CA, 94105, Telephone: 415.982.1776. Please also be advised that you have the right to be represented by your own attorney or the class action plaintiffs' attorney William Audet. You are not obligated to proceed with the OPA claim process in order to obtain a recovery in the class action."

John Giffin
February 22, 2008
Page 2


      If you have different language, please let me know. I assume that you will also send a corrective notice to those who have already submitted a claim form or request for an advance, and also delete the current "release" language in the current forms. Please provide my office with a draft of the corrective notice before disseminating to the Class Members.

                    Very truly yours,

                    William M. Audet, Esq.

# EXHIBIT 4

EXHIBIT 4

# Audet & Partners, LLP

### Attorneys — at — Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

February 28, 2008

**Via Email/Facsimile**

John Giffin
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: john.giffin@kyl.com

Re:    *Cosco Oil Spill Litigation*
       Federal Case No. C-07-5800

Dear John:

I have your letter of February 26, 2008 regarding Defendants apparent refusal to comply with Judge Conti's order regarding the class action process and notification of OPA applicants of their right to proceed in the OPA process without waiving any class action remedies/recoveries. Your blanket refusal to comply, in whole or in part, with the spirit and letter of Judge Conti's ruling is puzzling, to say the least. If you do not find our proposed language acceptable, please advise us what and how you intend to advise class members regarding their rights and the Court's order.

If we do not hear from you by Tuesday, March 4, 2008, we shall assume that you will maintain the position outlined in your letter and proceed accordingly.

Very truly yours,

William M. Audet, Esq.

# EXHIBIT 5

EXHIBIT 5

# Audet & Partners, LLP

### Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

April 8, 2008

**Via Email**

Annie M. Moriarty, Esq.
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: annie.moriarty@kyl.com

Re:     *Cosco Oil Spill Litigation*
        Federal Case No. C-07-5800

Dear Counsel:

We have your letter and requests. First, as I have twice now advised you, the fact that a defendant no longer owns the vessel does not automatically equate to no liability under maritime law. Second, you continue to provide bits and pieces of information, demand dismissal and threaten Rule 11 sanctions. The threat of sanctions does not assist in the process and is in fact counter productive. Third, as this is a class action, in order to dismiss a party, under Rule 23, more than just a dismissal is required. We need to seek court approval.

With the above said, I will pass on the latest information to my co-counsel and we will discuss the issue and respond shortly. In the meantime, we will at least need you to agree to a class tolling agreement with respect to any dismissed defendant. Please confirm that this is acceptable — as I believe the court will prefer at least that amount of protection for the class claims.

Very truly yours,

William M. Audet, Esq.

cc: Anthony Urie

# EXHIBIT 6

EXHIBIT 6

# Audet & Partners, LLP

### A t t o r n e y s – a t – L a w

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

April 8, 2008

**<u>Via Email</u>**

Annie M. Moriarty, Esq.
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: annie.moriarty@kyl.com

      Re:    *Cosco Oil Spill Litigation*
             Federal Case No. C-07-5800

Dear Counsel:

As a follow up to my earlier letters on this topic, please send my office a current copy of exactly what information, by way of notice or claim form or otherwise, to show compliance with Judge Conti's Order of February 22, 2008. Despite my prior requests, we have yet to be provided a copy of this document or set of documents.

Very truly yours,

William M. Audet, Esq.

cc: Anthony Urie

# EXHIBIT 7

EXHIBIT 7

LAW OFFICES
**KEESAL, YOUNG & LOGAN**
A PROFESSIONAL CORPORATION

FOUR EMBARCADERO CENTER
SUITE 1500
SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:
(415) 981-0136

www.kyl.com

April 11, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLATER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III
CAMERON STOUT
ROBERT J. STUMPLER
LISA M. BERTAIN
ROBERT J. BOCKO*†
MICHELLE R. FRON
ELIZABETH B. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JODI B. COHEN
PHILIP R. LEMPRIERE*◊
JULIE L. TAYLOR
STACEY HAYES GARRETT
JON W. ZINKE
DOUGLAS R. DAVIS*†
GORDON O. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH YONG BANGMEISTER
MARC E. GREENBERG
JULIE A. KOLP
DAVID D. PIPER
JOHN L. BARALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
MOMO E. TAKAHASHI
TONY N. LONG
CHARLES M. BILLY
ANGELEE J. PAPADAKIS
ØYKAN PAROVICH
AILAN LIU
NICOLAS J. VIKSTROM†
O. HANS SPERLING
SAMANTHA R. SMITH◊
JAMES P. KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

✱ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
* ADMITTED IN ALASKA & CALIFORNIA
▲ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
✦ REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
◊ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM III
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR ◊
NANCY HARRISS †
FRANCES L. KEELER

_**Via Facsimile - 415-568-2556**_
_**and U.S. Mail**_

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

      Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           USDC Case No. C-07-5800-SC
           Our File No.: 2418-229

Dear Mr. Audet:

      We are writing to respond your letter, dated April 8, 2008, in which you indicated that you would discuss the issue of whether you would agree to voluntarily dismiss NSB Neiderlbe ("NSB") and Conti Cairo KG ("Conti Cairo") with your co-counsel.

      You continue to mistakenly assert, without any supporting authority, that even though NSB and Conti Cairo did not own or manage the COSCO BUSAN at the time of the spill, they are not absolved from liability under maritime law. We are unaware of any legal basis, even theoretical, that would support such a contention under the instant circumstances. If you are aware of any supporting authority we ask that you immediately bring it to our attention.

      You also appear to be concerned that because this is a class action we need to seek court approval even for a voluntary dismissal. It is our experience that obtaining court approval for a voluntary dismissal is not a difficult process. Furthermore, upon receiving documents (which we have previously provided to you) showing that NSB and Conti Cairo were not owners or managers of the COSCO BUSAN at the time of the spill, we are confident that the Court will readily approve the dismissal of these improper parties. Of course, NSB and Conti Cairo will fully

ANCHORAGE OFFICE
SUITE 680
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-2054
(907) 279-9696
FACSIMILE: (907) 279-4500

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-0636

HONG KONG OFFICE
1602 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1716
FACSIMILE: (852) 2541-6512

William M. Audet, Esq.
April 11, 2008
Page 2

      Re:   *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           USDC Case No. C-07-5800-SC
           Our File No.: 2418-229

cooperate in this process. As far as agreeing to a "class tolling agreement", we assume that you mean that should Plaintiffs voluntarily dismiss NSB and Conti Cairo they would do so without prejudice. We would appreciate clarification.

      You have also previously relayed your concern that the United States Coast Guard was looking into NSB and Conti Cairo's involvement into the spill. In fact, on March 12, 2008, Conti Cairo received a letter from Commander P.D. Thorne, United States Coast Guard. In that letter, Commander Thorne stated that documents taken from the vessel indicated that Conti Cairo was the COSCO BUSAN's owner, operator, or managing operator. However, in a subsequent letter, dated April 1, 2008, Commander Thorne recognized that Conti Cairo was a *former* owner of the vessel and that he sent the previous letter to Conti Conti in error. He apologized for the confusion and updated the Coast Guard's files. We have enclosed these letters, with the sensitive portions redacted, and trust that they will provide you will further assurance that NSB and Conti Cairo should be dismissed from this lawsuit.

      We intend to bring to the Court's attention at the upcoming Case Management Conference the fact that we have provided you with documentation and declarations proving that NSB and Conti Cairo are not proper parties to this lawsuit. We will also advise the Court that if Plaintiffs do not voluntarily dismiss NSB and Conti Cairo, Defendants will specially appear in order to file a Motion to Dismiss.

      Please feel free to contact me if you would like to discuss these matters further.

                    Very truly yours,

                    Annie Moriarty

                    Annie Moriarty
                    *anniemoriary@kyl.com*

AMM:amm (KYL_SF461576)

# Exhibit "A"

LAW OFFICES
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 951-0136
www.kyl.com

February 26, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM M. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROSS
BEN SUTER
ALBERT E. PEACOCK IIIS
CAMERON SHORT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO*†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JODI S. COHEN
PHILIP R. LEMPRIERE*◆
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE◆
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH M. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

OLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM‡
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUINE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM±
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR □
NANCY HARRISS †
FRANCES L. KEELER

◆  ADMITTED IN ALASKA
†  ADMITTED IN WASHINGTON
‡  ADMITTED IN WASHINGTON & CALIFORNIA
§  ADMITTED IN ALASKA & CALIFORNIA
±  ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
*  REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
   OF HONG KONG & ADMITTED IN NEW YORK
□  SOLICITOR ADMITTED IN ENGLAND, WALES AND
   NORTHERN IRELAND
   ALL OTHERS ADMITTED IN CALIFORNIA

## Via Facsimile - 415-568-2556

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

FAXED

Re:    February 22, 2008 Letter re: Cosco Busan
       Our File No.: 2418-229

Dear William:

We received your February 22, 2008 letter in which you suggest specific language for documents that may be used by Hudson in their administration of the claims process.

