William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and*
 *the Class Members*

# UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>　　Defendants. | Case No. C–07-5800-SC<br><br><br><br><br><br>**Date: July 25, 2008**<br>**Time: 10:00 a.m.**<br>**Dept.: 1, 17th Floor**<br>**Hon. Samuel J. Conti** |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE
TO AMEND VERIFIED FIRST AMENDED COMPLAINT,
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, as soon as counsel may be heard, Plaintiffs will move, and hereby do move, the Court for an order pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend Plaintiffs' Complaint in this action. Plaintiffs seek leave to amend the following components:

(1) Dismissing two Defendants from the action (Defendants Conti Cairo and NSB Neiderelbe) and adding two Defendants (Defendants Fleet Management Ltd. and John Cota);

(2) Adding three causes of action (Count V for Strict Liability under Lempert-Keene-Seastrand Act, Count VI for negligence per se, and Count VII for public nuisance);

(3) Modifying the existing punitive damages prayers for relief, the "Facts" section as well as the definition of the "Class;"

(4) Adding a one-paragraph section entitled, "Joint and Several Liability"; and

(5) Withdrawing Ivan Simpson from being a Class Representative.

Plaintiff seek to leave to amend the Complaint as a result of a number of failed attempts to reach a stipulation with Defendants Regal Stone, Ltd., **who initially requested from Plaintiffs to amend the Complaint.** After Plaintiffs sent a copy of the proposed Verified Second Amended Complaint, Defendants Regal Stone unequivocally responded that they will not stipulate to the amended Complaint as drafted.

This Motion is based on the Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file herein, any matter of which the Court may take judicial notice, and such oral argument as may be presented at the hearing on these Motions.

Dated: June 16, 2008                              Respectfully submitted,
                                                  AUDET & PARTNERS, LLP

                                          By:    */s/ William M. Audet*
                                                 William M. Audet

1
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In mid February 2008, Defense Counsel for Regal Stone Ltd., M/V Cosco Busan and proposed Defendant Fleet Management Ltd. ("Defendants") 'demanded' from Plaintiffs to dismiss two defendants from the action, Conti Cairo and NSB Neiderelbe. *See* Declaration of William M. Audet in Support of Plaintiffs' Motion for Leave to Amend Verified First Amended Complaint, *Ex 1*. Plaintiffs requested, initially, that Defendants provide support for the dismissal request and also agree to a class action tolling agreement. *Id.* Over the course of the next few months, Defendants repeated its demand for dismissal and also threat of sanctions. *Ex. 2*. Again, Plaintiffs requested additional information to support the dismissal of the two defendants. *Ex. 3*. After finally providing critical information, Plaintiffs proposed that Defendants allow Plaintiffs to dismiss the two defendants, and add another party, Fleet Management Ltd. ("Fleet Management"), the managing operator of the M/V Cosco Busan at the time of the San Francisco Bay Oil Spill. *Ex. 4*. Plaintiffs sent a proposed stipulation to Defendants. *Ex. 5*. Defendants requested that they be allowed to 'review' the proposed Verified Second Amended Complaint before filing the stipulation.[1] Although the request was a bit unusual, in order to expedite the process and avoid having to file a motion before the Court, Plaintiffs provided a copy of the proposed Verified Second Amended Complaint to Defendants. *Ex. 6*. The proposed Verified Second Amended Complaint was essentially the same as the prior Complaint, but added some additional facts, modified the definition of the Class, added one new Defendant, Captain John Cota, and, as was tentatively agreed with Defendants, substituted out the two Defendants Conti Cairo and NSB Neiderelbe and replaced them with a new Defendant, Fleet Management. The Complaint also added three causes of action, added a one-paragraph section entitled, "Joint and Several Liability," and withdrew Plaintiff Ivan Simpson from being a Class Representative.

A few days later, Defendants 'objected' to the proposed amended Complaint and

---

[1] Plaintiffs originally filed the instant action on November 15, 2007. Approximately a week later, Plaintiffs filed the Verified First Amended Complaint, which mainly differentiated from the original Complaint by the addition of the Plaintiff's verification of the Complaint pursuant to Admin. L.R. 2-1, and the modification of the named Defendants.

