1  William M. Audet (waudet@audetlaw.com)
   Michael McShane (mmcshane@audetlaw.com)
2  Adel A. Nadji (anadji@audetlaw.com)
   AUDET & PARTNERS, LLP
3  221 Main Street, Suite 1460
   San Francisco CA 94105
4  Telephone: 415.982.1776
   Facsimile: 415.568.2556

5

6  *Attorneys for Plaintiffs and*
   *the Class Members*

7

8

9            **UNITED STATES DISTRICT COURT FOR**

10          **THE NORTHERN DISTRICT OF CALIFORNIA**

11

12 Chelsea, LLC, Mark Russo, Allen Loretz, and     Case No. C–07-5800-SC
   Ivan Simpson, individually and on
13 behalf of all others similarly situated,        **IN ADMIRALTY**

14          Plaintiffs,                            **DECLARATION OF WILLIAM M.**
                                                   **AUDET IN SUPPORT OF**
15 v.                                              **PLAINTIFFS' MOTION FOR LEAVE**
                                                   **TO AMEND VERIFIED FIRST**
16 Regal Stone, Ltd., Hanjin Shipping, Co., Ltd.,  **AMENDED COMPLAINT**
   Conti Cairo KG, NSB Neiderelbe, Synergy
17 Maritime, Ltd. *In Personam*; M/V Cosco
   Busan, their engines, tackle, equipment,
18 appurtenances, freights, and cargo *In Rem*,

19          Defendants.

20

21

22

23

24

25

26

27

28

---

                    **DECLARATION OF WILLIAM M. AUDET**

I, William M. Audet, declare as follows:

1.     I am an attorney licensed to practice before all of the Courts of this State and am admitted to practice before the Northern District of California.  I am a partner with the firm Audet & Partners, LLP, counsel for Plaintiffs Chelsea, LLC, Mark Russo, Allen Loretz, Ivan Simpson and Class, and dozens of other potential victims of the Cosco Busan Oil Spill.  I have personal knowledge of the matters stated herein and if called as a witness, I could and would competently testify to the following:

2.     Attached hereto as Exhibit 1 is a true and correct copy of letter from Julie Taylor, Esq. to William Audet, Esq., dated March 5, 2008.

3.     Attached hereto as Exhibit 2 is a true and correct copy of letter from Anne Moriarty, Esq. to William Audet, Esq., and Michael McShane, Esq., dated April 7, 2008, without enclosure.

4.     Attached hereto as Exhibit 3 is a true and correct copy of letter from William Audet, Esq. to Anne Moriarty, Esq., dated April 8, 2008.

5.     Attached hereto as Exhibit 4 is a true and correct copy of string of e-mails between William Audet, Esq. to Anne Moriarty, Esq., dated April 28, 2008 through May 7, 2008.

6.     Attached hereto as Exhibit 5 is a true and correct copy of an e-mail from Anne Moriarty, Esq. to William Audet, Esq., dated May 16, 2008.

7.     Attached hereto as Exhibit 6 is a true and correct copy of an e-mail from Adel Nadji, Esq. to Anne Moriarty, Esq., dated June 6, 2008.

8.     Attached hereto as Exhibit 7 is a true and correct copy of letter from Anne Moriarty, Esq. to William Audet, Esq., dated June 10, 2008.

9.     Attached hereto as Exhibit 8 is a true and correct copy of letter from William Audet, Esq. to Anne Moriarty, Esq., dated June 12, 2008.

10.     Attached hereto as Exhibit 9 is a true and correct copy of Proposed Verified Second Amended Complaint.

**DECLARATION OF WILLIAM M. AUDET**

1    11.    Attached hereto as Exhibit 10 is a true and correct copy of email from William M.

2   Audet, Esq. to Annie Moriarty, Esq., dated June 13, 2008.

3    I declare under penalty of perjury of the laws of the United States of America and the

4   State of California that the foregoing is true and correct to the best of my knowledge.  Executed

5   this 16th day of June 2008, at San Francisco, California.

6                                              _____/s/ William M. Audet_____
                                                    William M. Audet
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF WILLIAM M. AUDET**

# EXHIBIT 1

LAW OFFICES

## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:

(415) 981-0136

www.kyl.com

March 5, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM M. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO*†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JODI S. COHEN
PHILIP R. LEMPRIERE *§
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE*
DOUGLAS R. DAVIS*†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH YONG SANGMEISTER
MARC M. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSONS
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY B. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMBERLEIN†
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM†
O. HANS SPERLING
SAMANTHA R. SMITH*
JAMES E KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM§
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR☐
NANCY HARRIS †
FRANCES L. KEELER

* ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
⁑ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
✷ REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
☐ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

### Via Facsimile - 415-568-2556
### and U.S. Mail

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
Our File No.: 2418-230

Dear Messrs. Audet and McShane:

As you know, we represent Regal Stone Limited in the above referenced matter. We are writing to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this matter. As you and my partner John Giffin have previously discussed, Conti Cairo and NSB did not own the COSCO BUSAN at the time of the oil spill on November 7, 2007.

On February 13, 2008, Mr. Giffin asked you to dismiss Conti Cairo and NSB. You informed him that you would do so if we could provide documents showing that, as of November 7, 2007, neither company owned or managed the COSCO BUSAN.

Enclosed please find documents that show that neither Conti Cairo or NSB owned the COSCO BUSAN on November 7, 2007.

1.   Bill of Sale for the COSCO BUSAN, dated October 15, 2007. This document shows the Transferor as Conti Cairo and the Transferee as Regal Stone Limited;

ANCHORAGE OFFICE
SUITE 600
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 276-6239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 22ND CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
March 5, 2008
Page 2

       Re:   *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
            Our File No.: 2418-230

2.      Certified Copy of the "Transcript of Register" from the Hong
Kong Marine Department, dated October 30, 2007. This
document shows the owner of the COSCO BUSAN as Regal
Stone Limited; and

3.      Ship Management Agreement between Conti Cairo and NSB,
dated June 25, 2001. The original Ship Management Agreement
("Agreement") is in German. We arranged to translate the
Agreement to English. We have attached the certificate of
authorization. Section 8, No. 4 of the Agreement states: "This
agreement shall end with the sale or total loss of the vessel."[1]

      Please inform us of whether you intend to voluntarily dismiss Conti Cairo
and NSB based on the enclosed. If you would like to discuss this matter further,
please do not hesitate to call the undersigned.

