JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH, II, CASB NO. 143694
joe.walsh@kyl.com
ANNE M. MORIARTY, CASB No. 251803
anne.moriarty@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Defendants
REGAL STONE, LTD. and M/V COSCO BUSAN

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD., *IN PERSONAM*, M/V COSCO BUSAN, their engines, tackle, equipment, appurtenances, freights, and cargo *IN REM*,<br><br>Defendant. | Case No. C 07 05800 (SC)<br><br>DEFENDANT REGAL STONE, LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT |

KYL_SF463408

DEFENDANT REGAL STONE, LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT
- Case No. C 07 05800 (SC)

Defendant and Claimant Regal Stone Limited ("Regal Stone" or "Defendant") does not oppose Plaintiff's Motion for Leave to Amend ("Motion") to the extent that it properly dismisses NSB Neiderelbe ("NSB") and Conti Cairo ("Cairo") as defendants. However, to the extent that Plaintiff's Motion misstates the nature of discussions and content of correspondence between the parties, Defendant submits the following response for the Court's clarification.

Plaintiffs named NSB Neiderelbe ("NSB") and Conti Cairo ("Conti") as defendants in this action due to the mistaken belief that NSB and Conti owned and/or managed the COSCO BUSAN at the time of the oil spill on November 7, 2007. In fact, Conti sold the COSCO BUSAN to Defendant Regal Stone on October 24, 2007, before the spill which occurred on November 7, 2007. Conti as former owner, and NSB as former manager had no relationship to the vessel at the time of the spill and thus are improper parties to this lawsuit. This information was communicated to Plaintiffs' counsel verbally.[1] Beginning in March 2008, Conti and NSB provided Plaintiffs with documents proving that Conti and NSB did not own or manage the COSCO BUSAN at the time of the oil spill, including the following:

1. Bill of Sale for the COSCO dated October 15, 2007 showing the Transferor as Conti and the Transferee as Regal Stone, Ltd.

2. Certified copy of the "Transcript of Register" from the Hong Kong Marine Department dated October 30, 2007 showing the owner of the COSCO BUSAN as Regal Stone, Ltd.

3. Ship Management Agreement between Conti and NSB which

---

[1] Initially, Keesal, Young & Logan was retained to represent Regal Stone Limited and M/V COSCO BUSAN in this lawsuit. Thereafter, Keesal, Young & Logan began to act on NSB and Conti's behalf for the limited purpose of communicating to Plaintiffs' counsel that NSB and Conti were improper parties to this action and requesting that Plaintiffs voluntarily dismiss them. Based on the conversations between the parties regarding this issue, NSB and Conti understood that if appropriate documentation was provided showing that they did not own or operate the COSCO BUSAN at the time of the spill, Plaintiffs would voluntarily dismiss NSB and Conti. Based on this understanding, NSB and Conti did not proceed with retaining separate counsel to represent them in this litigation.

- 1 -

KYL_SF463408

DEFENDANT REGAL STONE, LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT - Case No. C 07 05800 (SC)

includes a provision that "This agreement shall end with the sale or total loss of the vessel."

4. Declarations signed by the President of NSB and the managing directors of Conti stating that Conti sold the vessel before the spill and that NSB and Conti's obligations terminated with the sale of the vessel.

5. Documentation evidencing the cancellation of insurance coverage obtained for the benefit of NSB and Conti.

See, Declaration of Annie Moriarty ("Moriarty Decl."), ¶¶ 2-5 and Exhibits 1, 2, 3 attached thereto. Despite this overwhelming evidence, Plaintiffs initially refused to acknowledge the need to dismiss NSB and Conti.

At the Case Management Conference on April 25, 2008, Plaintiffs' counsel finally acknowledged that NSB and Conti were improper parties and proposed that if the parties could work out a "tolling agreement" Plaintiffs would voluntarily dismiss NSB and Conti in light of evidence that these entities did not own or operate the vessel at the time of the spill. See, Moriarty Decl., ¶ 6. The following Wednesday (April 30, 2008), Plaintiffs' counsel advised then that he was "working on the tolling agreement." See, E-mail from William Audet to Annie Moriarty, dated April 30, 2008, attached as Exhibit 4 to the Declaration of William Audet ("Audet Decl."). NSB and Conti waited for Plaintiffs to provide a draft of the tolling agreement. Unfortunately, Plaintiffs never provided a draft. Instead, despite previously agreeing to dismiss NSB and Conti, Plaintiffs changed their position and stated that they were willing to "consider dismissal provided [there was] no objection to 'substituting' Fleet Management as a defendant." See, E-mail from William Audet to Annie Moriarty, dated May 7, 2008, attached as Exhibit 4 to the Audet Decl. Although Plaintiffs had acknowledged that NSB and Conti were improper parties, they were now essentially holding NSB and Conti as hostages in the lawsuit.[2]