According to court documents, Judge Conti did not require Hudson to include any specific language in their documents but rather stated that Hudson could not force claimants to sign a release clause terminating claims. The order is:

**ORDERED AFTER HEARING:**
   The parties can proceed with the class action, and the claimants can also proceed under OPA; however, those proceeding under OPA cannot be forced to sign a release clause terminating claims; also those proceeding under OPA shall not be contacted by defendants to be dissuaded from retaining counsel or abandoning or joining the class action; however, they can be contacted re their desire to proceed under OPA claims procedures.
   The OPA procedure is separate and independent from plaintiff's state law claims.
   The bond shall remain in effect.
   The defendants are ordered to inform those who signed Release Forms that said release <u>does not</u> preclude them from becoming a plaintiff class member, if they so desire.

Plaintiff Government document disclosures are to be turned over to the Defendant with 3 weeks.
Plaintiff Chelsea, LLC. Rule 26 disclosures to go forward.
The time and place of the depositions of the 6 crew men to be determined.
Discovery Stayed until 4/25/08.

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
February 26, 2008
Page 2

        Re:  February 22, 2008 Letter re: Cosco Busan
            Our File No.:  2418-229

      In addition, Judge Conti specifically denied your Ex Parte motion in which you request the Court to order Hudson to include information about the class action lawsuit and your contact information.  Based on the language of the minute order and the clear denial of your motion, we do not believe that Hudson Marine is required to include the language you suggested in your letter.

      We are proceeding with the intent to fully comply with Judge Conti's order and Hudson Marine is immediate steps to work with the claimants according to the order.

                      Best regards,

                      Julie Taylor

JLT:NSB: (KYL_SF460274)

·02/26/2008 11:56 TEL  4159817729        KEESAL,YOUNG&LOGAN                    ☒001

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                1098
        DESTINATION TEL #       5682556
        DESTINATION ID
        ST. TIME                02/26 11:54
        TIME USE                01'12
        PAGES SENT              3
        RESULT                  OK
```

**LAW OFFICES**
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-6000
FAX: (415) 981-0136

*LONG BEACH OFFICE*
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

*SEATTLE OFFICE*
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

*ANCHORAGE OFFICE*
SUITE 680
1029 WEST 3ᴿᴰ AVENUE
ANCHORAGE, ALASKA 99801-1954
(907) 279-9696
FAX: (907) 279-4239

*HONG KONG OFFICE*
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-5189

# FACSIMILE
**DATE:** February 26, 2008

**TO:**   **William M. Audet, Esq.**            **YOUR REF:** _____

**FAX:**   (415) 568-2556 _____

**FROM:**   Julie L. Taylor, Esq. _____   **OUR REF:**   2418-229

No. of pages including this sheet:            **3**

If there is a problem receiving this transmission, please call *(415) 398-6000.*

## CONFIDENTIALITY NOTICE

"WARNING: Unauthorized interception of this telephonic communication could be a violation of federal law" The information contained in this facsimile message is confidential and is intended only for the individuals or entities named above. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to the intended recipient), please be advised that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify us by telephone to arrange for return of the original documents. Thank you.

Re:    February 22, 2008 Letter re : Cosco Busan

# Exhibit "B"

LAW OFFICES
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136
www.kyl.com

April 11, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.
JODI S. COHEN
PHILIP R. LEMPRIERE
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE
DOUGLAS R. DAVIS
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

OLEN K. PIPER
CATHARINE M. MORISSET
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT B. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES H. BILLY
ANGELINI J. PAPADAKIS
STEFAN PEROVICH
ALLAN LIU
NICOLAS J. VIKSTROM
G. HANS SPERLING
SAMANTHA R. SMITH
JAMES F KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR II
NANCY HARRISS
FRANCES L. KEELER

_Via Facsimile - 415-568-2556_
_and U.S. Mail_

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
USDC Case No. C-07-5800-SC
Our File No.: 2418-229

Dear Mr. Audet:

We are writing in response to your April 8, 2008 letter in which you request a copy of the documentation that Hudson Marine is currently providing to claimants who participate in the claims process. Please be advised that claimants who receive payment through the claims process have been asked to sign a Receipt and Acknowledgment of Compensation (the "Receipt"). As you know, Judge Conti's Order does not require defendants to provide you with a copy of those Receipts. Moreover, we understand that your colleague, Anthony Urie, has been keeping you closely advised of his dealings with Hudson Marine on behalf of your clients. However, in an effort to further facilitate the processing of your clients' claims through the claims process, we are enclosing a copy of the form Receipt herewith.

With regard to those claimants who previously signed Releases upon receipt of payment through the claims process, it is premature to advise them that they are not precluded from participating as plaintiffs in a class action because no class action has been certified. If a class is certified, we propose that the notice to class members include language to the effect that any previous releases signed in connection with the claims process will not preclude claimants from participating in the class action, if they so desire.

William M. Audet, Esq.
April 11, 2008
Page 2

          Re:   *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
                USDC Case No. C-07-5800-SC
                Our File No.: 2418-229

       Please feel free to contact me if you would like to discuss these matters
further.

                    Very truly yours,

                    Julie A. Kole
                    *julie.kole@kyl.com*

JAK:mpm (KYL_SF461472)

## RECEIPT AND ACKNOWLEDGMENT OF COMPENSATION

(1)  I, _____, (hereinafter referred
to as "Claimant") hereby acknowledge and confirm that I have received payment
pursuant to the Oil Pollution Act of 1990[1] in the amount of
_____ ($_____) as payment solely for
the category of losses defined below in Paragraph 3 (hereinafter referred to as "the
Claim"), relating to the oil pollution incident which occurred on or about November
7, 2007 in the waters of the San Francisco Bay and surrounding areas from the M/V
COSCO BUSAN (hereinafter referred to as "the Incident").   The above stated
amount includes an advance in the amount of _____
($_____), which was previously received on _____and is hereby
acknowledged.

(2)  The above payment is being made and memorialized by Receipt
and Acknowledgement in lieu of a release under protest by and on behalf of the M/V
COSCO BUSAN; Captain John C. Cota; San Francisco Bar Pilots Benevolent and
Protective Association; Regal Stone Ltd.; Synergy Management Services; Fleet
Management Ltd.; Steamship Insurance Management Services Limited; Hudson
Marine Management Services; and The O'Brien's Group, together with their
respective officers, directors, shareholders, employees, crewmembers, charterers,
general partners, joint venturers, managers, contractors, subcontractrs, all parent,
holding, subsidiary or affiliated and/or related companies and assigns; The Oil Spill

---

[1] 33 U.S.C. §2701 et seq.

Liability Trust Fund; California Oil Spill Response Trust Fund; The State of California and any of its political sub-divisions including but not limited to Counties, Cities, Joint Power Act entities and each of their departments, divisions, boards, commissions, authorities, agencies and employees; The United States of America and each of its departments, divisions, agencies and employees; (collectively referred to hereinafter as "Vessel Interests").   Claimant and Vessel Interests shall be collectively referred to as "the Parties."

(3) Specifically, Claimant acknowledges receipt of payment in the above amount for the following claimed damages (hereinafter referred to as "the Claim"):

Economic losses due to closure of the Dungeness crab fishery (District 10) occurring on or before December 1, 2007, as a result of the Incident and as outlined in the claim documentation submitted by Claimant pursuant to the claims procedure.  The payment hereby received does not represent compensation for  any alleged or actual subsequent or future damages occurring after December 1, 2007, because of the Incident, including damages for depression in the price of Dungeness crab due to market stigma, biological damage to the Dungeness crab fishery (District 10), attorneys' fees, punitive damages, and/or prejudgment interest; a claim for any such damages, fees, or interest is not waived or released by receipt of this payment.

- 2 -

(4)  Claimant is claiming and receiving the above stated amount for himself/herself and on behalf of his/her captain and crew members identified on Exhibit A and hereby incorporated by reference.

(5)  Claimant is receiving funds on behalf of other individuals and because he/she is receiving these funds, he/she covenants and agrees that he/she is solely responsible for determining the division and payment of the funds being received today amongst the captain and crewmembers listed on Exhibit A. Claimant acknowledges that once the compensation noted above is paid to Claimant, the Vessel Interests shall have no obligation to Claimant to determine the shares and/or amounts to be paid to the vessel owner, captain and crewmembers from the total amount received pursuant to the terms of this Receipt and Acknowledgement. Further, Claimant promises to make the appropriate payment (less a proportionate share of attorneys' fees and costs, if applicable) to the identified crewmembers within a reasonable time and to obtain a receipt from the crewmembers evidencing that the payment was made.  The receipt shall acknowledge that the crewmembers are accepting the payment as compensation for the economic losses they incurred as crewmembers for Claimant during the time period on or before December 1, 2007 and that such payment shall be a credit against any amounts received for compensation relating to the Claim.  Claimant shall provide a copy of the crewmembers' signed receipt to the Vessel Interests.

///

(6)  The Parties understand that this is only a receipt for payment of the Claim and not a release of the Claim or any other claims referred to in Paragraph 3. The Parties further understand and agree that neither the Vessel Interests nor anyone on the Vessel Interests' behalf have made any representation of fact, opinion, or promise to Claimant to induce Claimant to participate in the claims process relating to the Incident and/or to accept this compensation for the Claim, except those representations specifically contained in this Receipt and Acknowledgement. Similarly, neither Claimant, nor anyone on Claimant's behalf, has made any representation of fact, opinion, or promise to Vessel Interests, other than those made in the Claim submitted pursuant to the claims process.

(7)  The Parties further agree and understand that the payment herein received and acknowledged is a payment and credit against the damages, losses and the Claim specified by Claimant and stated in Paragraph 3 above.

(8)  Claimant warrants that he/she has the sole right to receive the sums specified herein on his/her own behalf as well as on behalf of his/her captain and crewmembers listed in Exhibit A; and that Claimant has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to herein.

(9)  Claimant represents that he/she understands that he/she may consult with legal counsel regarding the Claim relating to the Incident or that Claimant has already consulted with legal counsel regarding the Claim and that

- 4 -

Claimant understands the terms of this Receipt and Acknowledgement and signs it on his/her own volition.

(10)  Nothing herein is intended to be construed as a waiver or release by the Parties of any or all rights, remedies, or defenses they may have against each other, any party, person, firm, public entity or corporation, including but not limited to the right to file, participate in or prosecute a class action lawsuit, an individual action or other action of any kind allowed by law.  The Vessel Interests further reserve any and all claims, rights, defenses, rights of appeal and/or remedies they may have arising from the Incident.

(11)  Claimant acknowledges and agrees that payment of the amount specified hereinabove is not an admission of liability by any of the Vessel Interests.

(12)  The Parties are cooperating and making every effort to identify and submit, as requested, necessary records, to the extent available, to substantiate Claimant's Claim in order to properly adjust and compensate Claimant for possible damages/losses.  In the event that the Vessel Interests apply to the National Pollution Fund Center ("NPFC") for limitation of liability and reimbursement of their fees, costs, expenses, damages and losses they have incurred due to the Incident and are eligible for such limitation of liability or reimbursement, the Parties agree to reasonably cooperate to provide any additional business records relating to the 2007-2008 crab fishing season (if available to Claimant) required by the NPFC to substantiate the damages and losses for which Claimant is being compensated by the Vessel Interests.  However, such additional records shall not be

the basis for reopening, diminishing or rescinding the compensation paid to Claimant as acknowledged herein.   In no event shall Claimant be required to produce tax returns, tax records or records which Claimant does not maintain or possess.

DATED:_____

_____
Claimant

_____
Print Name

Address:_____

_____

Telephone Number:_____

///
///

## EXHIBIT A TO RECEIPT AND
## ACKNOWLEDGMENT OF COMPENSATION

The undersigned captain and crewmembers (hereinafter collectively referred to as "Crewmembers") of the F/V _____ hereby acknowledge that they have reviewed the attached Receipt and Acknowledgement of Compensation and warrant that they have had a chance to consult with legal counsel regarding the document and have their questions answered, if any, and that they fully understand and agree to its terms and that its terms are equally binding upon them, as they are upon the Claimant, who is specifically identified in the Receipt and Acknowledgement.

Specifically, the Crewmembers understand that the Claimant has made a Claim on the Crewmembers' behalf for economic losses, as defined in Paragraph 3 of the Receipt and Acknowledgment of Compensation, which the Crewmembers may have sustained due to the closure of the 2007 Dungeness crab fishery (District 10), during which time they would have worked aboard the above referenced fishing vessel.

As a result of the Claim submitted to the Vessel Interests by Claimant, the Claimant is receiving one lump sum payment to compensate Claimant and his/her Crewmembers for the economic losses allegedly sustained because of the closure of the 2007 Dungeness crab fishery (District 10). By submitting a Claim on behalf of his/her Crewmembers, Claimant has agreed to divide any compensation received pursuant to the Claim amongst his/her crew as agreed by and between

- 7 -

Claimant and the Crewmembers. By signing below, you further acknowledge and agree that any division amongst the Crewmembers of the compensation received pursuant to the Claim, is between you and the Claimant and that the Vessel Interests shall not have any obligations or liabilities to pay Crewmembers separately for the Claim as defined in Paragraph 3 of the Receipt and Acknowledgment of Compensation, with respect to services provided or that would have been provided to Claimant or to determine what portion of the compensation Crewmembers are entitled to receive for any alleged losses and/or damages encompassed by the Claim.

DATED:_____

_____
Crewmember

_____
Print Name
Address:_____

_____
Telephone Number:_____

DATED:_____

_____
Crewmember

_____
Print Name
Address:_____

_____
Telephone Number:_____

///

///

DATED:_____

_____
Crewmember

_____
Print Name
Address:_____
_____
Telephone Number:_____


DATED:_____

_____
Crewmember

_____
Print Name
Address:_____
_____
Telephone Number:_____


DATED:_____

_____
Crewmember

_____
Print Name
Address:_____
_____
Telephone Number:_____

04/11/2008 14:56 TEL  4159817729          KEESAL,YOUNG&LOGAN                          @001

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO            1337
DESTINATION TEL #   5682556
DESTINATION ID
ST. TIME            04/11 14:53
TIME USE            03'06
PAGES SENT          12
RESULT              OK
```