1

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

demanded that Plaintiffs only dismiss Conti Cairo and NSB Neiderelbe, add Fleet Management and make no other changes. Defendants, yet again, threatened to seek sanctions. *Ex. 7.*

At this point, in view of Defendants demand that the Plaintiffs dismiss two defendants and the Plaintiffs' desire to file an updated Complaint with the Court, Plaintiffs have no choice but to file a formal motion with the Court to amend the Complaint under Federal Rules of Civil Procedure ("FRCP") 15(a)(2). Unfortunately, Defendants apparently wish to limit Plaintiffs' Complaint and not provide the Court with a more robust Complaint regarding the facts leading to the San Francisco Bay Oil Spill. *Ex. 8.* A copy of the proposed Verified Second Amended Complaint is attached to the Declaration of William M. Audet in Support of Plaintiffs' Motion for Leave to Amend Complaint, *Ex. 9.* Plaintiffs' attempted one last time to reconcile the differences with Defendants without success. *Ex. 10.*

## II. THE MOTION TO AMEND SHOULD BE GRANTED

As this Court is well aware, leave to amend a Complaint should be "freely" granted under FRCP 15(a)(2), and this policy is to be applied with "extreme liberality." *Eminence Capital, LLC. v. Aspeon, Inc.,* 316 F.3rd 1048, 1051 (9th Cir. 2003). In the present case, the Defendants that will be dismissed, of course, have not suffered any prejudice and neither is the addition of Fleet Management to the Complaint. With respect to Defendant Cota, Counsel for Captain John Cota has been advised of the intention to name Mr. Cota as a Defendant and he has agreed to accept service on behalf of his client. The addition of the three new claims will not prejudice the Defendants in any manner — they arise out of the same set of facts outlined in the initial Complaint and simply ensure that the Class members' claims are fully adjudicated and protected in the amended Complaint. See, *Foman v. Davis*, 371 U.S. 178, 182 (1962); and, *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995).

In view of the early stages of the case (as discovery was only recently lifted by the Court), and the fact that the proposed amendment was updated based on recently released data and the depositions of the M/V Cosco Busan crew members (as ordered by the Court), no suggestion can be made that the Plaintiffs have delayed proposing the amendment to the Defendants. In short, no Defendant can seriously claim that the Plaintiffs delayed the filing of

...

...

the amended Complaint or engaged in bad faith. In fact, the suggestion to modify the Complaint was one that was proposed by the same Defendants who are now objecting to the stipulation to amend the Complaint. Plaintiffs are simply using that initial suggestion by Defendants in order to appropriately update the Complaint to reflect recently uncovered evidence and to appropriately add three new claims to the case. These proposed claims directly relate to the same conduct and occurrence, further supporting the need to amend the Complaint. Indeed, the burden is on Defendants to convince the Court that "justice" requires the "denial" of granting Plaintiffs' motion for leave to amend the Complaint. *California ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997).

### III. CONCLUSION

The Defendants initially suggested dropping certain Defendants and also later agreed to add Fleet Management. The addition was necessary to fully protect the Class members rights. In order to avoid multiple later-filed Complaints, Plaintiffs appropriately added recently uncovered facts and added three new claims and one more Defendant, Pilot John Cota, to the Complaint. Plaintiffs had hoped that Defendants would not waste the Court's valuable time and resources in having to deal with a simply procedural issue such as a timely-filed amendment to the Complaint. Yet, Defendants have not raised any legitimate grounds upon which the Court should not grant Plaintiffs' Motion for leave to amend the Complaint. Accordingly, Plaintiffs request that the Court issue an Order allowing the Plaintiffs to file the proposed Verified Second Amended Complaint.

Dated: June 16, 2008                    AUDET & PARTNERS, LLP

                                        */s/ William M. Audet*

                                        William M. Audet
                                        Michael McShane
                                        Adel A. Nadji
                                        221 Main Street, Suite 1460
                                        San Francisco CA 94105
                                        Telephone: 415.568.2555

                                        *On Behalf of Plaintiffs and the Class*