                          Best regards,

                          Julie L. Taylor
                         *julie.taylor@kyl.com*

JLT:llj(KYL_SF460480)
Enclosures

---

[1] Sensitive portions of this agreement have been redacted. Parties to this agreement have not been
redacted.

EXHIBIT 2

LAW OFFICES

## KEESAL, YOUNG & LOGAN

A PROFESSIONAL CORPORATION

SUITE 1500

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:

(415) 981-0136

www.kyl.com

April 7, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. OLESS
PETER R. BOUTIN
SCOTT D. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROSS
BEN SUTER
ALBERT E. PEACOCK III♦
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO *†
MICHELE R. FRON
ELIZABETH R. BRAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JODI S. COHEN
PHILIP R. LEMPRIERE *†
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE∗
DOUGLAS R. DAVIS *†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
ARDETTE PAUL MORALES
SCOTT R. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMBERLEIN∗
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM†
G. HANS SPERLING
SAMANTHA R. SMITH∗
JAMES E KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

♦ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
∗ ADMITTED IN ALASKA & CALIFORNIA
∗ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
    OF HONG KONG & ADMITTED IN NEW YORK
⊡ SOLICITOR ADMITTED IN ENGLAND, WALES AND
    NORTHERN IRELAND
    ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL

ROBERT H. LOGAN
RICHARD A. APPELBAUM ±
    REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR⊡
NANCY HARRISS †
FRANCES L. KEELER

_**Via Facsimile · 415-568-2556 and**_
_**U.S. Mail**_

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Re:   _Chelsea LLC, et al. v. Regal Stone, Ltd., et al._
       Our File No.: 2418-229

Dear Messrs. Audet and McShane:

As you know, we represent Regal Stone Limited in the above referenced matter. We are writing once again to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this action. Conti Cairo, former owners, and NSB, former managers, did not own or operate the COSCO BUSAN at the time of the oil spill on November 7, 2007, and therefore are not proper parties to this action.

We have previously provided you with documents showing that neither Conti Cairo or NSB owned or managed the COSCO BUSAN at the time of the oil spill. Enclosed you will find declarations signed by the president of NSB and the Managing Directors of Conti Cairo which state under penalty of perjury that Conti Cairo sold the vessel on October 24, 2007. As of this date, Conti Cairo and NSB's obligations as former owners and managers of the vessel terminated. Furthermore, on the date of the sale, insurance coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date, it was the responsibility of the vessel's new owners to obtain insurance coverage.

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 276-4299

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
April 7, 2008
Page 2

      Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           Our File No.: 2418-229

      In addition, we have enclosed documentation evidencing the cancellation of insurance coverage obtained for the benefit of Conti Cairo and NSB.

    1.     Certificate of Entry showing original insurance period as February 20, 2007 – February 20, 2008;

    2.     Vessel Addendum amending the end of the insurance period from February 20, 2008 to October 24, 2007 (the date of the sale).

      We trust that in light of these documents, as well as documents previously provided, you will agree to voluntarily dismiss Conti Cairo and NSB from this action. Please inform us whether you intend to do so. As you know, Conti Cairo and NSB are prepared to take the steps necessary to file a Motion to Dismiss and seek Rule 11 sanctions if you continue to refuse to voluntarily dismiss them.

      If you would like to discuss this matter further, please do not hesitate to call the undersigned.

                Very truly yours,

                Anne Moriarty
                *annie.moriarty@kyl.com*

AMM:amm (KYL_SF461294)

# EXHIBIT 3

# Audet & Partners, LLP

### Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

April 8, 2008

**Via Email**

Annie M. Moriarty, Esq.
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: annie.moriarty@kyl.com

Re:   *Cosco Oil Spill Litigation*
Federal Case No. C-07-5800

Dear Counsel:

We have your letter and requests. First, as I have twice now advised you, the fact that a defendant no longer owns the vessel does not automatically equate to no liability under maritime law. Second, you continue to provide bits and pieces of information, demand dismissal and threaten Rule 11 sanctions. The threat of sanctions does not assist in the process and is in fact counter productive. Third, as this is a class action, in order to dismiss a party, under Rule 23, more than just a dismissal is required. We need to seek court approval.

With the above said, I will pass on the latest information to my co-counsel and we will discuss the issue and respond shortly. In the meantime, we will at least need you to agree to a class tolling agreement with respect to any dismissed defendant. Please confirm that this is acceptable — as I believe the court will prefer at least that amount of protection for the class claims.

Very truly yours,

William M. Audet, Esq.

cc: Anthony Urie

EXHIBIT 4

| | |
|---|---|
| **From:** | William Audet |
| **Sent:** | Wednesday, May 07, 2008 3:16 PM |
| **To:** | Moriarty, Annie |
| **Cc:** | Adel Nadji |
| **Subject:** | RE: Cosco Oil Spill Litigation, Federal Case number C-07-5800 |
| **Attachments:** | William Audet.vcf |

Dear Counsel:

With regard to the dismissal, we are willing to consider dismissal w/out prejudice provided that you have no objection to 'substituting' Fleet Management as a defendant. I think that will allow us to avoid a SOL/tolling agreement and provide the consideration needed under rule 23 to explain the dismissals. For the record, we plan to amend the complaint to add Fleet regardless and this way we can simply file an amended complaint with a short order regarding the dismissal per rule 23.

William M. Audet, esq.
Audet & Partners, LLP.
221 Main Street, Suite 1460
San Francisco, California 94105
Phone: 415.568.2555
Fax:    415.568.2556
Email: waudet@audetlaw.com
Web:   www.audetlaw.com

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

**From:** Moriarty, Annie [mailto:annie.moriarty@kyl.com]
**Sent:** Wednesday, April 30, 2008 4:33 PM
**To:** William Audet
**Subject:** RE: Cosco Oil Spill Litigation, Federal Case number C-07-5800

Thanks for getting back to me. I think it would be best if we get the tolling agreement first and then you can draft the dismissal and order. I think it would be best if you draft the dismissal and order so that we see exactly what you would like to include, and then go from there.

Please let me know if you have any concerns.

..................................................................................................................