---

[2] Plaintiffs' counsel may have inadvertently misunderstood the relationship between Fleet Management, NSB, Conti and Keesal, Young & Logan. Regardless, Plaintiffs' request to "substitute" Fleet Management as a Defendant further delayed NSB and Conti's dismissal.

- 2 -

KYL_SF463408

DEFENDANT REGAL STONE, LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT - Case No. C 07 05800 (SC)

Expecting further delays by Plaintiffs if NSB and Conti insisted that Plaintiffs honor their initial agreement to voluntarily dismiss NSB and Conti pursuant to a tolling agreement, counsel for Regal Stone, Limited obtained authority and agreed to accept service on behalf of Fleet Management in order to expedite NSB and Conti's long overdue dismissal. See, Exhibit 5 attached to the Audet Decl. On May 27, 2008, Plaintiffs provided a draft stipulation allowing Plaintiffs to file an amended complaint. See, Moriarty Decl. ¶ 7 and Exhibit 4 attached thereto. Defendants simply requested that Plaintiffs provide a copy of the proposed amended copy before agreeing to such a stipulation simply so that Defendants would know what they were stipulating to. See, Exhibit 5 attached to the Audet Decl., and Moriarty Decl. ¶ 8 and Exhibit 5 attached thereto.

Finally, on June 6, 2008 (over a month after Plaintiffs' counsel represented that Plaintiffs would voluntarily dismiss NSB and Conti if a tolling agreement could be worked out), Plaintiffs provided a copy of their proposed amended complaint. The proposed amended complaint went far beyond simply adding Fleet Management as a Defendant and dismissing NSB and Conti – the only changes that had been previously discussed. Instead, the complaint contained a number of significant substantive changes including (1) the broadening of the class' definition, (2) several additional factual allegations, (3) three new causes of action, (4) the addition of a section titled "Joint and Several Liability", and (5) a significant expansion of Plaintiffs' prayer regarding punitive damages.

Defendants informed Plaintiffs that Defendants simply could not stipulate to the filing of the proposed amended complaint as drafted and pressed Plaintiffs to honor their promise to dismiss NSB and Conti. See, Exhibit 7 attached to the Audet Decl. After meeting and conferring on Thursday, June 12, 2008, the parties were unable to agree on a stipulation. Plaintiffs filed this Motion the following Monday, June 16, 2008.

1  In their Motion, Plaintiffs mischaracterize the nature of the discussions
2  between the parties regarding the amendment of the Complaint. The discussions
3  between the parties, at all times prior to Defendants' receipt of the proposed amended
4  complaint, related <u>only</u> to the dismissal of NSB and Conti. Plaintiffs received evidence
5  and acknowledged that NSB and Conti were improper parties to this lawsuit. Nearly
6  three months after Plaintiffs received documentation showing that NSB and Conti did
7  not own or operate the COSCO BUSAN at the time of the spill, these entities remain as
8  improper parties in this lawsuit.

9  Plaintiffs' proposed Second Amended Class Action Complaint dismisses
10 NSB and Conti from this lawsuit. The dismissal is long overdue and Defendant wishes
11 to make clear to the Court that there is no objection to that amendment.

12
13 DATED: JULY 3, 2008

*/s/ Anne Moriarty*
JOHN D. GIFFIN
JOSEPH A. WALSH, II
ANNE M. MORIARTY
KEESAL, YOUNG & LOGAN

Attorneys for:

Defendant and Claimant to Defendants
REGAL STONE, LTD. and M/V COSCO BUSAN

- 4 -    KYL_SF463408

DEFENDANT REGAL STONE, LTD.'S NON-OPPOSITION AND RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT
- Case No. C 07 05800 (SC)