**LONG BEACH OFFICE**
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

**SEATTLE OFFICE**
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

**LAW OFFICES**
**KEESAL, YOUNG & LOGAN**
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-6000
FAX: (415) 981-0136

**ANCHORAGE OFFICE**
SUITE 650
1029 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
FAX: (907) 279-4239

**HONG KONG OFFICE**
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-6189

# FACSIMILE

**DATE:** April 10, 2008

**To:** William M. Audet, Esq.
**Firm:** Audet & Partners, LLP
**Fax:** (415) 568-2556

**Main No.:** (415) 982-1776
**E-mail:** waudet@audetlaw.com

**From:** Julie A. Kole, Esq.

**Re:** *Chelsea, LLC, et al. v. Regal Stone, Ltd., et al.*
USDC Case No. C-07-5800-SC

**Our File No.:** 2418-229
**Your File No.:**

**NUMBER OF PAGES INCLUDING THIS SHEET:** 12

**ORIGINAL WILL BE SENT**

**MESSAGE:**

# Exhibit "C"

LAW OFFICES

## KEESAL, YOUNG & LOGAN

A PROFESSIONAL CORPORATION

SUITE 1500

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:

(415) 981-0136

www.kyl.com

April 7, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO*‡
MICHELE R. FRON
ELIZABETH F. BRAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JODI S. COHEN
PHILIP R. LEMPRIERE*‡
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG BAUMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELICI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
AKOS J. VEKSTROM†
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUEHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

♦ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
♦ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
◻ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL

ROBERT H. LOGAN
RICHARD A. APPELBAUM ±
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR ◊
NANCY HARRISS †
FRANCES L. KEELER

_Via Facsimile - 415-568-2556 and_
_U.S. Mail_

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

     Re:   _Chelsea LLC, et al. v. Regal Stone, Ltd., et al._
            Our File No.: 2418-229

Dear Messrs. Audet and McShane:

     As you know, we represent Regal Stone Limited in the above referenced matter. We are writing once again to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this action. Conti Cairo, former owners, and NSB, former managers, did not own or operate the COSCO BUSAN at the time of the oil spill on November 7, 2007, and therefore are not proper parties to this action.

     We have previously provided you with documents showing that neither Conti Cairo or NSB owned or managed the COSCO BUSAN at the time of the oil spill. Enclosed you will find declarations signed by the president of NSB and the Managing Directors of Conti Cairo which state under penalty of perjury that Conti Cairo sold the vessel on October 24, 2007. As of this date, Conti Cairo and NSB's obligations as former owners and managers of the vessel terminated. Furthermore, on the date of the sale, insurance coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date, it was the responsibility of the vessel's new owners to obtain insurance coverage.

ANCHORAGE OFFICE
SUITE 550
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 276-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 623-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1903 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1716
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
April 7, 2008
Page 2

        Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
             Our File No.: 2418-229

      In addition, we have enclosed documentation evidencing the cancellation of insurance coverage obtained for the benefit of Conti Cairo and NSB.

      1.     Certificate of Entry showing original insurance period as February 20, 2007 – February 20, 2008;

      2.     Vessel Addendum amending the end of the insurance period from February 20, 2008 to October 24, 2007 (the date of the sale).