**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong. This e-mail contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document. Unauthorized use of this information in any manner is

prohibited.

**From:** William Audet [mailto:WAudet@audetlaw.com]
**Sent:** Wednesday, April 30, 2008 1:35 PM
**To:** Moriarty, Annie
**Subject:** RE: Cosco Oil Spill Litigation, Federal Case number C-07-5800

As I am working on the tolling agreement, we will also need a dismissal of the case and proposed order. The dismissal will be limited to the named plaintiffs of course, w/out prejudice,etc. and typical waivers of claims and costs,etc. the order will have to reflect we did not exchange any consideration,etc. (or at least we need to put that someplace), per rule 23. If you want to expedite, I suggest you draft. If you want me to draft, we can do so. Thanks.

William M. Audet, esq.
Audet & Partners, LLP.
221 Main Street, Suite 1460
San Francisco, California 94105
Phone: 415.568.2555
Fax:    415.568.2556
Email:  waudet@audetlaw.com
Web:    www.audetlaw.com


This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

**From:** Moriarty, Annie [mailto:annie.moriarty@kyl.com]
**Sent:** Tuesday, April 29, 2008 6:43 PM
**To:** William Audet
**Cc:** Giffin, John; anthonyurie@gmail.com
**Subject:** RE: Cosco Oil Spill Litigation, Federal Case number C-07-5800

Dear Mr. Audet,

I left you message moments ago regarding the proposed tolling agreement. I appreciate your clarification below, however, we obviously would like a copy of the proposed tolling agreement. I ask that you call me and/or provide us with a draft tomorrow.

Very truly yours,
Annie Moriarty


.........................................................................................................
**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong. This e-mail contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document. Unauthorized use of this information in any manner is prohibited.

**From:** William Audet [mailto:WAudet@audetlaw.com]
**Sent:** Monday, April 28, 2008 3:43 PM
**To:** Moriarty, Annie
**Cc:** Giffin, John; anthonyurie@gmail.com
**Subject:** RE: Cosco Oil Spill Litigation, Federal Case number C-07-5800

Happy to discuss anytime. These agreements are short and to the point and simply toll the class period for
asserting a claim. As I advised John, this would also assist in the dismissal process with the court under rule 23.


William M. Audet, esq.
Audet & Partners, LLP.
221 Main Street,  Suite 1460
San Francisco, California  94105
Phone:  415.568.2555
Fax:     415.568.2556
Email:  waudet@audetlaw.com
Web:   www.audetlaw.com
 This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information
intended only for the use of the individual or entity named above. If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this communication in error, please erase all copies of the message and its
attachments and notify sender immediately. Thank You.

**From:** Moriarty, Annie [mailto:annie.moriarty@kyl.com]
**Sent:** Monday, April 28, 2008 2:35 PM
**To:** William Audet
**Cc:** Giffin, John; anthonyurie@gmail.com
**Subject:** Cosco Oil Spill Litigation, Federal Case number C-07-5800

Dear Mr. Audet,

I am writing to follow-up regarding the telephone message I left you earlier concerning NSB and Conti Cairo's
involvement in this matter.  Prior to the Case Management Conference last Friday, you told Mr. Giffin that if we
could work out a "tolling agreement", you would agree to voluntarily dismiss NSB and Conti Cairo from the
lawsuit.

As we are not clear on the details of your proposed "tolling agreement", I ask that you either call me to discuss the
proposed agreement or provide us with a draft as soon as possible.

Very truly yours,
Annie Moriarty

..................................................................................................................................
**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and
privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information
contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be
interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is
prohibited.

# EXHIBIT 5

**From:**     Moriarty, Annie [annie.moriarty@kyl.com]
**Sent:**     Friday, May 16, 2008 4:38 PM
**To:**       William Audet
**Cc:**       Adel Nadji; anthonyurie@gmail.com
**Subject:**  Cosco Oil Spill Litigation, Federal Case number C-07-5800

Dear Mr. Audet,

We are authorized to accept service of process on behalf of Fleet Management Ltd. of an amended complaint naming them as a party.  However, before we can confirm that the other Defendants will not object to the filing of an amended complaint, we ask that you provide us with a copy of your proposed amended complaint.  Thank you for your cooperation.

Very truly yours,
Annie Moriarty

......................................................................................................................

**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

# EXHIBIT 6

| | |
|---|---|
| **From:** | Adel Nadji |
| **Sent:** | Friday, June 06, 2008 1:52 PM |
| **To:** | 'Moriarty, Annie' |
| **Cc:** | William Audet |
| **Subject:** | RE: Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc |
| **Attachments:** | Verified Second Amended Complaint 080605.pdf |

Dear Ms. Moriarty,

Enclosed please find a draft copy of the proposed amended complaint.  We may have some additional changes, but do not anticipate any major changes.

The draft copy is attorney work product, and Plaintiffs do do not waive any work product or attorney-client privilege by this email transmission.

Adel A. Nadji
Attorney
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556
anadji@audetlaw.com

---

This electronic mail transmission contains confidential, privileged information intended only for the person(s) named. Any use, distribution, copying or disclosure by any person(s) other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you received this transmission in error, please immediately notify Adel A. Nadji by telephone at 415.568.2555, or send an electronic mail message to anadji@audetlaw.com and destroy all copies of the original message. Thank you.

---

**From:** Moriarty, Annie [mailto:annie.moriarty@kyl.com]
**Sent:** Wednesday, May 28, 2008 9:20 AM
**To:** William Audet
**Cc:** Adel Nadji
**Subject:** RE: Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc

Thank you.  Once we receive the proposed amended complaint, we'll have a better idea if any edits are necessary.  It should not take long for us to let you know about the edits.

...............................................................................................

**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

# EXHIBIT 7

LAW OFFICES
**KEESAL, YOUNG & LOGAN**
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136
www.kyl.com

June 10, 2008

**Via Facsimile – (415) 568-2556**

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

        Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
             USDC Case No. C-07-5800-SC
             Our File No.: 2418-229/4404-80

Dear Mr. Audet:

        We have received and reviewed your proposed second amended complaint. The proposed second amended complaint goes far beyond simply adding Fleet Management as a party and dismissing NSB Niederelbe ("NSB") and Conti Cairo ("Conti") as parties. We cannot stipulate to the proposed second amended complaint as drafted.