      We trust that in light of these documents, as well as documents previously provided, you will agree to voluntarily dismiss Conti Cairo and NSB from this action.    Please inform us whether you intend to do so.  As you know, Conti Cairo and NSB are prepared to take the steps necessary to file a Motion to Dismiss and seek Rule 11 sanctions if you continue to refuse to voluntarily dismiss them.

      If you would like to discuss this matter further, please do not hesitate to call the undersigned.

                      Very truly yours,

                      Anne Moriarty

                      Anne Moriarty
                      *annie.moriarty@kyl.com*

AMM:amm (KYL_SF461294)

SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING
## The Swedish Club
Est. 1872

# CERTIFICATE OF ENTRY

## Protection & Indemnity Insurance

Risk Ref. No.:    2007PI0081 - 9231743

Legal Assured:    NSB Niederelbe          As managers
                  Schiffahrtsgesellschaft mbH
                  & Co. KG

Vessel:    **COSCO BUSAN**
IMO No:    9231743
GT:        65,131
Built:     2001

Period of Insurance:    From 20-Feb-2007, 1200 GMT (0 ) until 20-Feb-2008, 1200 GMT (0 )

## Main Conditions

This is to certify that above-named Assured is a Member of The Swedish Club and that the vessel stated above is entered with The Swedish Club for Protection & Indemnity Insurance on full cover as per current Rules for Protection & Indemnity. The limit of liability for Oil Pollution is USD 1,000,000,000. In respect of P&I Excess War Risk Cover the limit is USD 500,000,000 and in respect of certain war and terrorist risk the liabilities arising from Bio-Chem etc, the limit is USD 30,000,000.

Subject always to the Rules of the Association and the terms of entry for the Assured, the following is included in the cover:

Liability for pollution (caused by a spillage of oil or any hazardous and noxious substances) (Rule 6)

Wreck Removal liability (Rule 7 section 5)

In respect of the risks insured hereunder, to the extent the Member is insured for pollution risks under any other Insurance, cover hereunder shall be null, void and of no effect, up to the limits of said other insurance. Above the limits of said other insurance, cover under this insurance shall remain in effect, subject always to the limits herein which are applicable to such risks, to any deductible(s), and to the other terms, conditions and Club Rules. In the event the limits available under such other insurance are the same

1

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501
www.swedishclub.com

SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING
# The Swedish Club
Est. 1872

as or greater than the limits available for pollution losses under this insurance, then this insurance shall be null, void and of no effect with regard to such claims. In the event the limits of said other insurance are less than the limits available hereunder, this insurance shall respond up to the limits set forth herein for pollution losses, but only for the amount by which any such losses exceed the stated limits of such other insurance, and then only up to the limits set forth herein for pollution losses. This insurance shall respond only in excess of the stated limits of the other insurance, whether or not the full amount of such other policy limits, or any amount at all, is recoverable thereunder.

Notwithstanding the Terms of Rule (11:6), this insurance will not provide any recovery in respect of liabilities insured under any other insurance, or provide pro rated or allocated cover, on the basis of double insurance or otherwise, except as set forth above; nor will this insurance replace any other insurance where (for whatever reason) that other insurance does not or is not able to respond to a claim thereunder.

This certificate of entry is evidence only of the contract of indemnity insurance between the above named Member(s) and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

In the event that a Member tenders this certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party, as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

*Göteborg, 12-Feb-2007*
**Sveriges Ångfartygs Assurans Förening**
**The Swedish Club**

2

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501

www.swedishclub.com

SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING
# The Swedish Club
Est. 1872

Attachment to Risk Ref. No:  2007PI0081 - 9231743
Vessel:                      **COSCO BUSAN**

| Deductibles | USD | 5,000 | Cargo liability |
|---|---|---|---|
| | USD | 2,500 | Crew liability |
| | USD | 5,000 | Other P&I risks |

The deductible for cargo liability is for each single voyage, all other deductibles applicable
on each accident or occurrence, unless otherwise stated.
The deductible for cargo liability to be increased by 100% for liability in respect of
damage to cargo caused by leaking hatches and/or hull. This deductible is also applied in
respect of liability to passenger's belongings and/or luggage.

Trading:              World wide

Joint Member(s):      Conti 1. Container        As owners
                      Schiffahrts- GmbH & Co. KG
                      MS "CONTI CAIRO"

Co-Assured(s):        Columbia Shipmanagement
                      Ltd.

The interest of the following Mortgagee(s) / Assignee(s) is noted:
Mortgagee(s):         HSH Nordbank AG
                      Deutsche Schiffsbank
                      Commerzbank AG, Filiale
                      Hamburg

## Special Conditions

Rule 3, section 1(b) - excluded insofar as this liability is covered by social security
schemes or additional insurance is arranged by the Member or his Agents. (Relates to
crew illness etc.)
Rule 3, section 2, first paragraph - excluded insofar as this liability is covered by social
security schemes or additional insurance is arranged by the Member or his Agents.
(Relates to crew wages etc.)
Rule 4, section 2, first paragraph - excluded (relates to through transport)
Rule 7, section 2(a) - excluded but excess collision liability covered. (Relates to 1/4ths
collision liability)
Rule 7, section 3, first paragraph - excluded but excess liability covered. (Relates to
liability for fixed and floating objects.)

3

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501
www.swedishclub.com

SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING
## The Swedish Club
Est. 1872

# Vessel Addendum

Risk Ref No:          2007PI0081
Client:               NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG
Sub Class:            Protection & Indemnity Insurance
Insurance Period:     20-Feb-2007 - 19-Feb-2008

| Vessel | IMO | Description | Type | New Value | Effective From |
|--------|-----|-------------|------|-----------|----------------|
| COSCO BUSAN | 9231743 | Period To | Amendment | 24 Oct 2007 | 20-Feb-2007 |

*Göteborg, 30-Oct-2007*
**Sveriges Ångfartygs Assurans Förening
The Swedish Club**

1  JOHN D. GIFFIN, CASB NO. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center
   Suite 1500
5  San Francisco, California 94111
   Telephone:   (415) 398-6000
6  Facsimile:   (415) 981-0136
7

8  Attorneys for:
9  REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10              UNITED STATES DISTRICT COURT
11
12              NORTHERN DISTRICT CALIFORNIA
13

14
15  CHELSEA, LLC, MARK RUSSO, ALLEN )   Case No. C 07 05800 (SC)
    LORETZ, and IVAN SIMPSON,       )
16  individually and on behalf of all others )  **DECLARATION OF JOSEF**
    similarly situated,             )   **SEDLMEYR**
17                                  )
                         Plaintiffs, )
18                                  )
          vs.                       )
19                                  )
    REGAL STONE, LTD., HANJIN       )
20  SHIPPING, CO., LTD., CONTI CAIRO )
    KG, NSB NEIDERELBE, SYNERGY     )
21  MARITIME, LTD., *IN PERSONAM*, M/V )
    COSCO BUSAN, their engines, tackle, )
22  equipment, appurtenances, freights, and )
    cargo *IN REM*,                 )
23                                  )
24                       Defendant.  )
25

26       I, Josef Sedlmeyr, declare as follows:
27       1.       I am one of the two Managing Directors of the Conti 1. Container
28  Schiffahrts-GmbH & Co. KG ("Conti Cairo"). I have personal knowledge of the matters
                                   - 1 -
                                                          KYL_SF460988
    DECLARATION OF JOSEF SEDLMEYR - Case No. C 07 05800 (SC)

1    set forth in this Declaration, and if called to testify, I could and would competently

2    testify to those matters.

3          2.      On June 25, 2001, NSB entered into a "Ship Management

4    Agreement" with Conti Cairo. Under this agreement, NSB agreed to manage the

5    COSCO BUSAN (formerly named the MV CONTI CAIRO). As Ship Manager, NSB's

6    duties included operating, manning, servicing and inspecting the vessel.

7          3.      Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

8          4.      On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

9    Stone, Ltd.

10         5.      Conti Cairo's obligations as the owner of the COSCO BUSAN

11    terminated with the sale of the vessel. As of October 24, 2007, Conti Cairo no longer

12    owned the COSCO BUSAN and had no relationship to the vessel.

13         6.      Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

14    coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date,

15    the responsibility to place insurance for the benefit of the vessel's owners and managers

16    became the responsibility of the vessel's new owners. Neither Conti Cairo nor NSB had

17    any further responsibility concerning insurance coverage for the vessel.