        We have previously provided you with documentation that NSB and Conti did not own or operate the COSCO BUSAN at the time of the oil spill and you have acknowledged that these entities are improper parties to this lawsuit. We agreed to accept service on behalf of Fleet Management in order to expedite NSB and Conti's dismissal. However, your proposed second amended complaint contains a number of substantive changes to the first amended complaint going beyond the spirit our agreement.

        We will stipulate to the filing of a second amended complaint if the only changes are the addition of Fleet Management as a party and the dismissal of NSB and Conti as parties. Please let us know if you will agree to such a stipulation by tomorrow. If you do not agree to such a stipulation, NSB and Conti are prepared to file a Motion to Dismiss and will seek sanctions. At this point, it is apparent that you are you holding NSB and Conti hostage in this lawsuit for improper purposes.

William M. Audet, Esq.
June 10, 2008
Page 2

Re:    *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
       USDC Case No. C-07-5800-SC
       Our File No.: 2418-229/4404-80

NSB and Conti's dismissal from this lawsuit is long overdue and we expect that the
Court will agree.

Very truly yours,

*Annie M. Moriarty/ly.*

Annie M. Moriarty
*annie.moriarty@kyl.com*

AMM:llj(KYL_SF461606)
cc:    Adel Nadji

# EXHIBIT 8

# Audet & Partners, LLP

Attorneys — at — Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

June 12, 2008

**Via Email**

Annie M. Moriarty, Esq.
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111
Email: annie.moriarty@kyl.com

Re:  *Cosco Oil Spill Litigation*
Federal Case No. C-07-5800

Dear Counsel:

We have your letter of June 10, 2008. Pursuant to your request, we agreed to dismiss certain defendants and amend the complaint. Although we had no obligation to do so, we also provided you with a copy of the proposed amended complaint. We have agreed to dismiss the two defendants you requested and substituted out these defendants with Fleet (as we had previously agreed), added Cota as a defendant, and added additional facts uncovered since the filing of the initial amended complaint.

You now apparently assert that plaintiffs do not have the right, under the federal rules, to amend a complaint as we see fit based on recently uncovered evidence. You also now claim that you will seek "sanctions." I am unsure what the basis of your sanctions will be, but you need to bear in mind that the filing of a frivolous motion for sanction is itself possibly sanctionable. We are even unclear as to what portions of the complaint you seem to object to at this point, except for a vague demand that the only changes we are allowed to do must be approved, in whole, by you, before we can file an amended complaint. If you have any law that supports this position, please let me know.

In the meantime, we would like to file the amended complaint, as you have requested for some time, sooner rather than later and suggest you rethink your position.

Very truly yours,

William M. Audet, Esq.

cc: Anthony Urie

EXHIBIT 9

William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and
the Class Members*

# UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chelsea, LLC, Mark Russo, and Allen Loretz, individually and on behalf of all others similarly situated, | Case No. C–07–5800-SC |
| Plaintiffs, | AT LAW AND IN ADMIRALTY |
| v. | **VERIFIED SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Synergy Maritime, Ltd., and Fleet Management Ltd., and John Cota, *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*, | **Jury Trial Demanded** |
| Defendants. | |

**INTRODUCTION**

1.      November 7, 2007 was like any other fall day in the San Francisco Bay Area: cold, overcast and foggy.  Vessels were navigating their way through the San Francisco Bay to the Pacific Ocean.  Crab fishermen, among others, were waiting for news of the season to officially open.

2.      Heading north out to the ocean bound for Asia, one container ship — the COSCO BUSAN — failed to heed normal precautions and hit the fender of tower W4 of the San Francisco Bay Bridge.  The impact of the crash tore a huge gash in the side of the vessel and resulted in the spillage of an estimated 58,000 gallons of fuel oil into the fragile San Francisco Bay ecosystem.

3.      This man-made disaster will for years have a profound impact on not only the wildlife of Northern California, but has also immediately impacted the livelihood of thousands and thousands of individuals and small businesses, such as commercial fishers, and crabbers, as well as recreational charter operations.  On November 12, 2007, the Governor of the State of California "halted" all commercial fishing in and around the San Francisco Bay Area.

4.      Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on its own behalf and as representative of a Class.  Plaintiffs and members of the Class will have incurred significant damages and economic losses and will continue to incur such expenses and losses in the future.

**PARTIES**

5.      Individual and Representative Plaintiff Chelsea, LLC.  Plaintiff Chelsea is a member of the class.  Plaintiff is a 60-foot "crab" vessel that prior to the spill caught crab in the San Francisco Bay Area.

6.      Individual and Plaintiff Mark Russo resides in Monterey, California,  Plaintiff Russo is the owner of the vessel *Freeland* and has owned the vessel on or about November 7, 2007  and continues to own said vessel.  The vessel is a duly licensed California Commercial Crab Fishing Vessel.

1    7.    Individual and Plaintiff Allen Loretz is a hired captain and crewmember aboard

2    the vessel *Freeland*. Plaintiff Loretz was the captain and crewmember on or about November 7,

3    2007 and continues to serve as captain. The vessel is a duly licensed California Commercial

4    Crab Fishing Vessel.

5    8.    Plaintiffs bring this action on behalf of themselves and on behalf of a class of over

6    500 fishermen, vessel owners, charterers and operators (the exact number of which is not

7    presently known) who were to participate in, or depend upon, the 2007-2008 California Fisheries

8    for commercial purposes.

9    9.    Defendant vessel, COSCO BUSAN, their engines, tackle, equipment,

10   appurtenances, cargo, all freights, and any bonds as issued and other earnings (the "Vessel" or

11   "COSCO BUSAN") is now, or will be during the pendency of this action, within the district and

12   jurisdiction of this court.

13   10.   Defendant Regal Stone, Ltd. ("Regal Stone"), upon information and belief, is a

14   Hong Kong based company that claims ownership of the COSCO BUSAN.

15   11.   Defendant Hanjin Shipping Co., Ltd. ("Hanjin") is a large Korean-based shipping

16   company that leases or charters the COSCO BUSAN from Defendant Regal Stone, Ltd. or other

17   owners.