18

19

20    Executed this 1st day of April 2008, in Munich, Germany. I declare under

21    penalty of perjury under the laws of the United States of America and the State of

22    California that the foregoing is true and correct.

23

24                               _____

25                                  Josef Sedlmeyr

26

27

28

-2-

DECLARATION OF JOSEF SEDLMEYR - Case No. C 07 05800 (SC)

1   JOHN D. GIFFIN, CASB NO. 89608
    john.giffin@kyl.com
2   JULIE L. TAYLOR, CASB NO. 154341
    julie.taylor@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   Four Embarcadero Center
    Suite 1500
5   San Francisco, California 94111
    Telephone:   (415) 398-6000
6   Facsimile:   (415) 981-0136
7

8   Attorneys for:

9   REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10            UNITED STATES DISTRICT COURT

11

12            NORTHERN DISTRICT CALIFORNIA

13

14

15   CHELSEA, LLC, MARK RUSSO, ALLEN  )  Case No. C 07 05800 (SC)
    LORETZ, and IVAN SIMPSON,      )
16   individually and on behalf of all others  )  **DECLARATION OF HELMUT**
    similarly situated,            )  **PONATH**
17                          )
               Plaintiffs,   )
18                          )
19       vs.                    )
                         )
20   REGAL STONE, LTD., HANJIN      )
    SHIPPING, CO., LTD., CONTI CAIRO  )
21   KG, NSB NEIDERELBE, SYNERGY   )
    MARITIME, LTD., *IN PERSONAM*, M/V )
22   COSCO BUSAN, their engines, tackle,  )
    equipment, appurtenances, freights, and )
23   cargo *IN REM*,               )
                         )
24                Defendant.  )
25

26       I, Helmut Ponath, declare as follows:

27       1.     I am the president of NSB Niederelbe Schiffahrtsgesellschaft mbH &

28   Co., KG, Buxtehude ("NSB"). I have personal knowledge of the matters set forth in this

                            - 1 -            KYL_SF460975

1  Declaration, and if called to testify, I could and would competently testify to those

2  matters.

3        2.      On June 25, 2001, NSB entered into a "Ship Management

4  Agreement" with Conti Cairo KG ("Conti Cairo"). Under this agreement, NSB agreed to

5  manage the COSCO BUSAN (formerly named the MV CONTI CAIRO). As Ship

6  Manager, NSB's duties included operating, manning, servicing and inspecting the

7  vessel.

8        3.      Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

9        4.      On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

10  Stone, Ltd.

11        5.      NSB's obligations as the COSCO BUSAN's manager terminated with

12  Conti Cairo's sale of the vessel. As of October 24, 2007, NSB was no longer manager of

13  the COSCO BUSAN and had no relationship to the vessel.

14        6.      Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

15  coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date,

16  the responsibility to place insurance for the benefit of the vessel's owners and managers

17  became the responsibility of the vessel's new owners. Neither Conti Cairo nor NSB had

18  any further responsibility concerning insurance coverage for the vessel.

19

20

21        Executed this _01_ day of April 2008, in Buxtehude, Germany. I declare under

22  penalty of perjury under the laws of the United States of America and the State of

23  California that the foregoing is true and correct.

24

25                          _Helm + Ponath_

26                          Helmut Ponath

27

28                          - 2 -                          KYL_SF460975

DECLARATION OF HELMUT PONATH - Case No. C 07 05800 (SC)

1   JOHN D. GIFFIN, CASB NO. 89608
    john.giffin@kyl.com
2   JULIE L. TAYLOR, CASB NO. 154341
    julie.taylor@kyl.com
3   KEESAL, YOUNG & LOGAN
4   A Professional Corporation
    Four Embarcadero Center
5   Suite 1500
    San Francisco, California 94111
6   Telephone:   (415) 898-6000
7   Facsimile:   (415) 981-0136

8   Attorneys for:
9   REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10              UNITED STATES DISTRICT COURT

11

12              NORTHERN DISTRICT CALIFORNIA

13

14

15  CHELSEA, LLC, MARK RUSSO, ALLEN    Case No. C 07 05800 (SC)
    LORETZ, and IVAN SIMPSON,
16  individually and on behalf of all others    DECLARATION OF CHRISTOPH
    similarly situated,                         WIZIGMANN
17
                        Plaintiffs,
18
19          vs.
20  REGAL STONE, LTD., HANJIN
    SHIPPING, CO., LTD., CONTI CAIRO
21  KG, NSB NEIDERELBE, SYNERGY
    MARITIME, LTD., *IN PERSONAM*, M/V
22  COSCO BUSAN, their engines, tackle,
    equipment, appurtenances, freights, and
23  cargo *IN REM*,
24                      Defendant.
25

26          I, Christoph Wizigmann, declare as follows:

27          1.      I am one of the two Managing Directors of the Conti 1. Container

28  Schiffahrts-GmbH & Co. KG ("Conti Cairo"). I have personal knowledge of the matters

                                    - 1 -
                                                            KYL_SF461100
    DECLARATION OF CHRISTOPH WIZIGMANN - Case No. C 07 05800 (SC)

1    set forth in this Declaration, and if called to testify, I could and would competently

2    testify to those matters.

3           2.       On June 25, 2001, NSB entered into a "Ship Management

4    Agreement" with Conti Cairo. Under this agreement, NSB agreed to manage the

5    COSCO BUSAN (formerly named the MV CONTI CAIRO). As Ship Manager, NSB's

6    duties included operating, manning, servicing and inspecting the vessel.

7           3.       Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

8           4.       On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

9    Stone, Ltd.

10          5.       Conti Cairo's obligations as the owner of the COSCO BUSAN

11   terminated with the sale of the vessel. As of October 24, 2007, Conti Cairo no longer

12   owned the COSCO BUSAN and had no relationship to the vessel.

13          6.       Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

14   coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date,

15   the responsibility to place insurance for the benefit of the vessel's owners and managers

16   became the responsibility of the vessel's new owners. Neither Conti Cairo nor NSB had

17   any further responsibility concerning insurance coverage for the vessel.

18

19

20          Executed this _1st_ day of April 2008, in Munich, Germany. I declare under

21   penalty of perjury under the laws of the United States of America and the State of

22   California that the foregoing is true and correct.

23

24          _____

25                   Christoph Wizigmann

26

27

28

- 2 -

DECLARATION OF CHRISTOPH WIZIGMANN · Case No. C 07 05800 (SC)