18   12.   Defendant Synergy Maritime, Ltd. ("Synergy") upon information and belief is a

19   manager, owner and the employer of the crew of the vessel COSCO BUSAN.

20   13.   Defendant Fleet Management Limited ("Fleet Management") upon information

21   and belief is the managing operator or sub-manager of the COSCO BUSAN.

22   14.   Defendant John Cota ("Cota"), on information and belief, was piloting the

23   COSCO BUSAN at the time of the allision and discharge of the 58,000 gallons of bunker fuel.

24   **JURISDICTION AND VENUE**

25   15.   This is an admiralty or maritime claim within the meaning of Rule 9(h) of the

26   Federal Rules of Civil Procedure and is within this Court's admiralty and maritime jurisdiction

27   under 28 U.S.C. § 1333 and Article III § 2 of the United States Constitution. Certain causes of

28   action that arise under the laws of California are within this Court's supplemental jurisdiction 28

1    U.S.C. § 1367.  Further, this Court has jurisdiction over this action because this is a class action

2    lawsuit in which over $5,000,000 is at issue and there are more than one hundred putative class

3    members.  Further this Court has jurisdiction under the Extension of Admiralty Act.

4          16.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that substantial part

5    of the events or omissions giving rise to the claims asserted herein occurred in this District.  The

6    vessel COSCO BUSAN, upon information and belief, is or will be within this District during the

7    pendency of this action.

8                                               **FACTS**

9          17.    On November 7, 2007, at approximately 7:30AM, the COSCO BUSAN, a

10   freighter ship bound for Asia, left the Port of Oakland.

11         18.    Less than thirty minutes later, the COSCO BUSAN crashed into a support piling

12   of the Oakland Bay Bridge.

13         19.    The crash resulted in a huge breach in the ship's hull, where the fuel tanks of the

14   ship are located.  The hole on the port side was reportedly at least 70 feet long, 12 feet wide, and

15   3 feet deep.

16         20.    Unfortunately, instead of immediately notifying the authorities about the

17   magnitude of the problem, the ship's captain initially "estimated" less than "150" gallons of fuel

18   spillage. In reality, the 150 gallons turned into over 58,000 gallons of toxic "bunker oil."

19         21.    As the day wore on, the oil "dispersed" into San Francisco Bay and also into the

20   Pacific Ocean.  The ship's pilot has recently reported that the ship's onboard radar malfunctioned

21   and the ship's master may have provided confusing instructions to the captain.

22         22.    The non-economic damage to the San Francisco Bay's fragile ecosystem is

23   beyond dollars and cents.  Moreover, because of the negligence of the Defendants, and/or

24   unseaworthiness of the COSCO BUSAN, commercial crabbers and other commercial fishers

25   postponed the short season and as such have and will continue to lose millions of dollars.

26         23.    As of November 13, 2007, the crab season was cancelled and all commercial

27   fishing halted with public safety and health concerns regarding Dungeness crab, and potentially

28   other seafood species.

24.     Recently uncovered evidence revealed that that despite company policy to use two independent means for position fixing and for the posting of additional "lookouts" during poor visibility conditions, at least one of the two radars on board malfunctioned or otherwise needed servicing in Long Beach before the COSCO BUSAN arrived in the San Francisco-Oakland area, and one of the two lookouts left the bow of the ship for a smoke and something to eat prior to the allision (and while the ship was navigating through the foggy waters of the San Francisco Bay).

25.     Further evidence revealed that upon leaving the berth of Port of Oakland, the Chief Officer noted that the COSCO BUSAN was moving "faster and faster," eventually reaching the speed of approximately 15 to 16.5 knots despite the fact that he, as a lookout, was unable to see navigational buoys in the shipping channel.  In fact, the Chief Officer stated that the ship would not be moving in the foggy conditions had the ship been in Chinese port.  In his opinion, the ship was moving "too fast" and in "too much fog."

26.     An "internal audit" conducted subsequently to the Bay Bridge allision revealed a number of egregious deficiencies, including but not limited to: that the speed log was not operational; navigational areas were not segregated; sole lookout was allowed without any evidence of risk assessment and deck logbook entry; manning and un-manning of ship stations were not being logged; there were no contingency plans marked on the navigation chart nor were they mentioned of contingency plans in the passage plan; navigating officers did no complete the bridge team management training; and, navigational warnings were not properly filed.

27.     On that foggy day, Defendants knew of the extremely high risk of catastrophic injury inherent in the navigation of the COSCO BUSAN.  Notwithstanding, Defendants took no action to prevent or otherwise protect Plaintiffs and Class, and demonstrated a callous and reckless disregard for human life, health and safety by departing the Port of Oakland. Defendants acted with such indifference to the consequences of their misconduct, and with such recklessness as to be willful, malicious and oppressive and in disregard of the rights of Plaintiffs thereby meriting an award of punitive or exemplary damages against Defendants.

28.     This lawsuit seeks to economically compensate the victims of the spill.

## CLASS ACTION ALLEGATIONS

1

2      29.    Plaintiffs bring this action on their own behalf and as representatives of a class

3   consisting of:  "All  commercial fishing operations, including but not limited to crab fishermen,

4   herring fishermen, salmon fishermen, bottom trawl fishermen, shellfish producers, seafood

5   processors, vendors, truckers, unloaders and other distributors of seafood products, and

6   recreational charter vessel operations and marinas, who have been injured, or otherwise

7   financially harmed, as a result of the COSCO BUSAN Oil Spill of November 7, 2007"."

8      30.    The Class is so numerous that joinder of all members is impracticable.

9      31.    There are questions of law and fact common to the Class including, but not

10  limited to:

11             a.    Whether Defendants negligently and/or fraudulently acted to cause the
                     spill;
12
13             b.    Whether Defendants conducted adequate supervision to determine
                     whether the spill could be prevented;
14
15             c.    Whether Defendants engaged in unconscionable, deceptive, and/or
                     unreasonable business practices and conduct;
16
               d.    Whether Defendants knowingly, intentionally, or negligently concealed,
17                   suppressed, or omitted material information concerning the safety of their
                     ship from the public;
18
19             e.    Whether the Class has suffered injury by virtue of the Defendants'
                     negligence, recklessness, carelessness, and/or unconscionable and/or
20                   deceptive business practices and conduct; and

21             f.    Whether Defendants are strictly liable to the Class, by virtue of State and
                     Federal Law.
22
23             g.    Whether the COSCO BUSAN was unseaworthy and such unseaworthiness
                     was a proximate cause of the November 7, 2007 Oil Spill.