04/07/08  MON 10:10 FAX 1 415 981 0136    KEESAL, YOUNG & LOGAN    ☒001

```
************************
***    TX REPORT    ***
************************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4860 |
| CONNECTION TEL | ##01546#5682556# |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/07 16:06 |
| USAGE T | 04'26 |
| PGS. | 13 |
| RESULT | OK |

**LAW OFFICES**

**KEESAL, YOUNG & LOGAN**

A PROFESSIONAL CORPORATION

SUITE 1500

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111

(415) 398-6000

FAX: (415) 981-0136

*LONG BEACH OFFICE*
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

*SEATTLE OFFICE*
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

*ANCHORAGE OFFICE*
SUITE 650
1029 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
FAX: (907) 279-4239

*HONG KONG OFFICE*
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-6189

# FACSIMILE

**DATE:** April 7, 2008

**TO:**    William M. Audet, Esq.
           Michael McShane, Esq.                    **YOUR REF:** _____

**FAX:**    (415) 568-2556    _____

**FROM:**   Annie M. Moriarty, Esq.    _____    **OUR REF:**    2418-229

**No. of pages including this sheet:**    13    _____

If there is a problem receiving this transmission, please call *(415) 398-6000*.

## CONFIDENTIALITY NOTICE

"WARNING: Unauthorized interception of this telephonic communication could be a violation of federal law" The information contained in this facsimile message is confidential and is intended only for the individuals or entities named above. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to the intended recipient), please be advised that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify us by telephone to arrange for return of the original documents.  Thank you.

**Re:    COSCO BUSAN**

LAW OFFICES
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136
www.kyl.com

April 11, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO *†
MICHELE R. FRON
ELIZABETH R BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JODI S. COHEN
PHILIP R. LEMPRIERE *◊
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS *†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANOMEISTER
MARC B. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM*
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM ‡
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR ◊
NANCY HARRISS †
FRANCES L. KEELER

◊ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
≠ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
   OF HONG KONG & ADMITTED IN NEW YORK
□ SOLICITOR ADMITTED IN ENGLAND, WALES AND
   NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

### Via Facsimile - 415-568-2556
### and U.S. Mail

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

      Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           USDC Case No. C-07-5800-SC
           Our File No.: 2418-229

Dear Mr. Audet:

      We are writing to respond your letter, dated April 8, 2008, in which you indicated that you would discuss the issue of whether you would agree to voluntarily dismiss NSB Neiderlbe ("NSB") and Conti Cairo KG ("Conti Cairo") with your co-counsel.

      You continue to mistakenly assert, without any supporting authority, that even though NSB and Conti Cairo did not own or manage the COSCO BUSAN at the time of the spill, they are not absolved from liability under maritime law. We are unaware of any legal basis, even theoretical, that would support such a contention under the instant circumstances. If you are aware of any supporting authority we ask that you immediately bring it to our attention.

      You also appear to be concerned that because this is a class action we need to seek court approval even for a voluntary dismissal. It is our experience that obtaining court approval for a voluntary dismissal is not a difficult process. Furthermore, upon receiving documents (which we have previously provided to you) showing that NSB and Conti Cairo were not owners or managers of the COSCO BUSAN at the time of the spill, we are confident that the Court will readily approve the dismissal of these improper parties. Of course, NSB and Conti Cairo will fully

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
April 11, 2008
Page 2

Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
USDC Case No. C-07-5800-SC
Our File No.: 2418-229

cooperate in this process. As far as agreeing to a "class tolling agreement", we assume that you mean that should Plaintiffs voluntarily dismiss NSB and Conti Cairo they would do so without prejudice. We would appreciate clarification.

You have also previously relayed your concern that the United States Coast Guard was looking into NSB and Conti Cairo's involvement into the spill. In fact, on March 12, 2008, Conti Cairo received a letter from Commander P.D. Thorne, United States Coast Guard. In that letter, Commander Thorne stated that documents taken from the vessel indicated that Conti Cairo was the COSCO BUSAN's owner, operator, or managing operator. However, in a subsequent letter, dated April 1, 2008, Commander Thorne recognized that Conti Cairo was a ***former*** owner of the vessel and that he sent the previous letter to Conti Conti in error. He apologized for the confusion and updated the Coast Guard's files. We have enclosed these letters, with the sensitive portions redacted, and trust that they will provide you will further assurance that NSB and Conti Cairo should be dismissed from this lawsuit.

We intend to bring to the Court's attention at the upcoming Case Management Conference the fact that we have provided you with documentation and declarations proving that NSB and Conti Cairo are not proper parties to this lawsuit. We will also advise the Court that if Plaintiffs do not voluntarily dismiss NSB and Conti Cairo, Defendants will specially appear in order to file a Motion to Dismiss.

Please feel free to contact me if you would like to discuss these matters further.

Very truly yours,

*Annie Moriarty*

Annie Moriarty
*anniemoriary@kyl.com*

AMM:amm (KYL_SF461576)

U.S. Department of
Homeland Security

United States
Coast Guard

Commandant
United States Coast Guard

2100 Second Street, SW
Washington, DC 20593-001
Staff Symbol: CG-5432
Phone: (202) 372-1251
FAX: (202) 372-1917/1918
E-Mail: hqs-pf-fldr-cg-543@uscg.mil

EINGEGANGEN

1 2. März 2008

Erl..............

16711/ COSCO BUSAN

MAR 3 2008

Conti Cairo KG
Harburger Strasse 47-51
21614 Buxtehude
Germany

Dear Sir/Madam:

On November 09, 2007, the COSCO BUSAN, 9231743, was subject to a Port State Control safety-related detention by the United States Coast Guard in the port of San Francisco, California. Information taken from the vessel's documents indicate that you are the vessel's owner, operator, or managing operator.

You may request reconsideration of a decision by the COTP directly to the official who issued the order. Please refer to Title 46, Code of Federal Regulations, Subpart 1.03 for more information. Furthermore, if you believe that you are not the detained vessel's owner, operator, manager and/or charterer, you should immediately provide documentation to substantiate your claim to the above address.

16711/ COSCO BUSAN

If you provide evidence that you are the owner, operator or managing operator of at least 25 vessels that visit U.S. ports, your company will not appear on the targeted Ship Management List unless you are associated with at least three detentions within 12 months.  Please refer to the following web site for more information:

http://homeport.uscg.mil/mycg/portal/ep/programView.do?channelId=-18371programId=21428

You may also visit our general website, which has information on U.S. PSC policies and procedures, including ISM Code enforcement and our risk-based boarding program as well as links to other regional MOU's on PSC and the International Maritime Organization (IMO):

http://homeport.uscg.mil/mycg/portal/ep/browse.do?channelId=-18371

Sincerely,

P. D. THORNE
Commander, U.S. Coast Guard
Chief, Foreign and Offshore Vessels Division
By direction

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commandant
United States Coast Guard

2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-5432
Phone: (202) 372-1251
Fax: (202) 372-1917
Email: HQS-PF-fldr-CG-543@uscg.mil

16711/COSCO BUSAN

APR 1 - 2008

Contri Cairo KG
Harburger Strasse 47-51
21614 Buxtehude
Germany

Dear Sir/Ma'am:

I reviewed the information regarding the Owner/Operators associated with the November 9, 2007 detention of the M/V COSCO BUSAN, IMO # 9231743, and have determined Contri Cairo was a previous registered owner of this vessel.

It has come to our attention that your company inadvertently received our letter. We apologize for any confusion this may have caused and have updated our files. Please inform us if our corrective actions are in error.

If you have any further questions about this matter, please call Lieutenant Commander Frances Fazio or myself at the above phone number.

Sincerely,

P. D. THORNE
Commander
U.S. Coast Guard
Chief, Foreign Vessel and Offshore Activities
By direction

04/11/08  FRI 16:34 FAX 1 415 981 0136     KEESAL, YOUNG & LOGAN                    @001

```
                    *********************
                ***    TX REPORT    ***
                    *********************