24     32.    These and other questions of law and/or fact are common to the Class and

25  predominate over any questions affecting only individual Class members.

26     33.    The claims of the named Plaintiffs are typical of the claims of the respective Class

27  they seek to represent.

28

34.    In the case of the proposed Court-supervised "Clean-Up" Program, the representative Plaintiffs and the Class as a whole will benefit from such relief.

35.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class they seek to represent.

36.    Plaintiffs have retained the undersigned counsel competent and experienced in complex class actions to represent them and the members of the proposed Class.  Accordingly, the interests of the Class will adequately be protected and advanced.  In addition, there is no conflict of interest among Plaintiffs and the members of the proposed Class.

37.    Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate injunctive and/or declaratory relief.

38.    Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because, as set forth above, common issues of law and fact predominate over any individual issues and certification of the claims as class claims is superior to other available methods for the fair and efficient adjudication of these claims.  In addition, there would be enormous economies to the courts and parties in litigating these common issues on a class-wide basis rather in individual trials.  Plaintiffs foresee no difficulties in the management of this action as a class action.

### JOINT AND SEVERAL LIABILITY

39.    On information and belief, Plaintiffs contend that at all material times hereto, the owners, operators, managers and charterers of the COSCO BUSAN were operating the vessel while it was within the navigable waters of San Francisco Bay pursuant to a joint venture agreement with The San Francisco Bar Pilots Association and its members, including Captain John Cota.  That such joint operating agreement creates joint and several liability for all damages arising from the oil spill from the COSCO BUSAN on November 7, 2007.

**CLASS CLAIMS**

**FIRST CAUSE OF ACTION**

**[Mandatory "Clean Up" Program]**

**[Against COSCO BUSAN, Regal Stone, Hanjin, Synergy, and Fleet Management]**

40.     Plaintiffs hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

41.     As a direct result of Defendants' actions and omissions, Plaintiffs and Class have been injured.  The Bay Area spill requires immediate "clean up" of the toxins.  Defendants are responsible for the spill.

42.     Accordingly, Defendants should be required to establish a fund and emergency "clean-up" program.

**SECOND CAUSE OF ACTION**

**[Strict Liability]**

**[Against All Defendants]**

43.     Plaintiffs hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein.

44.     At all times herein, Defendants were the owners, charterers, custodians, and/or operators of the COSCO BUSAN which caused the incident described herein.

45.     At all times relevant to this action, Defendants had supervision, custody, navigation and control of the COSCO BUSAN from which the harmful oil spill occurred.

46.     At all times herein, Defendants were under a continuing duty to protect Plaintiffs and proposed class from the harm occasioned by the COSCO BUSAN within its custody, navigation and control.

47.     The oil spill herein was occasioned by its ruin, vice, unseaworthiness or defect.

48.     Defendants knew or, in the exercise of reasonable care, should have known of the ruin, vice, unseaworthiness or defect which caused the oil spill.

49.     The injuries sustained by Plaintiffs as a result of the oil spill was the direct and proximate result of the strict liability of the Defendants.

50.    Due to the Defendants strict liability, Plaintiffs and Class members are entitled to recover actual damages.

51.    The acts and omissions of Defendants, and each of them, were done with malice, fraud, and/or oppression as herein above set forth.

### THIRD CAUSE OF ACTION

### [Negligence]

### [Against All Defendants]

52.    Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein.

53.    The Defendants owed a duty to Plaintiffs and the Class to exercise reasonable and ordinary care.

54.    The Defendants breached their duty to Plaintiffs and the Class.

55.    The Defendants in the exercise of reasonable care should have known that the ship would or could hit the bridge.

56.    As direct and proximate result of the Defendants' negligence, Plaintiffs and the Class have sustained damages.

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, demands judgment against the Defendants for compensatory damages for himself/herself and each member of the Class, for establishment of a common fund, plus attorneys' fees, interests and costs.

### FOURTH CAUSE OF ACTION

### [Violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.*]

### [Against All Defendants]

57.    Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein.

58.    As described herein, Defendants' conduct constitutes unfair competition within the meaning of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "Act"),

insofar as the Act prohibits "any unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."

59.    Defendants have engaged and continue to engage in unfair competition in violation of the Act.

60.    Defendants' conduct constitutes unlawful business acts or practices under the Act insofar as it violates, *inter alia,* Business and Professions Code §§ 17500 *et seq.* and California Civil Code §§ 1750 *et seq.*

61.    Defendants' conduct constitutes "fraudulent" business practices within the meaning of the Act in that members of the public have been harmed.

62.    Defendants' conduct amounts to "unfair" business practices insofar as the Act forbids all wrongful business activities in any context in which they appear.  Moreover, as described herein, Defendants' practices offend established public policies, and are immoral, unethical, oppressive, and unscrupulous.  The impact of the Defendants' practices is in no way mitigated by any justifications, reasons or motives.  The Defendants' conduct has no utility when compared to the harm done to Plaintiffs and other members of the Class.

63.    Defendants conduct constituted a violation several statutes, ordinances, or regulations including but limited to the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act ("Lempert-Keene Act"), Government Code Section 8670, *et seq.* as well as the Porter-Cologne Water Quality Control Act ("Porter-Cologne Act"), Cal. Water Code Section 13000, *et seq.*, and, Cal. Fish & Game Code Section 5650, *et seq.*

64.    As a direct and proximate result of the Defendants' unfair methods of competition and unfair and deceptive acts or practices, Plaintiffs and the Class have sustained damages.

65.    As a proximate result of their unfair methods of competition and unfair or deceptive acts or practices, the Defendants have been unjustly enriched and should be required to make restitution to Plaintiffs and the Class pursuant to Bus. & Prof. Code §§ 17203 and 17204.

66.    The acts and omissions of Defendants, and each of them, were done with malice, fraud, and/or oppression as herein above set forth.

**FIFTH CAUSE OF ACTION**

**[Strict Liability Under Lempert-Keene-Seastrand**
**Oil Spill Prevention and Response Act, Government Code Section 8670, *et seq*.]**
**[Against COSCO BUSAN, Regal Stone, Hanjin, Synergy, and Fleet Management]**

67.     Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein.