        TRANSMISSION OK

        TX/RX NO            4875
        CONNECTION TEL          ##02955#5682556#
        SUBADDRESS
        CONNECTION ID
        ST. TIME            04/11 16:32
        USAGE T             02'16
        PGS.                  6
        RESULT              OK
```

*LONG BEACH OFFICE*
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

*SEATTLE OFFICE*
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

**LAW OFFICES**

# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-6000
FAX: (415) 981-0136

# FACSIMILE
**DATE:** April 11, 2008

*ANCHORAGE OFFICE*
SUITE 650
1029 WEST 3ᴿᴰ AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
FAX: (907) 279-4239

*HONG KONG OFFICE*
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-6189

**TO:**  William M. Audet, Esq.                    **YOUR REF:** _____

**FAX:**  (415) 568-2556

**FROM:**  Annie Moriarty, Esq. _____    **OUR REF:**  2418-229

No. of pages including this sheet:             6

If there is a problem receiving this transmission, please call *(415) 398-6000.*
### *CONFIDENTIALITY NOTICE*

"WARNING: Unauthorized interception of this telephonic communication could be a violation of federal law" The information contained in this facsimile message is confidential and is intended only for the individuals or entities named above. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to the intended recipient), please be advised that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify us by telephone to arrange for return of the original documents. Thank you.

**RE:**  Chelsea LLC et. al. v. Regal Stone, Ltd. et. al.
United States District Court, Northern District of California
Case No. C 07 05800 (SC)

LAW OFFICES
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO*†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR.*†
JODI S. COHEN
PHILIP M. LEMPRIERE*•
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC M. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TANG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM†
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

OF COUNSEL:
ROBERT H. LOGAN
RICHARD A. APPELBAUM ‡
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR □
NANCY HARRISS *
FRANCES L. KEELER

SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136
www.kyl.com

March 5, 2008

* ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
§ ADMITTED IN WASHINGTON & CALIFORNIA
‡ ADMITTED IN ALASKA & CALIFORNIA
• ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
□ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

<u>*Via Facsimile - 415-568-2556*</u>
<u>*and U.S. Mail*</u>

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Re:   *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
      Our File No.: 2418-230

Dear Messrs. Audet and McShane:

As you know, we represent Regal Stone Limited in the above referenced matter. We are writing to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this matter. As you and my partner John Giffin have previously discussed, Conti Cairo and NSB did not own the COSCO BUSAN at the time of the oil spill on November 7, 2007.

On February 13, 2008, Mr. Giffin asked you to dismiss Conti Cairo and NSB. You informed him that you would do so if we could provide documents showing that, as of November 7, 2007, neither company owned or managed the COSCO BUSAN.

Enclosed please find documents that show that neither Conti Cairo or NSB owned the COSCO BUSAN on November 7, 2007.

1.   Bill of Sale for the COSCO BUSAN, dated October 15, 2007. This document shows the Transferor as Conti Cairo and the Transferee as Regal Stone Limited;

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
March 5, 2008
Page 2

Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
Our File No.: 2418-230

2.    Certified Copy of the "Transcript of Register" from the Hong
Kong Marine Department, dated October 30, 2007. This
document shows the owner of the COSCO BUSAN as Regal
Stone Limited; and

3.    Ship Management Agreement between Conti Cairo and NSB,
dated June 25, 2001. The original Ship Management Agreement
("Agreement") is in German. We arranged to translate the
Agreement to English. We have attached the certificate of
authorization. Section 8, No. 4 of the Agreement states: "This
agreement shall end with the sale or total loss of the vessel."[1]

Please inform us of whether you intend to voluntarily dismiss Conti Cairo
and NSB based on the enclosed. If you would like to discuss this matter further,
please do not hesitate to call the undersigned.

Best regards,

Julie L. Taylor
*julie.taylor@kyl.com*

JLT:llj(KYL_SF460480)
Enclosures

---

[1] Sensitive portions of this agreement have been redacted. Parties to this agreement have not been
redacted.

UK Hone Nr. S 0020 1104

MARINE DEPARTMENT
HONG KONG, CHINA
中國香港海事處

**BILL OF SALE**

**賣 據**

Note 1 : *A purchaser of a registered Hong Kong ship does not obtain a complete title until the Bill of Sale has been recorded at the Hong Kong Shipping Registry.*

Note 2 : *To facilitate entries into the Register and issue of Certificate of Registry, please provide information in English.*

註 1 : 若未經購得香港船舶註冊處登記，則香港註冊船舶的買家不能獲得聯結船舶的完整權權。

註 2 : 為方便以電腦整理資料和編印註冊證明書，請用英文填寫。

| Official number註冊編號 | Name of ship 船舶名稱 | How Propelled 推進裝置 |
|---|---|---|
| 19545 | COSCO BUSAN | MAN B&W 10K98MC-C |

| Gross tonnage 總噸位 | Register/Net tonnage 註冊/淨噸位 | Total Engine(s) Power (kw) 主機總功率(千瓦) |
|---|---|---|
| 65,131 tons | 34,078 tons | 57,100 kw |

| Length (metre) 長度 (米) | Breadth (metre) 寬度 (米) | Moulded depth (metre) 壁深 (米) |
|---|---|---|
| 274.67 m | 40.00 m | 24.20 m |

and as described in more detail in the Certificate of Survey/Register of ships 以及在驗船證明書/船舶註冊紀錄冊內更詳盡的記述

| Transferor(s) 移轉人 | Full Name(s) 名稱全寫 | Address(es) 地址 |
|---|---|---|
| I/We, the transferor(s)<br>本人/我們為移轉人 ， | CONTI 1. Container Schifffahrts-GmbH & Co. KG MS "CONTI CAIRO" | Paul-Wassermann-Str. 5, 81829 München, Germany |

| in consideration of the sum of 因應以下承轉人總付金額 | US $ 1.00 and other good and valuable consideration | paid to me/us by 給本人/我們 ， |
|---|---|---|

| Transferee(s) 承轉人 | Full Name(s) 名稱全寫 | Address(es) 地址 | Occupation(s) 職業 (applicable to individual only) (祇適用於個別人士) |
|---|---|---|---|
| the transferees(s)<br>(Add "as joint owner" if this is the case)<br>承轉人<br>(如果是"聯名船東"，請加以註明) | Regal Stone Limited | Room 1603 MassMutual Tower, 38 Gloucester Road, Wanchai, Hong Kong, P.R. of China | Corporation |

The receipt of which is acknowledged, TRANSFER [100/100 shares] *shares/parts/percentage in the above ship and in her boats and appurtenances to the transferee(s).

在認收該筆款項後，現將上述船舶及其救生艇與輔助設備 _____ *分額/部分/百分比 的福益移轉予承轉人。

Further, we the said transferor(s) for ourselves and our heirs or successors covenant with the said transferee(s) and their assigns, that we have power to transfer in manner aforesaid the premises hereinbefore expressed to be transferred, and that the same are free from encumbrances, charges, liens, mortgages, and any other debts or claims whatsoever.

同時，本人/我們(即上述移轉人)代表本人/我們及本人/我們的繼承人與上述承轉人及其受讓人立下契約，本人/我們有權以上述方式移轉上述產業，而該產業並無產權負擔。

[ ]

(If any subsisting encumbrances insert "save as appears by the registry of the said ship")

(如該船舶仍有產權負擔，請加入 "除上述船舶註冊紀錄冊內另有顯示的產權負擔外")

P.T.O. 請轉後頁

- 2 -

*For completion by individual who is SOLE OWNER or Individuals who are JOINT OWNERS*
屬唯一船東或聯名船東的個別人士，請填寫這部分

In witness whereof I/we have hereunto subscribed my/our names and affixed my/our seal on _____
本人/我們謹於_____年____月____日在此簽署並蓋上本人/我們的印章。

Executed by the above named transferor(s) in the presence of :-
上述移轉人在以下見證人面前簽立

SEAL<br>印章

Signature of witness
證人簽署                    _____                Signature of transferor
                                                        移轉人簽署     _____
Full name
姓名全寫                    _____
Address
地址                       _____
Occupation
職業                       _____                Signature of transferor
                                                        移轉人簽署     _____

---

*For completion by BODY CORPORATE*
屬法人團體者，請填寫這部分

In witness whereof we have executed this Bill of Sale on the 15th day of October 2007.
SIGNED, SEALED and DELIVERED
for and on behalf of CONTI 1. Container Schiffahrts-GmbH & Co. KG MS "CONTI C
by its Attorney-in-Fact, Mr. Josef Sedlmeyr,
pursuant to a Power of Attorney dated the 15th day of October 2007,
in the presence of :

SEAL<br>印章

Walter Singer, Notary Public
我們謹於_____年____月____日在以下見證人面前蓋上本法團的印章。

Signature of witness
見證人簽署                  _____                Status
                                                        身分   Josef Sedlmeyr, Attorney-in-Fact
                                                             (director, secretary etc. according to the company's articles)
                                                             (董事.秘書等，按公司組織細則而定)

Signature of witness
見證人簽署                  _____                Status
                                                        身分   _____
                                                             (director, secretary etc. according to the company's articles)
                                                             (董事.秘書等，按公司組織細則而定)

231

Form No. RS/T1



# TRANSCRIPT OF REGISTER
# 船 舶 註 冊 紀 錄 冊 抄 本

## PARTICULARS OF SHIP　船　舶　資　料

| | | | |
|---|---|---|---|
| **Name of Ship**<br>船　名 | COSCO BUSAN | **IMO No.**<br>國際海事組織編號 | 9231743 |
| **Port of Registry**<br>註　冊　港 | HONG KONG<br>香　港 | **Call Sign**<br>呼　號 | VRDI6 |
| **Official No.**<br>註冊編號 | HK-2012 | **Date of Registry**<br>註冊日期 | 30-OCT-2007 |
| **Type of Ship**<br>船舶類型 | CONTAINER | **Material of Hull**<br>船體材料 | STEEL |
| **Date Keel Laid**<br>龍骨安放日期 | 25 JUNE 2001 | | |

**Name and Address of Builder**　HYUNDAI HEAVY IND. CO., LTD.
造船廠名稱、地址　　　　　　　1, CHEONHA-DONG, DONG-GU, ULSAN 682-792, REP. OF KOREA.

| | | | |
|---|---|---|---|
| **Length**<br>長　度 | 265.060 metres | **Breadth**<br>寬　度 | 40.000 metres |
| **Moulded Depth**<br>型　深 | 20.160 metres | | |
| **Gross Tonnag**<br>總噸位 | 65,131 tons | **Net Tonnage**<br>淨噸位 | 34,078 tons |
| **Main Engine Type**<br>主機種類 | DIESEL | **Engine Make and Model**<br>主機名稱、型號 | HYUNDAI 10 K 98MC-C |
| **No. of Sets of Engine**<br>主機台數 | 1 | **Total Engine Power**<br>主機總功率 | 57100 KW |
| **How Propelled**<br>推進裝置 | PROPELLER | **No. of Shafts**<br>軸　數 | 1 |

MARINE DEPARTMENT
HONG KONG, CHINA
中 國 香 港 海 事 處

Form No. RS/T1



# TRANSCRIPT OF REGISTER
# 船 舶 註 冊 紀 錄 冊 抄 本

## PARTICULARS OF OWNER(S) / REPRESENTATIVE PERSON 船東 / 代表人資料

**Total Interest in the Ship** 船舶權益總額 ：  100 Percentage

### Name of Representative Person and Address
### 代表人姓名 / 名稱及地址

FLEET MANAGEMENT LIMITED
RM. 1603, 16/F, MASSMUTUAL TOWER,
38 GLOUCESTER ROAD,
HONG KONG.

| Name, Address, and Description of Owners 船東姓名 / 名稱、地址等資料 | Percentage of Interest Held 權益百分比數目 |
|---|---|
| REGAL STONE LIMITED RM. 1603, 16/F, MASSMUTUAL TOWER, 38 GLOUCESTER ROAD, HONG KONG. | 100.00 |

**Place of Incorporation/Registration** 公司成立/註冊地點 ：   HONG KONG

## DETAILS OF MORTGAGE 抵 押 資 料

**Mortgage Code** 抵押編碼： A
**Property of Ship Affected** 所涉及船舶財產權：  100 Percentage

**Name of Mortgagor**
抵押人姓名/名稱                                    **Place of Incorporation/Registration**
                                                 公司成立/註冊地點
REGAL STONE LIMITED                              HONG KONG

**Name and Address of Mortgagee**
抵押權人姓名/名稱、地址

CITIBANK, N.A.                                    **Tel. No.**
CITICORP CENTRE, 33 CANADA SQUARE,               電話號碼
CANARY WHARF,                                    **Fax No.**    44(0) 20 7500 5877
LONDON E14 5LB.                                  傳真號碼
                                                 **Telex No.**
                                                 電傳號碼

Form No. RS/T1



# TRANSCRIPT OF REGISTER
# 船舶註冊紀錄冊抄本

DETAILS OF MORTGAGE 抵 押 資 料

| Date & Hour of Registry 註冊日期、時間 | Nature of Transaction 抵押細節 |
|---|---|
| 24-OCT-2007 19:05 | MORTGAGE "A" DATED 24 OCTOBER 2007 TO SECURE OBLIGATION(S) PURSUANT TO: (1) LOAN AGREEMENT DATED 25 SEPTEMBER 2007; (2) MASTER AGREEMENT DATED 26 SEPTEMBER 2007 BETWEEN (1) THE MORTGAGEE, AS PARTY A AND (2) VIVID MIND LIMITED, CHARMING ENERGETIC LIMITED, DYNAMIC CONTINENTAL LIMITED, PERPETUAL JOY LIMITED AND THE MORTGAGOR, AS PARTY B; (3) MASTER AGREEMENT DATED 25 SEPTEMBER 2007 BETWEEN (1) BANK OF SCOTLAND PLC, AS PARTY A, AND (2) VIVID MIND LIMITED, CHARMING ENERGETIC LIMITED, DYNAMIC CONTINENTAL LIMITED, PERPETUAL JOY LIMITED AND THE MORTGAGOR, AS PARTY B; (4) DEED OF COVENANT DATED 24 OCTOBER 2007; (5) AGENCY AND TRUST DEED DATED 25 SEPTEMBER 2007; (6) MASTER AGREEMENT SECURITY DEED DATED 25 SEPTEMBER 2007; (7) ACCOUNT SECURITY DEED DATED 25 SEPTEMBER 2007; (8) NAUTILUS GUARANTEE DATED 25 SEPTEMBER 2007; (9) SHARE PLEDGES DATED 25 SEPTEMBER 2007; (10) THE OTHER FINANCE DOCUMENTS AS DEFINED AND REFERRED TO IN CLAUSE 1.1 OF THE LOAN AGREEMENT MENTIONED ABOVE TO WHICH THE MORTGAGOR IS OR WILL BE A PARTY. |

I hereby certify that the foregoing printed particulars are a true extract from the Register now in my charge, showing the descriptive particulars, registered ownership and details of mortgage of this vessel "COSCO BUSAN" - Official Number HK-2012, as at 30th October 2007.
茲證明上文所印資料為本人主管的船舶註冊紀錄冊的真確摘錄, 以示截至 2007 年 10 月 30 日為止, 本船的一般資料、註冊所有權, 以及抵押資料。

This Transcript of Register was issued on 29th February 2008 at 14:52.

本船舶註冊紀錄冊抄本發出日期、時間為  2008 年 2 月 29 日 14 時 52 分。

WU Kwong Shing  (Assistant Registrar)
Registrar of Ships  船舶註冊官

SHIP MANAGEMENT AGREEMENT

between

CONTI 1. Container Schiffahrts-GmbH & Co. KG

MS "CONTI CAIRO"

- hereinafter referred to as "the Shipping Company" -

and

NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Buxtehude

- hereinafter referred to as "the Ship Manager" –

The following ship management agreement has been concluded between the above parties:

§1

Following handover to the Shipping Company, the Ship Manager shall be appointed contract carrier for the motor vessel MS "CONTI CAIRO"

Construction no. 1381

belonging to the Hyundai Corporation, Seoul, South Korea and Hyundai Heavy Industries Co. Ltd., Ulsan, South Korea.

REDACTED

REDACTED

§ 8

REDACTED

2. Termination of the ship management agreement shall not exclude the possibility of terminating the ship management agreement for good cause.

3. This agreement must be terminated in writing.

4. This agreement shall end with the sale or total loss of the vessel.

§9

1. In the event that individual provisions in this agreement become null and void or ineffective, this shall not affect the legal validity of the remainder of the agreement. The null and void or ineffective provisions shall be reinterpreted so as to achieve the original economic purpose intended.

Putzbrunn/Buxtehude, 6/25/2001

[signature]                                    [signature]

CONTI 1. Container Schiffahrts-GmbH & Co. KG    NSB Niederelbe Schiffahrtsgesellschaft
MS "CONTI CAIRO"                                mbH & Co. KG

# BEREEDERUNGSVERTRAG

### zwischen der

## CONTI 1. Container Schiffahrts-GmbH & Co. KG
## MS "CONTI CAIRO"
#### - nachstehend Reederei genannt -

### und der

## NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Buxtehude
#### - nachstehend Bereederer genannt -

wird folgender Bereederungsvertrag geschlossen:

### § 1

Der Bereederer wird ab Ablieferung an die Reederei zum Vertragsreeder für das Motorschiff
MS " CONTI CAIRO"

Bau-Nr. 1381

der Hyundai Corporation, Seoul, Südkorea, und der Hyundai Heavy Industries Co. Ltd., Ulsan,
Südkorea, bestellt.

# REDACTED

REDACTED

§ 8

REDACTED

2. Eine Kündigung des Bereederungsvertrages aus wichtigem Grunde wird hierdurch nicht ausgeschlossen.

3. Jede Kündigung bedarf der schriftlichen Form.

4. Dieser Vertrag endet mit Verkauf oder Totalverlust des Schiffes.

§ 9

1. Sollten einzelne Bestimmungen dieses Vertrages nichtig sein oder unwirksam werden, so soll dies die Rechtswirksamkeit des übrigen Vertragsinhaltes nicht berühren. Die nichtigen oder unwirksamen Bestimmungen sind so umzudeuten, dass der mit ihnen beabsichtigte wirtschaftliche Zweck erreicht wird.

Putzbrunn/Buxtehude, den 25.06.2001

..........................................
CONTI . Container Schiffahrts-GmbH & Co. KG
MS "CONTI CAIRO"

..........................................
NSB Niederelbe Schiffahrts-
gesellschaft mbH & Co. KG



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Katharine Perekslis, hereby certify that the document "Ship Management Agreement" is, to the best of my knowledge "and belief, a true and accurate translation from German into English.

_Katharine L. Perekslis_
Katharine L. Perekslis

Sworn to before me this
3rd day of March, 2008

_Signature, Notary Public_
Signature, Notary Public

**Pamela Boyle**
Notary Public, State of New York
No. 01BO6181278
Qualified in NEW YORK County
Commission Expires Jan 28, 2010

_____
Stamp, Notary Public

03/05/2008 13:22 TEL 4159817729          KEESAL,YOUNG&LOGAN                    ☑ 001

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                 1138
DESTINATION TEL #        5682556
DESTINATION ID
ST. TIME                 03/05 13:18
TIME USE                 03'43
PAGES SENT               17
RESULT                   OK
```