68.     The Lempert-Keene Act provides that "[a]ny responsible party, as defined in Section 8670.3, shall be absolutely liable without regard to fault for any damages incurred by any injured party which arise out of, or are caused by, the discharge or leaking of oil into or onto marine waters." Cal. Gov. Code Section 8670.56.5 (a).

69.     The San Francisco Bay and surrounding ocean areas are "marine waters," as defined in Section 8670.03 (i).

70.      The "Responsible parties" include "the owner or transporter of oil or a person or entity accepting responsibility for the oil;" and "the owner, operator, or lessee of, or person who charters by demise, any vessel ... or a person or entity accepting responsibility for the vessel ...." Cal. Gov. Code Section 8670.3 (w).

71.      As the owner, operator, lessee, or charterer by demise of the vessel and owner or transporter of the oil of the discharged oil, Defendants Regal Stone Ltd., Hanjin Shipping Co., Ltd., Fleet Management Ltd., Synergy Maritime, Ltd., and COSCO BUSAN are responsible parties that are absolutely liable under the Lempert-Keene Act.

72.     The bunker fuel that was discharged from the vessel is "oil" within the meaning of the Act, which defines "oil" as "any kind of petroleum, liquid hydrocarbon, or petroleum products or any faction or residues therefrom, including ... bunker fuel ...." Cal. Gov. Code Section 8670.3 (n).

73.     On November 7, 2007, defendants discharged or leaked bunker fuel into the San Francisco Bay, and are therefore absolutely liable without regard to fault for all damages that plaintiffs sustained or will sustain.

74.     The Lempert-Keene Act entitles a plaintiff to recover a broad variety of damages, including, without Limitation, the costs of investigation, response, containment, removal and treatment, damages for injury to, or economic losses resulting from destruction of or injury to real or personal property, lost faxes, royalties, rents, or net profit shares caused by the injury, destruction, loss, or impairment of as of real property, and personal property.  Cal. Gov. Code Section 8670.56.5 (h).

75.     The contamination legally caused by the discharge of bunker fuel by the COSCO BUSAN into or upon the San Francisco Bay injured, destroyed, caused to be lost, and/or impaired the use of natural resources on which Plaintiffs and the class depend for their livelihood, including but not limited to, the local populations of Dungeness crab and herring.

76.     The injury, destruction, loss, and/or impairment of usability of these natural resources has caused Plaintiffs and the class to lose profits, and will cause future losses of profits by Plaintiffs and the class and/or impairment of their earning capacities.

77.     The likely long-lasting effects of the contamination of the discharge of bunker fuel into the San Francisco Bay by the Ship on the marine life on which Plaintiffs' and the class' livelihoods depend, especially but not limited to, the Dungeness crab and herring fish, requires that Plaintiffs and the class continue future monitoring and testing activities in order to ensure that such marine life is not contaminated and is safe and fit for human consumption.

78.     Plaintiffs on behalf of themselves and all others similarly situated, demands judgment against the Defendants for compensatory damages for himself/herself and each member of the Class, for establishment of a common fund, plus attorneys' fees, interest, costs, and additional relief as set forth below.

79.     The acts and omissions of Defendants, and each of them, were done with malice, fraud, and/or oppression as herein above set forth.

## SIXTH CAUSE OF ACTION

### [Negligence Per Se]

### [Against All Defendants]

80.     Plaintiffs incorporates by reference all preceding paragraphs as if fully set forth

1    herein and further alleges as follows:

2        81.    At all times herein mentioned, Defendants negligently, wantonly, carelessly

3    and/or recklessly hired, retained, supervised, trained, and/or entrusted the COSCO BUSAN to

4    one another, for the purpose of transporting cargo aboard a container ship filled with bunker fuel

5    through the San Francisco Bay.  Thereafter, the Defendants, and each of them, controlled,

6    navigated, and/or managed the COSCO BUSAN with the knowledge, consent, permission,

7    and/or within the scope of authority conferred by Defendants.

8        82.    Defendants violated several statutes, ordinances, or regulations including but

9    limited to the Lempert-Keene Act, Government Code Section 8670, *et seq*. as well as the Porter-

10   Cologne Act, Cal. Water Code Section 13000, *et seq*., and, Cal. Fish & Game Code Section

11   5650, *et seq.*

12       83.    As a direct and legal cause of the Defendants wrongful acts and omissions herein

13   above set forth, Plaintiffs and Class have suffered and will suffer economic harm, injury, and

14   losses.

15       84.    Plaintiffs' harm resulted from the occurrence of the nature that the Lempert-

16   Keene Act and Porter-Cologne Act were designed to prevent.

17       85.    Plaintiffs are members of the class of persons for whose protection the Lempert-

18   Keene Act and Porter-Cologne Act were adopted.

19       86.    The acts and omissions of Defendants, and each of them, were done with malice,

20   fraud, and/or oppression as herein above set forth.

21

22                    **SEVENTH CAUSE OF ACTION**

23                        **[Public Nuisance]**

24   **[Against COSCO BUSAN, Regal Stone, Hanjin, Synergy, and Fleet Management]**

25       87.    Plaintiffs incorporates by reference all preceding paragraphs as if fully set forth

26   herein and further alleges as follows:

27       88.    Defendants have created a condition that affects a substantial number of

28   individuals similarly situated to the Plaintiffs; and a condition which would reasonably annoy

1    and disturb an ordinary person.  The particular conduct constituting a nuisance is the discharge of

2    approximately 58,000 gallons of fuel in the San Francisco Bay.

3         89.    The seriousness and gravity of the harm outweighs the social utility of

4    Defendants' conduct.

5         90.    Plaintiffs and Class suffered harm and injury to their economic livelihood, which

6    they did not consent to and which is different from the type of harm which is suffered by the

7    general public.

8         91.    The above acts and omissions also created a public nuisance vis-a-vis the

9    Plaintiffs and the Class, interfering with the property rights of Plaintiffs and the Class, and rights

10   incidental to those property rights.

11        92.    The acts and omissions of the Defendants described herein were also in violation

12   of various California state laws including but not limited to the Lempert-Keene Act, Government

13   Code Section 8670, *et seq*., and  the Porter-Cologne Act, Water Code Sections 13000, *et seq*.,

14   and Cal. Fish & Game Code Section 5650, *et seq.*

15        93.    Defendants' violations of these statutes directly and proximately caused, and will

16   cause, injury to Plaintiffs and the Class of a type which the statutes are intended to prevent.

17   Plaintiffs and the Class are of the class of persons for whose protection these statutes were

18   enacted.

19        94.    As a direct and legal cause of the Defendants wrongful acts and/or omissions

20   herein above set forth, Plaintiffs and the Class have suffered and will suffer economic harm,

21   injury, and losses as herein above set forth.

22        95.    In  maintaining the nuisance, Defendants are acting with full knowledge of the

23   consequences and damage being caused, and the acts and omissions of Defendants, and each of

24   them, were done with malice, fraud, and/or oppression as herein above set forth.

25                              **PRAYER FOR RELIEF**

26       **WHEREFORE,** Plaintiffs request that this Court enter a judgment against the

27   Defendants and in favor of the Plaintiffs and the Class and award the following relief:

28

1    A.    That this action be certified as a class action on behalf of the proposed Class

2    described herein and that counsel of record be appointed to represent the Class;

3    B.    That a comprehensive Court-supervised "Clean-Up" Program be established;

4    C.    For general damages in an amount to be proven at the time of trial;

5    D.    For special damages in an amount to be proven at the time of trial;

6    E.    For pre-judgment and post-judgment interest on the above general and special

7    damages;

8    F.    For restitution and disgorgement of all profits;

9    G.    For compensatory and other damages, as the Court may determine;

10    H.    For any damages or penalties pursuant to the Lempert-Keene Act, and any other

11    applicable law;

12    J.    Costs, including experts' fees and attorneys' fees and expenses, and the costs of

13    prosecuting this action; and

14    K.    That the Defendant Vessel be arrested, including all appurtenances,  and cargo

15    aboard that the plaintiffs have judgment against them, in amounts to be proven at trial, with

16    additional interest, attorneys' fees, costs, and applicable federal and state penalties to be proven

17    at trial;

18    L.    That the plaintiffs' claims be determined to be valid maritime claims against the

19    Defendant Vessel, with priority over all other interests, claims or liens, as provided by law;

20    M.    That the Defendant Vessel be condemned and sold to pay the judgment of the

21    plaintiffs and a lien be created under federal law;

22    N.    That the plaintiffs have judgment against all *in personam* Defendants for

23    compensatory and exemplary damages, in an amount to be proven at trial, plus interest,

24    attorneys' fees, and costs; and

25    O.    For such other relief as this court deems just and equitable under the

26    circumstances.

27                                   **PUNITIVE DAMAGES**

28

1    P.    For exemplary and punitive damages, to the extent permissible by law and in an

2    amount to be proven at the time of trial, and sufficient to punish Defendants or to deter them and

3    other from repeating the injurious conduct alleged herein or similar conduct.  Defendants knew

4    of the extremely high risk of catastrophic injury inherent in the control, navigation, and

5    management of the COSCO BUSAN.  Notwithstanding, Defendants took no action to prevent or

6    otherwise protect Plaintiffs and Class, and demonstrated a callous and reckless disregard for

7    human life, health and safety.  Defendants acted with such indifference to the consequences of

8    their misconduct, and with such recklessness as to be willful, malicious and oppressive and in

9    disregard of the rights of Plaintiffs thereby meriting an award of punitive or exemplary damages

10    against Defendants and in favor of Plaintiffs for the purpose of deterring them from such future

11    misconduct and to make a public example of their egregious, wrongful and despicable acts.

12    Plaintiffs are not presently aware of the true net worth of Defendants and therefore cannot

13    ascertain an amount which would properly punish them by way of punitive damages, and

14    Plaintiffs pray leave to amend this complaint to insert the same herein when Defendants' true net

15    worth is finally ascertained so that a jury may hear all the evidence and render a full, fair and

16    complete verdict condemning their outrageous misconduct.

17                                **DEMAND FOR JURY TRIAL**

18    Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a

19    jury trial as to all claims triable in this action.

20

21    Dated: June ____, 2008                     AUDET & PARTNERS, LLP

22

23                                        _____
                                          William M. Audet
24                                        Michael McShane
                                          Adel A. Nadji
25                                        221 Main Street, Suite 1460
                                          San Francisco CA 94105
26                                        Telephone: 415.982.1776
                                          Facsimile: 415.568.2556
27
                                          *On Behalf of Plaintiffs and*
28                                          *the Class*

1

2

3

4

5
Anthony M. Urie (Cal. State Bar #92363)
Law Offices of Anthony M. Urie
6
18025 17th Ave NW
Shoreline, WA, 98177
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

VERIFIED SECOND AMENDED CLASS ACTION COMPLAINT

1

## **VERIFICATION**

2

3     I am the attorney of record for Plaintiffs and class in this action, and make this

4   verification pursuant to Admir. L.R. 2-1;  I have read the forgoing complaint, know the contents

5   thereof, and from information officially furnished to me believe the same to be true.

6     I verify under penalty of perjury, in accordance with 28 U.S.C. §1746, that the forgoing is

7   true and correct.

8     Dated:  June ___, 2008

9

10

11     _____

                                William M. Audet

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 10

**From:**        William Audet
**Sent:**        Friday, June 13, 2008 4:24 PM
**To:**          Moriarty, Annie
**Cc:**           Adel Nadji
**Subject:**     Cosco Busan
**Attachments:** William Audet.vcf

Dear Counsel:

        We have yet to hear back from you regarding the stipulation.  I assume your position is the same and that you will do what you think is required if we have to file a motion to amend.  Again, if you have one or two suggestions, I am happy to consider them. Nonetheless, I feel obligated to update the complaint with recently uncovered information and at the same time obtain dismissal for the two defendants you have requested we dismiss from the class action complaint.   Please let me know if you have a change of heart in light of our discussion on this issue.

Yours,

William M. Audet, esq.
Audet & Partners, LLP.
221 Main Street,  Suite 1460
San Francisco,  California  94105
Phone:  415.568.2555
Fax:     415.568.2556
Email:   waudet@audetlaw.com
Web:    www.audetlaw.com


This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.