| LONG BEACH OFFICE | LAW OFFICES | ANCHORAGE OFFICE |
|---|---|---|
| 400 OCEANGATE | **KEESAL, YOUNG & LOGAN** | SUITE 650 |
| P.O. BOX 1730 | A PROFESSIONAL CORPORATION | 1029 WEST 3RD AVENUE |
| LONG BEACH, CALIFORNIA 90801-1730 | SUITE 1500 | ANCHORAGE, ALASKA 99501-1954 |
| (562) 436-2000 | FOUR EMBARCADERO CENTER | (907) 279-9696 |
| FAX: (562) 436-7416 | SAN FRANCISCO, CALIFORNIA 94111 | FAX: (907) 279-4239 |
| | (415) 398-6000 | |
| SEATTLE OFFICE | FAX: (415) 981-0136 | HONG KONG OFFICE |
| SUITE 1515 | | 1603 THE CENTRE MARK |
| 1301 FIFTH AVENUE | | 287 QUEEN'S ROAD CENTRAL |
| SEATTLE, WASHINGTON 98101 | | HONG KONG |
| (206) 622-3790 | | (852) 2854-1718 |
| FAX: (206) 343-9529 | | FAX: (852) 2541-6189 |

# FACSIMILE

**DATE:** March 5, 2008

**To:**     William M. Audet, Esq. *and*
            Michael McShane, Esq.
**Firm:**   Audet & Partners, LLP
**Fax:**    (415) 568-2556          **Main No.:** (415) 982-1776
                                     **E-mail:**  waudet@audetlaw.com

**From:**   Julie L. Taylor, Esq.

**Re:**     *Chelsea, LLC, et al. v. Regal Stone, Ltd., et al.*
            USDC Case No. C-07-5800-SC
**Our File No.:** 2418-230
**Your File No.:**

**NUMBER OF PAGES INCLUDING THIS SHEET:**   (17)

**ORIGINAL WILL BE SENT**

MESSAGE: