JOHN D. GIFFIN, CASB NO. 89608
john.giffin@kyl.com
JOSEPH A. WALSH, II, CASB NO. 143694
joe.walsh@kyl.com
ANNE M. MORIARTY, CASB No. 251803
anne.moriarty@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:   (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendants
REGAL STONE, LTD. and M/V COSCO BUSAN

# UNITED STATED DISTRICT COURT

# NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, and IVAN SIMPSON, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>            vs.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD., *IN PERSONAM*, M/V COSCO BUSAN, their engines, tackle, equipment, appurtenances, freights, and cargo *IN REM*,<br><br>                             Defendant. | Case No. C 07 05800 (SC)<br><br>**DECLARATION OF ANNE M. MORIARTY IN SUPPORT OF DEFENDANT REGAL STONE, LTD.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFIED FIRST AMENDED COMPLAINT** |

KYL_SF463429

1        I, ANNE M. MORIARTY, declare as follows:

2        1.    I am an attorney at law licensed to practice before this Court and am

3    an associate with the law firm of Keesal, Young & Logan, attorneys for Defendants

4    REGAL STONE, LTD. and M/V COSCO BUSAN in this matter.  I have personal

5    knowledge of the facts set forth below and, if called upon to testify as a witness, could

6    testify competently thereto.

7        2.    Beginning in March 2008, NSB Neiderelbe ("NSB") and Conti Cairo

8    ("Conti") provided Plaintiffs with documents proving that Conti and NSB did not own or

9    manage the COSCO BUSAN at the time of the oil spill.

10        3.    Attached hereto as Exhibit 1 is a true and correct copy of a letter

11    from Julie Taylor to William Audet and Michael McShane with enclosures, dated March

12    5, 2008.

13        4.    Attached hereto as Exhibit 2 is a true and correct copy of a letter

14    from Annie Moriarty to William Audet and Michael McShane with enclosures, dated

15    April 7, 2008.

16        5.    Attached hereto as Exhibit 3 is a true and correct copy of a letter

17    from Annie Moriarty to William Audet with enclosures, dated April 11, 2008.

18        6.    At the Case Management Conference on April 25, 2008, Plaintiffs'

19    counsel, William Audet, stated words to the effect that if the parties could work out a

20    "tolling agreement" Plaintiffs would voluntarily dismiss NSB and Conti.

21        7.    On May 27, 2008, Plaintiffs provided a draft stipulation allowing

22    Plaintiffs to file an amended complaint.  A true and correct copy of the draft stipulation

23    is attached hereto as Exhibit 4.

24        8.    On May 28, 2008, Defendants requested that Plaintiffs provide a

25    copy of the proposed amended complaint before agreeing to such a stipulation.  A true

26    and correct copy of a string of e-mails between William Audet and Annie Moriarty are

27    attached hereto as Exhibit 5.

28

- 1 -    KYL_SF463429

DECLARATION OF ANNE M. MORIARTY IN SUPPORT OF DEFENDANT REGAL STONE,
LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO
AMEND VERIFIED FIRST AMENDED COMPLAINT - Case No. C 07 05800 (SC)

1         9.    On June 6, 2008, Plaintiffs provided a copy of their proposed

2    amended complaint to Defendants.  Defendants informed Plaintiffs that Defendants

3    would not stipulate to the filing of the proposed amended complaint as drafted and

4    pressed Plaintiffs to honor their promise to dismiss NSB and Conti.  After meeting and

5    conferring on Thursday, June 12, 2008, the parties were unable to agree on a

6    stipulation.

7

8

     I declare under penalty of perjury under the laws of the State of California

9    that the foregoing is true and correct.

10        Executed this 3rd day of July 2008, at San Francisco, California.

11

12

13

14   *anne Moriarty*

    ANNE M. MORIARTY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF463429

DECLARATION OF ANNE M. MORIARTY IN SUPPORT OF DEFENDANT REGAL STONE,
LTD.'S NON-OPPOSITION AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO
AMEND VERIFIED FIRST AMENDED COMPLAINT - Case No. C 07 05800 (SC)

EXHIBIT "1"

LAW OFFICES
### KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:
(415) 981-0136

www.kyl.com

March 5, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III#
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO *†
MICHELE R. FRON
ELIZABETH F BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JOD B. COHEN
PHILIP R. STRUGGLERS *⚬
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZENZ *
DOUGLAS R. DAVIS *†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYHIHAN
CARA L. MEREDITH
SARAH TONG GANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM ±
REAR ADMIRAL. U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR ◊
NANCY HARRISS †
FRANCES L. KEELER

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY F. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMMERLEIN*
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONO
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM*
O. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUHNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

* ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
± ADMITTED IN ALASKA & CALIFORNIA
§ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
◊ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

### _Via Facsimile - 415-568-2556_
### _and U.S. Mail_

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

Re:    _Chelsea LLC, et al. v. Regal Stone, Ltd., et al._
       Our File No.: 2418-230

Dear Messrs. Audet and McShane:

As you know, we represent Regal Stone Limited in the above referenced matter. We are writing to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this matter. As you and my partner John Giffin have previously discussed, Conti Cairo and NSB did not own the COSCO BUSAN at the time of the oil spill on November 7, 2007.

On February 13, 2008, Mr. Giffin asked you to dismiss Conti Cairo and NSB. You informed him that you would do so if we could provide documents showing that, as of November 7, 2007, neither company owned or managed the COSCO BUSAN.

Enclosed please find documents that show that neither Conti Cairo or NSB owned the COSCO BUSAN on November 7, 2007.

1.    Bill of Sale for the COSCO BUSAN, dated October 15, 2007. This document shows the Transferor as Conti Cairo and the Transferee as Regal Stone Limited;

ANCHORAGE OFFICE
SUITE 660
1029 WEST THIRD AVENUE
ANCHORAGE, AK 68601-1654
(907) 279-9696
FACSIMILE: (907) 279-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
March 5, 2008
Page 2

      Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           Our File No.:  2418-230

2.      Certified Copy of the "Transcript of Register" from the Hong
          Kong Marine Department, dated October 30, 2007. This
          document shows the owner of the COSCO BUSAN as Regal
          Stone Limited; and

3.      Ship Management Agreement between Conti Cairo and NSB,
          dated June 25, 2001.  The original Ship Management Agreement
          ("Agreement") is in German.  We arranged to translate the
          Agreement to English.  We have attached the certificate of
          authorization.  Section 8, No. 4 of the Agreement states: "This
          agreement shall end with the sale or total loss of the vessel."[1]

    Please inform us of whether you intend to voluntarily dismiss Conti Cairo
and NSB based on the enclosed.  If you would like to discuss this matter further,
please do not hesitate to call the undersigned.

                    Best regards,

                    Julie L. Taylor
                    *julie.taylor@kyl.com*

JLT:llj(KYL_SF460480)
Enclosures

---

[1] Sensitive portions of this agreement have been redacted.  Parties to this agreement have not been
redacted.

MARINE DEPARTMENT
HONG KONG, CHINA
中國香港海事處

## BILL OF SALE
## 賣 據

Note 1    *A purchaser of a registered Hong Kong ship does not obtain a complete title until the Bill of Sale has been recorded at the Hong Kong Shipping Registry.*
Note 2    *To facilitate entries into the Register and issue of Certificate of Registry, please provide information in English.*
註 1       若本賣據未經香港船舶註冊處登記，則香港註冊船舶的買家不能獲得該船舶的完整業權。
註 2       為方便以電腦整理資料和編印註冊證明書，請用英文填寫。

| Official number 註冊編號 | Name of ship 船舶名稱 | How Propelled 推進裝置 |
|---|---|---|
| 19545 | COSCO BUSAN | MAN B&W 10K98MC-C |

| Gross tonnage 總噸位 | Register/Net tonnage 註冊/淨噸位 | Total Engine(s) Power (kw) 主機總功率(千瓦) |
|---|---|---|
| 65,131 tons | 34,078 tons | 57,100 kw |

| Length (metre) 長度 (米) | Breadth (metre) 寬度 (米) | Moulded depth (metre) 型深 (米) |
|---|---|---|
| 274.67 m | 40.00 m | 24.20 m |

and as described in more detail in the Certificate of Survey/Register of ships 以及在驗船證明書/船舶註冊紀錄冊內更詳盡的記述

| Transferor(s) 移轉人 | Full Name(s) 名稱全寫 | Address(es) 地址 |
|---|---|---|
| I/We, the transferor(s)<br>本人/我們為移轉人 | CONTI I. Container Schiffahrts-GmbH & Co. KG MS "CONTI CAIRO" | Paul-Wassermann-Str. 5, 81829 München, Germany |

| in consideration of the sum of 因應以下承轉人繳付金額 | US $ 1.00 and other good and valuable consideration | paid to me/us by 給本人/我們 , |
|---|---|---|

| Transferee(s) 承轉人 | Full Name(s) 名稱全寫 | Address(es) 地址 | Occupation(s) 職業 (applicable to individual only) (祇適用於個別人士) |
|---|---|---|---|
| the transferees(s) (Add "as joint owner" if this is the case)<br>承轉人<br>(如果是"聯名船東", 請加以註明) | Regal Stone Limited | Room 1603 MassMutual Tower, 38 Gloucester Road, Wanchai, Hong Kong, P.R. of China | Corporation |

The receipt of which is acknowledged, TRANSFER boats and appurtenances to the transferee(s).

100/100 shares    \*shares/parts/percentage in the above ship and in her

在認收該筆款項後，現將上述船舶及其救生艇與輔助設備 _____ \* 分額/部分/百分比 的權益移轉予承轉人。

Further, we the said transferor(s) for ourselves and our heirs or successors covenant with the said transferee(s) and their assigns, that we have power to transfer in manner aforesaid the premises hereinbefore expressed to be transferred, and that the same are free from encumbrances, charges, liens, mortgages, and any other debts or claims whatsoever.

同時，本人/我們(即上述移轉人)代表本人/我們及本人/我們的繼承人與上述承轉人及其受讓人立下契約，本人/我們有權以上述方式移轉上述產業，而該產業並無產權負擔。

(If any subsisting encumbrances insert "save as appears by the registry of the said ship")
(如該船船份有產權負擔，請加入 "除上述船船註冊紀錄冊內另有顯示的產權負擔外")

P.T.O. 請轉後頁

- 2 -

*For completion by individual who is SOLE OWNER or individuals who are JOINT OWNERS*
團唯一船東或聯名船東的個別人士，請填寫這部分

In witness whereof I/we have hereunto subscribed my/our names and affixed my/our seal on _____
本人／我們謹於 _____ 年 ____ 月 ____ 日在此簽署並蓋上本人／我們的印章。

Executed by the above named transferor(s) in the presence of :-
上述移轉人在以下見證人面前簽立

○ SEAL
印章

| | |
|---|---|
| Signature of witness 證人簽署 | Signature of transferor 移轉人簽署 |
| Full name 姓名全寫 | |
| Address 地址 | |
| Occupation 職業 | Signature of transferor 移轉人簽署 |

*For completion by BODY CORPORATE*
團法人團體者，請填寫這部分

In witness whereof we have executed this Bill of Sale on the 15th day of October 2007.
SIGNED, SEALED and DELIVERED
for and on behalf of CONTI 1. Container Schiffahrts-GmbH & Co. KG MS "CONTI C
by its Attorney-in-Fact, Mr. Josef Sedlmeyr,
pursuant to a Power of Attorney dated the 15th day of October 2007,
in the presence of :

○ SEAL
印章

Walter Singer, Notary Public
我們謹於 _____ 年 ____ 月 ____ 日在以下見證人面前蓋上本法團的印章。

| | |
|---|---|
| Signature of witness 見證人簽署 | Status 身分 Josef Sedlmeyr, Attorney-in-Fact |
| | (director, secretary etc. according to the company's articles) |
| | (董事.秘書等，按公司組織細則而定) |
| Signature of witness 見證人簽署 | Status 身分 |
| | (director, secretary etc. according to the company's articles) |
| | (董事.秘書等，按公司組織細則而定) |

0.731

Form No. RS/T1



# TRANSCRIPT OF REGISTER
# 船 舶 註 冊 紀 錄 冊 抄 本

---

### PARTICULARS OF SHIP　船 舶 資 料

---

| | | | |
|---|---|---|---|
| **Name of Ship**<br>船　名 | COSCO BUSAN | **IMO No.**<br>國際海事組織編號 | 9231743 |
| **Port of Registry**<br>註　冊　港 | HONG KONG<br>香 港 | **Call Sign**<br>呼　號 | VRDI6 |
| **Official No.**<br>註冊編號 | HK-2012 | **Date of Registry**<br>註冊日期 | 30-OCT-2007 |
| **Type of Ship**<br>船舶類型 | CONTAINER | **Material of Hull**<br>船體材料 | STEEL |
| **Date Keel Laid**<br>龍骨安放日期 | 25 JUNE 2001 | | |

**Name and Address of Builder** HYUNDAI HEAVY IND. CO., LTD.
造船廠名稱、地址　　1, CHEONHA-DONG, DONG-GU, ULSAN 682-792, REP. OF KOREA.

| | | | |
|---|---|---|---|
| **Length**<br>長　度 | 265.060 metres | **Breadth**<br>寬　度 | 40.000 metres |
| **Moulded Depth**<br>型　深 | 20.160 metres | | |
| **Gross Tonnag**<br>總噸位 | 65,131 tons | **Net Tonnage**<br>淨噸位 | 34,078 tons |
| **Main Engine Type**<br>主機種類 | DIESEL | **Engine Make and Model**<br>主機名稱、型號 | HYUNDAI 10 K 98MC-C |
| **No. of Sets of Engine**<br>主機台數 | 1 | **Total Engine Power**<br>主機總功率 | 57100 KW |
| **How Propelled**<br>推進裝置 | PROPELLER | **No. of Shafts**<br>軸　數 | 1 |

---

Form No. RS/T1



# TRANSCRIPT OF REGISTER
# 船 舶 註 冊 紀 錄 冊 抄 本

## PARTICULARS OF OWNER(S) / REPRESENTATIVE PERSON 船東 / 代表人資料

**Total Interest in the Ship** 船舶權益總額 :   100 Percentage

Name of Representative Person and Address
代表人姓名 / 名稱及地址

FLEET MANAGEMENT LIMITED
RM. 1603, 16/F, MASSMUTUAL TOWER,
38 GLOUCESTER ROAD,
HONG KONG.

| Name, Address, and Description of Owners 船東姓名 / 名稱、地址等資料 | Percentage of Interest Held 權益百分比數目 |
|---|---|
| REGAL STONE LIMITED<br>RM. 1603, 16/F, MASSMUTUAL TOWER,<br>38 GLOUCESTER ROAD,<br>HONG KONG. | 100.00 |

**Place of Incorporation/Registration** 公司成立/註冊地點 :   HONG KONG

## DETAILS OF MORTGAGE 抵 押 資 料

**Mortgage Code** 抵押編碼: A
**Property of Ship Affected** 所涉及船舶財產權 :  100 Percentage

**Name of Mortgagor**
抵押人姓名/名稱

REGAL STONE LIMITED

**Place of Incorporation/Registration**
公司成立/註冊地點

HONG KONG

**Name and Address of Mortgagee**
抵押權人姓名/名稱、地址

CITIBANK, N.A.
CITICORP CENTRE, 33 CANADA SQUARE,
CANARY WHARF,
LONDON E14 5LB.

**Tel. No.**
電話號碼
**Fax No.**   44(0) 20 7500 5877
傳真號碼
**Telex No.**
電傳號碼

MARINE DEPARTMENT
HONG KONG, CHINA
中國香港海事處

Form No. RS/T1



# TRANSCRIPT OF REGISTER
## 船舶註冊紀錄冊抄本

DETAILS OF MORTGAGE 抵押資料

| Date & Hour of Registry<br>註冊日期、時間<br>24-OCT-2007 19:05 | Nature of Transaction<br>抵押細節<br>MORTGAGE "A" DATED 24 OCTOBER 2007 TO SECURE OBLIGATION(S)<br>PURSUANT TO: (1) LOAN AGREEMENT DATED 25 SEPTEMBER 2007; (2)<br>MASTER AGREEMENT DATED 25 SEPTEMBER 2007 BETWEEN (1) THE<br>MORTGAGEE, AS PARTY A AND (2) VIVID MIND LIMITED, CHARMING<br>ENERGETIC LIMITED, DYNAMIC CONTINENTAL LIMITED, PERPETUAL JOY<br>LIMITED AND THE MORTGAGOR, AS PARTY B; (3) MASTER AGREEMENT<br>DATED 25 SEPTEMBER 2007 BETWEEN (1) BANK OF SCOTLAND PLC, AS<br>PARTY A, AND (2) VIVID MIND LIMITED, CHARMING ENERGETIC LIMITED,<br>DYNAMIC CONTINENTAL LIMITED, PERPETUAL JOY LIMITED AND THE<br>MORTGAGOR, AS PARTY B; (4) DEED OF COVENANT DATED 24 OCTOBER<br>2007; (5) AGENCY AND TRUST DEED DATED 25 SEPTEMBER 2007; (6)<br>MASTER AGREEMENT SECURITY DEED DATED 25 SEPTEMBER 2007; (7)<br>ACCOUNT SECURITY DEED DATED 25 SEPTEMBER 2007; (8) NAUTILUS<br>GUARANTEE DATED 25 SEPTEMBER 2007; (9) SHARE PLEDGES DATED 25<br>SEPTEMBER 2007; (10) THE OTHER FINANCE DOCUMENTS AS DEFINED<br>AND REFERRED TO IN CLAUSE 1.1 OF THE LOAN AGREEMENT<br>MENTIONED ABOVE TO WHICH THE MORTGAGOR IS OR WILL BE A<br>PARTY. |
|---|---|

I hereby certify that the foregoing printed particulars are a true extract from the Register now in my charge, showing the descriptive particulars, registered ownership and details of mortgage of this vessel "COSCO BUSAN" - Official Number HK-2012, as at 30th October 2007.
茲證明上文所印資料為本人主管的船舶註冊紀錄冊的真確摘錄,以示截至 2007 年 10 月 30 日為止,
本船的一般資料、註冊所有權,以及抵押資料。

This Transcript of Register was issued on 29th February 2008 at 14:52.
本船舶註冊紀錄冊抄本發出日期、時間為 2008 年 2 月 29 日 14 時 52 分。

WU Kwong Shing  (Assistant Registrar)
Registrar of Ships  船舶註冊官

MARINE DEPARTMENT
HONG KONG, CHINA
中國香港海事處

# SHIP MANAGEMENT AGREEMENT

between

**CONTI 1. Container Schiffahrts-GmbH & Co. KG**

**MS "CONTI CAIRO"**

- hereinafter referred to as "the Shipping Company" -

and

**NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Buxtehude**

- hereinafter referred to as "the Ship Manager" –

The following ship management agreement has been concluded between the above parties:

§1

Following handover to the Shipping Company, the Ship Manager shall be appointed contract carrier for the motor vessel MS "CONTI CAIRO"

Construction no. 1381

belonging to the Hyundai Corporation, Seoul, South Korea and Hyundai Heavy Industries Co. Ltd., Ulsan, South Korea.

# REDACTED

REDACTED

§ 8

REDACTED

2. Termination of the ship management agreement shall not exclude the possibility of terminating the ship management agreement for good cause.

3. This agreement must be terminated in writing.

4. This agreement shall end with the sale or total loss of the vessel.

§9

1. In the event that individual provisions in this agreement become null and void or ineffective, this shall not affect the legal validity of the remainder of the agreement. The null and void or ineffective provisions shall be reinterpreted so as to achieve the original economic purpose intended.

Putzbrunn/Buxtehude, 6/25/2001

[signature]                                    [signature]

CONTI 1. Container Schiffahrts-GmbH & Co. KG    NSB Niederelbe Schiffahrtsgesellschaft
MS "CONTI CAIRO"                                mbH & Co. KG

# BEREEDERUNGSVERTRAG

### zwischen der

## CONTI 1. Container Schiffahrts-GmbH & Co. KG
## MS "CONTI CAIRO"
– nachstehend Reederei genannt –

### und der

## NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, Buxtehude
– nachstehend Bereederer genannt –

wird folgender Bereederungsvertrag geschlossen:

### § 1

Der Bereederer wird ab Ablieferung an die Reederei zum Vertragsreeder für das Motorschiff
MS " CONTI CAIRO"

Bau-Nr. 1381

der Hyundai Corporation, Seoul, Südkorea, und der Hyundai Heavy Industries Co. Ltd., Ulsan,
Südkorea, bestellt.

# REDACTED

REDACTED

§ 8

REDACTED

2. Eine Kündigung des Bereederungsvertrages aus wichtigem Grunde wird hierdurch nicht ausgeschlossen.

3. Jede Kündigung bedarf der schriftlichen Form.

4. Dieser Vertrag endet mit Verkauf oder Totalverlust des Schiffes.

## § 9

1. Sollten einzelne Bestimmungen dieses Vertrages nichtig sein oder unwirksam werden, so soll dies die Rechtswirksamkeit des übrigen Vertragsinhaltes nicht berühren. Die nichtigen oder unwirksamen Bestimmungen sind so umzudeuten, dass der mit ihnen beabsichtigte wirtschaftliche Zweck erreicht wird.

Putzbrunn/Buxtehude, den 25.06.2001

CONTI . Container Schiffahrts-GmbH & Co. KG
MS "CONTI CAIRO"

NSB Niederelbe Schiffahrts-
gesellschaft mbH & Co. KG



**TRANSPERFECT**

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Katharine Perekslis, hereby certify that the document "Ship Management Agreement" is, to the best of my knowledge "and belief, a true and accurate translation from German into English.

Katharine L. Perekslis

Sworn to before me this
3rd day of March, 2008

Signature, Notary Public

**Pamela Boyle**
Notary Public, State of New York
No. 01BO6181278
Qualified in NEW YORK County
Commission Expires Jan 28, 20___

Stamp, Notary Public

03/05/2008 13:22 TEL 4159817729          KEESAL,YOUNG&LOGAN                    ☑001

```
        *********************
    ***   TX REPORT   ***
        *********************

    TRANSMISSION OK

    TX/RX NO                1138
    DESTINATION TEL #       5682556
    DESTINATION ID
    ST. TIME                03/05 13:18
    TIME USE                03'43
    PAGES SENT              17
    RESULT                  OK
```

| LONG BEACH OFFICE | LAW OFFICES | ANCHORAGE OFFICE |
|---|---|---|
| 400 OCEANGATE | **KEESAL, YOUNG & LOGAN** | SUITE 650 |
| P.O. BOX 1730 | A PROFESSIONAL CORPORATION | 1029 WEST 3RD AVENUE |
| LONG BEACH, CALIFORNIA 90801-1730 | SUITE 1500 | ANCHORAGE, ALASKA 99501-1954 |
| (562) 436-2000 | FOUR EMBARCADERO CENTER | (907) 279-9696 |
| FAX: (562) 436-7416 | SAN FRANCISCO, CALIFORNIA 94111 | FAX: (907) 279-4239 |
| | (415) 398-6000 | |
| *SEATTLE OFFICE* | FAX: (415) 981-0136 | *HONG KONG OFFICE* |
| SUITE 1515 | | 1603 THE CENTRE MARK |
| 1301 FIFTH AVENUE | | 287 QUEEN'S ROAD CENTRAL |
| SEATTLE, WASHINGTON 98101 | | HONG KONG |
| (206) 622-3790 | | (852) 2854-1718 |
| FAX: (206) 343-9529 | | FAX: (852) 2541-6189 |

# FACSIMILE

### DATE: March 5, 2008

**To:**  **William M. Audet, Esq.** *and*
**Michael McShane, Esq.**

**Firm:**  Audet & Partners, LLP

**Fax:**  (415) 568-2556          **Main No.:**  (415) 982-1776
                                  **E-mail:**  waudet@audetlaw.com

---

**From:**     Julie L. Taylor, Esq.

**Re:**       *Chelsea, LLC, et al. v. Regal Stone, Ltd., et al.*
              USDC Case No. C-07-5800-SC

**Our File No.:**  2418-230

**Your File No.:**

## NUMBER OF PAGES INCLUDING THIS SHEET:   (17)

### ORIGINAL WILL BE SENT

MESSAGE:

EXHIBIT "2"

LAW OFFICES
## KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CA 94111

(415) 398-6000

FACSIMILE:

(415) 981-0136

www.kyl.com

April 7, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO *†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JODI S. COHEN
PHILIP R. LEMPRIERE *†
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE *
DOUGLAS R. DAVIS *†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. MOYNIHAN
CARA L. MEREDITH
SARAH TONG BANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMBERLEIN
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONG
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VRISTROM†
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KUHNE, JR.
ANNIE M. MORARTY
NICOLE S. BUSSI

◆ ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
■ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
  OF HONG KONG & ADMITTED IN NEW YORK
◊ SOLICITOR ADMITTED IN ENGLAND, WALES AND
  NORTHERN IRELAND
ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL

ROBERT H. LOGAN
RICHARD A. APPELBAUM ‡
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR ◊
NANCY HARRISS †
FRANCES L. KEELER

_**Via Facsimile - 415-568-2556 and**_
_**U.S. Mail**_

William M. Audet, Esq.
Michael McShane, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

      Re: _Chelsea LLC, et al. v. Regal Stone, Ltd., et al._
      Our File No.: 2418-229

Dear Messrs. Audet and McShane:

    As you know, we represent Regal Stone Limited in the above referenced matter. We are writing once again to formally request that you dismiss Conti Cairo KG ("Conti Cairo") and NSB Neiderelbe ("NSB") from this action. Conti Cairo, former owners, and NSB, former managers, did not own or operate the COSCO BUSAN at the time of the oil spill on November 7, 2007, and therefore are not proper parties to this action.

    We have previously provided you with documents showing that neither Conti Cairo or NSB owned or managed the COSCO BUSAN at the time of the oil spill. Enclosed you will find declarations signed by the president of NSB and the Managing Directors of Conti Cairo which state under penalty of perjury that Conti Cairo sold the vessel on October 24, 2007. As of this date, Conti Cairo and NSB's obligations as former owners and managers of the vessel terminated. Furthermore, on the date of the sale, insurance coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date, it was the responsibility of the vessel's new owners to obtain insurance coverage.

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4239

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
Michael McShane, Esq.
April 7, 2008
Page 2

Re:    *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
       Our File No.:  2418-229

In addition, we have enclosed documentation evidencing the cancellation of insurance coverage obtained for the benefit of Conti Cairo and NSB.

1.    Certificate of Entry showing original insurance period as February 20, 2007 – February 20, 2008;

2.    Vessel Addendum amending the end of the insurance period from February 20, 2008 to October 24, 2007 (the date of the sale).

We trust that in light of these documents, as well as documents previously provided, you will agree to voluntarily dismiss Conti Cairo and NSB from this action.   Please inform us whether you intend to do so.  As you know, Conti Cairo and NSB are prepared to take the steps necessary to file a Motion to Dismiss and seek Rule 11 sanctions if you continue to refuse to voluntarily dismiss them.

If you would like to discuss this matter further, please do not hesitate to call the undersigned.

Very truly yours,

Anne Moriarty
*annie.moriarty@kyl.com*

AMM:amm (KYL_SF461294)

SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING
## The Swedish Club
(est 1872)

# CERTIFICATE OF ENTRY

## Protection & Indemnity Insurance

Risk Ref. No.:          2007PI0081 - 9231743

Legal Assured:          NSB Niederelbe          As managers
                        Schiffahrtsgesellschaft mbH
                        & Co. KG

Vessel:                 **COSCO BUSAN**
IMO No:                 9231743
GT:                     65,131
Built:                  2001

Period of Insurance:    From 20-Feb-2007, 1200  GMT (0) until 20-Feb-2008, 1200 GMT (0)

## Main Conditions

This is to certify that above-named Assured is a Member of The Swedish Club and that the vessel stated above is entered with The Swedish Club for Protection & Indemnity Insurance on full cover as per current Rules for Protection & Indemnity. The limit of liability for Oil Pollution is USD 1,000,000,000. In respect of P&I Excess War Risk Cover the limit is USD 500,000,000 and in respect of certain war and terrorist risk the liabilities arising from Bio-Chem etc, the limit is USD 30,000,000.

Subject always to the Rules of the Association and the terms of entry for the Assured, the following is included in the cover:

   Liability for pollution (caused by a spillage of oil or any hazardous and noxious substances) (Rule 6)

   Wreck Removal liability (Rule 7 section 5)

In respect of the risks insured hereunder, to the extent the Member is insured for pollution risks under any other Insurance, cover hereunder shall be null, void and of no effect, up to the limits of said other insurance. Above the limits of said other insurance, cover under this insurance shall remain in effect, subject always to the limits herein which are applicable to such risks, to any deductible(s), and to the other terms, conditions and Club Rules. In the event the limits available under such other insurance are the same

1

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501
www.swedishclub.com

SVERIGES ÅNGFARTYGS          ASSURANS FÖRENING

# The Swedish Club
Est. 1872

as or greater than the limits available for pollution losses under this insurance, then this insurance shall be null, void and of no effect with regard to such claims. In the event the limits of said other insurance are less than the limits available hereunder, this insurance shall respond up to the limits set forth herein for pollution losses, but only for the amount by which any such losses exceed the stated limits of such other insurance, and then only up to the limits set forth herein for pollution losses. This insurance shall respond only in excess of the stated limits of the other insurance, whether or not the full amount of such other policy limits, or any amount at all, is recoverable thereunder.

Notwithstanding the Terms of Rule (11:6), this insurance will not provide any recovery in respect of liabilities insured under any other insurance, or provide pro rated or allocated cover, on the basis of double insurance or otherwise, except as set forth above; nor will this insurance replace any other insurance where (for whatever reason) that other insurance does not or is not able to respond to a claim thereunder.

This certificate of entry is evidence only of the contract of indemnity insurance between the above named Member(s) and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

In the event that a Member tenders this certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

Göteborg, 12-Feb-2007
**Sveriges Ångfartygs Assurans Förening**
**The Swedish Club**

2

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501

www.swedishclub.com

SVERIGES ÅNGFARTYGS     ASSURANS FÖRENING

## The Swedish Club
Est. 1872

Attachment to Risk Ref. No:  2007PI0081 - 9231743
Vessel:                      **COSCO BUSAN**

| Deductibles | USD | 5,000 | Cargo liability |
| | USD | 2,500 | Crew liability |
| | USD | 5,000 | Other P&I risks |

The deductible for cargo liability is for each single voyage, all other deductibles applicable on each accident or occurrence, unless otherwise stated.
The deductible for cargo liability to be increased by 100% for liability in respect of damage to cargo caused by leaking hatches and/or hull. This deductible is also applied in respect of liability to passenger's belongings and/or luggage.

Trading:              World wide

Joint Member(s):      Conti 1. Container          As owners
                      Schiffahrts- GmbH & Co. KG
                      MS "CONTI CAIRO"

Co-Assured(s):        Columbia Shipmanagement
                      Ltd.

The interest of the following Mortgagee(s) / Assignee(s) is noted:
Mortgagee(s):         HSH Nordbank AG
                      Deutsche Schiffsbank
                      Commerzbank AG, Filiale
                      Hamburg

## Special Conditions
Rule 3, section 1(b) - excluded insofar as this liability is covered by social security schemes or additional insurance is arranged by the Member or his Agents. (Relates to crew illness etc.)
Rule 3, section 2, first paragraph - excluded insofar as this liability is covered by social security schemes or additional insurance is arranged by the Member or his Agents. (Relates to crew wages etc.)
Rule 4, section 2, first paragraph - excluded (relates to through transport)
Rule 7, section 2(a) - excluded but excess collision liability covered. (Relates to 1/4ths collision liability)
Rule 7, section 3, first paragraph - excluded but excess liability covered. (Relates to liability for fixed and floating objects.)

3

Gullbergs Strandgata 6, P.O. Box 171, SE-401 22 Göteborg, Sweden
Tel +46 31 638 400, Fax +46 31 156 711, E-mail swedish.club@swedishclub.com
VAT No SE557206526501
www.swedishclub.com



SVERIGES ÅNGFARTYGS    ASSURANS FÖRENING

# Vessel Addendum

Risk Ref No:         2007PI0081
Client:              NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG
Sub Class:           Protection & Indemnity Insurance
Insurance Period:    20-Feb-2007  - 19-Feb-2008

| Vessel | IMO | Description | Type | New Value | Effective From |
|--------|-----|-------------|------|-----------|----------------|
| COSCO BUSAN | 9231743 | Period To | Amendment | 24 Oct 2007 | 20-Feb-2007 |

*Göteborg, 30-Oct-2007*
**Sveriges Ångfartygs Assurans Förening**
**The Swedish Club**

1  JOHN D. GIFFIN, CASB NO. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center
   Suite 1500
5  San Francisco, California 94111
6  Telephone:  (415) 398-6000
   Facsimile:   (415) 981-0136
7

8  Attorneys for:

9  REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT CALIFORNIA

12

13

14
   CHELSEA, LLC, MARK RUSSO, ALLEN  )  Case No. C 07 05800 (SC)
15 LORETZ, and IVAN SIMPSON,        )
   individually and on behalf of all others )  **DECLARATION OF JOSEF**
16 similarly situated,              )  **SEDLMEYR**
17                                   )
                      Plaintiffs,   )
18                                   )
          vs.                        )
19                                   )
   REGAL STONE, LTD., HANJIN         )
20 SHIPPING, CO., LTD., CONTI CAIRO )
   KG, NSB NEIDERELBE, SYNERGY       )
21 MARITIME, LTD., *IN PERSONAM*, M/V )
   COSCO BUSAN, their engines, tackle, )
22 equipment, appurtenances, freights, and )
23 cargo *IN REM*,                   )
                                     )
24                      Defendant.   )
                                     )
25

26     I, Josef Sedlmeyr, declare as follows:

27     1.     I am one of the two Managing Directors of the Conti 1. Container
28 Schiffahrts-GmbH & Co. KG ("Conti Cairo").  I have personal knowledge of the matters

                                  - 1 -
   DECLARATION OF JOSEF SEDLMEYR - Case No. C 07 05800 (SC)          KYL_SF460983

1  set forth in this Declaration, and if called to testify, I could and would competently

2  testify to those matters.

3       2.     On June 25, 2001, NSB entered into a "Ship Management

4  Agreement" with Conti Cairo.  Under this agreement, NSB agreed to manage the

5  COSCO BUSAN (formerly named the MV CONTI CAIRO).  As Ship Manager, NSB's

6  duties included operating, manning, servicing and inspecting the vessel.

7       3.     Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

8       4.     On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

9  Stone, Ltd.

10       5.     Conti Cairo's obligations as the owner of the COSCO BUSAN

11  terminated with the sale of the vessel.  As of October 24, 2007, Conti Cairo no longer

12  owned the COSCO BUSAN and had no relationship to the vessel.

13       6.     Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

14  coverage obtained for the benefit of Conti Cairo and NSB was cancelled.  After that date,

15  the responsibility to place insurance for the benefit of the vessel's owners and managers

16  became the responsibility of the vessel's new owners.  Neither Conti Cairo nor NSB had

17  any further responsibility concerning insurance coverage for the vessel.

18

19

20  Executed this _1st_ day of April 2008, in Munich, Germany.  I declare under

21  penalty of perjury under the laws of the United States of America and the State of

22  California that the foregoing is true and correct.

23

24                                  _____

25                                        Josef Sedlmeyr

26

27

28

                           - 2 -                               KYL_SF460983

DECLARATION OF JOSEF SEDLMEYR - Case No. C 07 05800 (SC)

1  JOHN D. GIFFIN, CASB NO. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center
   Suite 1500
5  San Francisco, California 94111
6  Telephone:   (415) 398-6000
7  Facsimile:   (415) 981-0136

8  Attorneys for:

9  REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT CALIFORNIA

12

13

14 CHELSEA, LLC, MARK RUSSO, ALLEN    ) Case No. C 07 05800 (SC)
15 LORETZ, and IVAN SIMPSON,          )
   individually and on behalf of all others ) DECLARATION OF HELMUT
16 similarly situated,                 ) PONATH
17                      Plaintiffs,    )
18            vs.                      )
19 REGAL STONE, LTD., HANJIN          )
20 SHIPPING, CO., LTD., CONTI CAIRO   )
   KG, NSB NEIDERELBE, SYNERGY        )
21 MARITIME, LTD., *IN PERSONAM*, M/V )
22 COSCO BUSAN, their engines, tackle, )
   equipment, appurtenances, freights, and )
23 cargo *IN REM*,                    )
24                      Defendant.     )
25 _____ )

26      I, Helmut Ponath, declare as follows:

27           1.      I am the president of NSB Niederelbe Schiffahrtsgesellschaft mbH &

28 Co., KG, Buxtehude ("NSB"). I have personal knowledge of the matters set forth in this

                                    - 1 -                    KYL_SF460975
DECLARATION OF HELMUT PONATH - Case No. C 07 05800 (SC)

1    Declaration, and if called to testify, I could and would competently testify to those

2    matters.

3            2.    On June 25, 2001, NSB entered into a "Ship Management

4    Agreement" with Conti Cairo KG ("Conti Cairo"). Under this agreement, NSB agreed to

5    manage the COSCO BUSAN (formerly named the MV CONTI CAIRO). As Ship

6    Manager, NSB's duties included operating, manning, servicing and inspecting the

7    vessel.

8            3.    Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

9            4.    On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

10    Stone, Ltd.

11            5.    NSB's obligations as the COSCO BUSAN's manager terminated with

12    Conti Cairo's sale of the vessel. As of October 24, 2007, NSB was no longer manager of

13    the COSCO BUSAN and had no relationship to the vessel.

14            6.    Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

15    coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date,

16    the responsibility to place insurance for the benefit of the vessel's owners and managers

17    became the responsibility of the vessel's new owners. Neither Conti Cairo nor NSB had

18    any further responsibility concerning insurance coverage for the vessel.

19

20

21            Executed this _01_ day of April 2008, in Buxtehude, Germany. I declare under

22    penalty of perjury under the laws of the United States of America and the State of

23    California that the foregoing is true and correct.

24

25                        _Helmut Ponath_

26                        Helmut Ponath

27

28                        - 2 -

1  JOHN D. GIFFIN, CASB NO. 89608
   john.giffin@kyl.com
2  JULIE L. TAYLOR, CASB NO. 154341
   julie.taylor@kyl.com
3  KEESAL, YOUNG & LOGAN
4  A Professional Corporation
   Four Embarcadero Center
5  Suite 1500
   San Francisco, California 94111
6  Telephone:  (415) 398-6000
7  Facsimile:  (415) 981-0136

8  Attorneys for:
9  REGAL STONE, LTD., *in personam*, M/V COSCO BUSAN, *in rem*

10            UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT CALIFORNIA

12

13

14

15  CHELSEA, LLC, MARK RUSSO, ALLEN      ) Case No. C 07 05800 (SC)
    LORETZ, and IVAN SIMPSON,            )
16  individually and on behalf of all others ) DECLARATION OF CHRISTOPH
    similarly situated,                  ) WIZIGMANN
17                                       )
                              Plaintiffs, )
18                                       )
                   vs.                   )
19                                       )
20  REGAL STONE, LTD., HANJIN            )
    SHIPPING, CO., LTD., CONTI CAIRO     )
21  KG, NSB NEIDERELBE, SYNERGY          )
    MARITIME, LTD., *IN PERSONAM*, M/V   )
22  COSCO BUSAN, their engines, tackle,  )
    equipment, appurtenances, freights, and )
23  cargo *IN REM*,                      )
                                         )
24                           Defendant.  )
                                         )
25

26        I, Christoph Wizigmann, declare as follows:

27        1.      I am one of the two Managing Directors of the Conti 1. Container

28  Schiffahrts-GmbH & Co. KG ("Conti Cairo"). I have personal knowledge of the matters

                                    - 1 -                      KYL_SF461100
DECLARATION OF CHRISTOPH WIZIGMANN - Case No. C 07 05800 (SC)

1  set forth in this Declaration, and if called to testify, I could and would competently

2  testify to those matters.

3       2.    On June 25, 2001, NSB entered into a "Ship Management

4  Agreement" with Conti Cairo. Under this agreement, NSB agreed to manage the

5  COSCO BUSAN (formerly named the MV CONTI CAIRO). As Ship Manager, NSB's

6  duties included operating, manning, servicing and inspecting the vessel.

7       3.    Conti Cairo purchased the COSCO BUSAN on December 27, 2001.

8       4.    On October 24, 2007, Conti Cairo sold the COSCO BUSAN to Regal

9  Stone, Ltd.

10      5.    Conti Cairo's obligations as the owner of the COSCO BUSAN

11 terminated with the sale of the vessel. As of October 24, 2007, Conti Cairo no longer

12 owned the COSCO BUSAN and had no relationship to the vessel.

13      6.    Upon the sale of the COSCO BUSAN on October 24, 2007, insurance

14 coverage obtained for the benefit of Conti Cairo and NSB was cancelled. After that date,

15 the responsibility to place insurance for the benefit of the vessel's owners and managers

16 became the responsibility of the vessel's new owners. Neither Conti Cairo nor NSB had

17 any further responsibility concerning insurance coverage for the vessel.

18

19

20     Executed this _1st_ day of April 2008, in Munich, Germany. I declare under

21 penalty of perjury under the laws of the United States of America and the State of

22 California that the foregoing is true and correct.

23

24                   _____

25                   Christoph Wizigmann

26

27

28

KYL_SF461100

DECLARATION OF CHRISTOPH WIZIGMANN · Case No. C 07 05800 (SC)

```
        ***********************
        ***   TX REPORT   ***
        ***********************

TRANSMISSION OK

TX/RX NO                4860
CONNECTION TEL          ##01546#5682556#
SUBADDRESS
CONNECTION ID
ST. TIME                04/07 16:05
USAGE T                 04'26
PGS.                    13
RESULT                  OK
```

**LONG BEACH OFFICE**
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

**SEATTLE OFFICE**
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

# LAW OFFICES
# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-6000
FAX: (415) 981-0136

# FACSIMILE
**DATE:** April 7, 2008

**ANCHORAGE OFFICE**
SUITE 650
1029 WEST 3ᴿᴰ AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
FAX: (907) 279-4239

**HONG KONG OFFICE**
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-6189

**TO:**   **William M. Audet, Esq.**
          **Michael McShane, Esq.**                **YOUR REF:** _____

**FAX:**   (415) 568-2556

**FROM:** Annie M. Moriarty, Esq.        **OUR REF:**   2418-229

**No. of pages including this sheet:**           **13**

If there is a problem receiving this transmission, please call **(415) 398-6000**.

### CONFIDENTIALITY NOTICE

"WARNING: Unauthorized interception of this telephonic communication could be a violation of federal law" The information contained in this facsimile message is confidential and is intended only for the individuals or entities named above. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to the intended recipient), please be advised that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify us by telephone to arrange for return of the original documents. Thank you.

### Re:   COSCO BUSAN

EXHIBIT "3"

LAW OFFICES
# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION

SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 398-6000
FACSIMILE:
(415) 981-0136
www.kyl.com

April 11, 2008

SAMUEL A. KEESAL, JR.
STEPHEN YOUNG
MICHAEL M. GLESS
PETER R. BOUTIN
SCOTT T. PRATT
TERRY ROSS
JOHN D. GIFFIN
WILLIAM H. COLLIER, JR.
PHILIP A. McLEOD
NEAL SCOTT ROBB
BEN SUTER
ALBERT E. PEACOCK III§
CAMERON STOUT
ROBERT J. STEMLER
LISA M. BERTAIN
ROBERT J. BOCKO *†
MICHELE R. FRON
ELIZABETH P. BEAZLEY

JOSEPH A. WALSH II
HERBERT H. RAY, JR. *†
JODI S. COHEN
PHILIP R. LEMPRIERE *♦
JULIE L. TAYLOR
STACEY MYERS GARRETT
JON W. ZINKE *
DOUGLAS R. DAVIS *†
GORDON C. YOUNG
ELIZABETH H. LINDH
KELLY J. ROWMIER
CARA L. MEREDITH
SARAH FONG SANGMEISTER
MARC R. GREENBERG
JULIE A. KOLE
DAVID D. PIPER
JOHN L. BABALA
ESTHER E. CHO

GLEN R. PIPER
CATHARINE M. MORISSET†
CHRISTOPHER A. STECHER
DIANA J. COBURN
AUDETTE PAUL MORALES
SCOTT E. HINSCHE
MELANIE L. RONEN
BENJAMIN W. WHITE
BENTLEY P. STANSBURY III
ATLANTIS T. LANGOWSKI
JOHN D. KIMBERLEIN*
EVELYN A. CHRISTENSEN
MARGARET A. DeGOOYER
ASHLEY YOUNG ADAMS
GARRETT R. WYNNE

JASON R. LINDSAY
JOHN COX
DAVID A. TONO
MOMO E. TAKAHASHI
TONI Y. LONG
CHARLES M. BILLY
ANGELIKI J. PAPADAKIS
STEFAN PEROVICH
AILAN LIU
NICOLAS J. VIKSTROM*
G. HANS SPERLING
SAMANTHA R. SMITH*
JAMES F. KURNE, JR.
ANNIE M. MORIARTY
NICOLE S. BUSSI

† ADMITTED IN ALASKA
† ADMITTED IN WASHINGTON
‡ ADMITTED IN WASHINGTON & CALIFORNIA
§ ADMITTED IN ALASKA & CALIFORNIA
♦ ADMITTED IN DISTRICT OF COLUMBIA & FLORIDA
* REGISTERED FOREIGN LAWYER WITH THE LAW SOCIETY
   OF HONG KONG & ADMITTED IN NEW YORK
□ SOLICITOR ADMITTED IN ENGLAND, WALES AND
   NORTHERN IRELAND
   ALL OTHERS ADMITTED IN CALIFORNIA

OF COUNSEL
ROBERT H. LOGAN
RICHARD A. APPELBAUM ‡
REAR ADMIRAL, U.S.C.G. (RET.)
ELIZABETH A. KENDRICK
RICHARD L. LANDES

SANDOR X. MAYUGA
DAVID W. TAYLOR □
NANCY HARRISS †
FRANCES L. KEELER

### Via Facsimile - 415-568-2556
### and U.S. Mail

William M. Audet, Esq.
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105

      Re: *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
          USDC Case No. C-07-5800-SC
          Our File No.: 2418-229

Dear Mr. Audet:

      We are writing to respond your letter, dated April 8, 2008, in which you indicated that you would discuss the issue of whether you would agree to voluntarily dismiss NSB Neiderlbe ("NSB") and Conti Cairo KG ("Conti Cairo") with your co-counsel.

      You continue to mistakenly assert, without any supporting authority, that even though NSB and Conti Cairo did not own or manage the COSCO BUSAN at the time of the spill, they are not absolved from liability under maritime law. We are unaware of any legal basis, even theoretical, that would support such a contention under the instant circumstances. If you are aware of any supporting authority we ask that you immediately bring it to our attention.

      You also appear to be concerned that because this is a class action we need to seek court approval even for a voluntary dismissal. It is our experience that obtaining court approval for a voluntary dismissal is not a difficult process. Furthermore, upon receiving documents (which we have previously provided to you) showing that NSB and Conti Cairo were not owners or managers of the COSCO BUSAN at the time of the spill, we are confident that the Court will readily approve the dismissal of these improper parties. Of course, NSB and Conti Cairo will fully

ANCHORAGE OFFICE
SUITE 650
1029 WEST THIRD AVENUE
ANCHORAGE, AK 99501-1954
(907) 279-9696
FACSIMILE: (907) 279-4236

LONG BEACH OFFICE
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CA 90801-1730
(562) 436-2000
FACSIMILE: (562) 436-7416

SEATTLE OFFICE
SUITE 1610
1301 FIFTH AVENUE
SEATTLE, WA 98101
(206) 622-3790
FACSIMILE: (206) 343-9529

HONG KONG OFFICE
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FACSIMILE: (852) 2541-6189

William M. Audet, Esq.
April 11, 2008
Page 2

       Re:  *Chelsea LLC, et al. v. Regal Stone, Ltd., et al.*
           USDC Case No. C-07-5800-SC
           Our File No.:  2418-229

cooperate in this process. As far as agreeing to a "class tolling agreement", we assume that you mean that should Plaintiffs voluntarily dismiss NSB and Conti Cairo they would do so without prejudice. We would appreciate clarification.

       You have also previously relayed your concern that the United States Coast Guard was looking into NSB and Conti Cairo's involvement into the spill. In fact, on March 12, 2008, Conti Cairo received a letter from Commander P.D. Thorne, United States Coast Guard. In that letter, Commander Thorne stated that documents taken from the vessel indicated that Conti Cairo was the COSCO BUSAN's owner, operator, or managing operator. However, in a subsequent letter, dated April 1, 2008, Commander Thorne recognized that Conti Cairo was a *former* owner of the vessel and that he sent the previous letter to Conti Conti in error. He apologized for the confusion and updated the Coast Guard's files. We have enclosed these letters, with the sensitive portions redacted, and trust that they will provide you will further assurance that NSB and Conti Cairo should be dismissed from this lawsuit.

       We intend to bring to the Court's attention at the upcoming Case Management Conference the fact that we have provided you with documentation and declarations proving that NSB and Conti Cairo are not proper parties to this lawsuit. We will also advise the Court that if Plaintiffs do not voluntarily dismiss NSB and Conti Cairo, Defendants will specially appear in order to file a Motion to Dismiss.

       Please feel free to contact me if you would like to discuss these matters further.

               Very truly yours,

               *Annie Moriarty*

               Annie Moriarty
               *anniemoriary@kyl.com*

AMM:amm (KYL_SF461576)

**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Commandant
United States Coast Guard

2100 Second Street, SW
Washington, DC 20593-001
Staff Symbol: CG-5432
Phone: (202) 372-1251
FAX: (202) 372-1917/1918
E-Mail: hqs-pf-fldr-cg-543@uscg.mil

EINGEGANGEN

1 2. März 2008

Erl............

16711 / COSCO BUSAN

MAR    2008

Conti Cairo KG
Harburger Strasse 47-51
21614 Buxtehude
Germany

Dear Sir/Madam:

On November 09, 2007, the COSCO BUSAN, 9231743, was subject to a Port State Control safety-related detention by the United States Coast Guard in the port of San Francisco, California. Information taken from the vessel's documents indicate that you are the vessel's owner, operator, or managing operator.

You may request reconsideration of a decision by the COTP directly to the official who issued the order. Please refer to Title 46, Code of Federal Regulations, Subpart 1.03 for more information. Furthermore, if you believe that you are not the detained vessel's owner, operator, manager and/or charterer, you should immediately provide documentation to substantiate your claim to the above address.

16711/ COSCO BUSAN

If you provide evidence that you are the owner, operator or managing operator of at least 25 vessels that visit U.S. ports, your company will not appear on the targeted Ship Management List unless you are associated with at least three detentions within 12 months. Please refer to the following web site for more information:

http://homeport.uscg.mil/mycg/portal/ep/programView.do?channelId=-18371programId=21428

You may also visit our general website, which has information on U.S. PSC policies and procedures, including ISM Code enforcement and our risk-based boarding program as well as links to other regional MOU's on PSC and the International Maritime Organization (IMO):

http://homeport.uscg.mil/mycg/portal/ep/browse.do?channelId=-18371

Sincerely,

P. D. THORNE
Commander, U.S. Coast Guard
Chief, Foreign and Offshore Vessels Division
By direction

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commandant
United States Coast Guard

2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-5432
Phone: (202) 372-1251
Fax: (202) 372-1917
Email: HQS-PF-fldr-CG-543@uscg.mil

16711/COSCO BUSAN

APR 1 _ 2008

Contri Cairo KG
Harburger Strasse 47-51
21614 Buxtehude
Germany

Dear Sir/Ma'am:

I reviewed the information regarding the Owner/Operators associated with the November 9, 2007 detention of the M/V COSCO BUSAN, IMO # 9231743, and have determined Contri Cairo was a previous registered owner of this vessel.

It has come to our attention that your company inadvertently received our letter. We apologize for any confusion this may have caused and have updated our files. Please inform us if our corrective actions are in error.

If you have any further questions about this matter, please call Lieutenant Commander Frances Fazio or myself at the above phone number.

Sincerely,

P. D. THORNE
Commander
U.S. Coast Guard
Chief, Foreign Vessel and Offshore Activities
By direction

```
                    ********************
                    ***   TX REPORT   ***
                    ********************


    TRANSMISSION OK

    TX/RX NO              4875
    CONNECTION TEL        ##02955#5682556#
    SUBADDRESS
    CONNECTION ID
    ST. TIME             04/11 16:32
    USAGE T              02'16
    PGS.                 6
    RESULT               OK
```

*LONG BEACH OFFICE*
400 OCEANGATE
P.O. BOX 1730
LONG BEACH, CALIFORNIA 90801-1730
(562) 436-2000
FAX: (562) 436-7416

*SEATTLE OFFICE*
SUITE 1515
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101
(206) 622-3790
FAX: (206) 343-9529

# LAW OFFICES
# KEESAL, YOUNG & LOGAN
A PROFESSIONAL CORPORATION
SUITE 1500
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111
(415) 398-6000
FAX: (415) 981-0136

## FACSIMILE
### DATE: April 11, 2008

*ANCHORAGE OFFICE*
SUITE 650
1029 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1954
(907) 279-9696
FAX: (907) 279-4239

*HONG KONG OFFICE*
1603 THE CENTRE MARK
287 QUEEN'S ROAD CENTRAL
HONG KONG
(852) 2854-1718
FAX: (852) 2541-6189

TO:   **William M. Audet, Esq.**

FAX:  **(415) 568-2556**

YOUR REF: _____

FROM: **Annie Moriarty, Esq.**

OUR REF: **2418-229**

No. of pages including this sheet:          **6**

If there is a problem receiving this transmission, please call *(415) 398-6000*.

### CONFIDENTIALITY NOTICE

"WARNING: Unauthorized interception of this telephonic communication could be a violation of federal law" The information contained in this facsimile message is confidential and is intended only for the individuals or entities named above. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to the intended recipient), please be advised that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify us by telephone to arrange for return of the original documents. Thank you.

RE:   **Chelsea LLC et. al. v. Regal Stone, Ltd. et. al.**
      **United States District Court, Northern District of California**
      **Case No. C 07 05800 (SC)**

EXHIBIT "4"

**Moriarty, Annie**

| | |
|---|---|
| **From:** | William Audet [WAudet@audetlaw.com] |
| **Sent:** | Tuesday, May 27, 2008 3:26 PM |
| **To:** | Moriarty, Annie |
| **Cc:** | Adel Nadji |
| **Subject:** | Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc |
| **Attachments:** | Stipulation to Amend Complaint and [Proposed] Order 080522.doc |



Stipulation to
Amend Complaint...

　　　　　　　<<Stipulation to Amend Complaint and [Proposed] Order 080522.doc>>
The message is ready to be sent with the following file or link
attachments:

Stipulation to Amend Complaint and [Proposed] Order 080522.doc


Note: To protect against computer viruses, e-mail programs may prevent
sending or receiving certain types of file attachments.  Check your
e-mail security settings to determine how attachments are handled.

Dear counsel:

This is just a draft of the stipulation. We may still need to at least
have a letter agreement waiving costs, etc. but with the addition of
Fleet, we can proceed without a tolling agreement at this point.  I
understand you wish to see complaint and we will send before the
stipulation is filed, as you requested.  We understand that Fleet will
allow you to accept service, but let me know if I am mistaken.

audet

1  William M. Audet (waudet@audetlaw.com)
   Michael McShane (mmcshane@audetlaw.com)
2  Adel A. Nadji (anadji@audetlaw.com)
   AUDET & PARTNERS, LLP
3  221 Main Street, Suite 1460
   San Francisco CA 94105
4  Telephone: 415.982.1776
   Facsimile: 415.568.2556

5

6  *Attorneys for Plaintiffs and*
   *the Proposed Class*

7

8

9              **UNITED STATES DISTRICT COURT FOR**

10            **THE NORTHERN DISTRICT OF CALIFORNIA**

11

12
    Chelsea, LLC, Mark Russo, Allen Loretz, and        Case No. C–07-5800-SC
13  Ivan Simpson, individually and on
    behalf of all others similarly situated,           **IN ADMIRALTY**
14
                    Plaintiffs,                        **STIPULATION TO AMEND**
15                                                     **COMPLAINT AND [PROPOSED]**
    v.                                                 **ORDER**
16
    Regal Stone, Ltd., Hanjin Shipping, Co., Ltd.,
17  Conti Cairo KG, NSB Neiderelbe, Synergy
    Maritime, Ltd. *In Personam*; M/V Cosco
18  Busan, their engines, tackle, equipment,
    appurtenances, freights, and cargo *In Rem*,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

1        WHEREAS, Plaintiffs filed their class action Complaint in this matter on November 15,

2   2007;

3        WHEREAS, Plaintiffs have been provided with updated information concerning the

4   ownership of the M/V Cosco Busan and obtained additional information relating to the litigation;

5        WHEREAS, Plaintiffs intend to dismiss two defendants and add two additional

6   defendants;

7        WHEREAS, Defendants have consented to Plaintiffs amending the Complaint;

8        THEREFORE, the parties stipulate to the filing of a first amended complaint, a copy of

9   which is attached hereto as Exhibit 1.

10       SO STIPULATED,

11

12  Dated:  May ___, 2008                    AUDET & PARTNERS, LLP

13

14                                          _____

15                                          William M. Audet
                                            Michael McShane
16                                          Adel A. Nadji
                                            221 Main Street, Suite 1460
17                                          San Francisco CA 94105
                                            Telephone: 415.568.2555
18                                          Facsimile: 415.568.2556
                                            E-mail: waudet@audetlaw.com
19
                                            *On Behalf of Plaintiffs and the*
20                                          *Proposed Class*

21
    Dated:  May ___, 2008.                  KEESAL, YOUNG & LOGAN
22

23
                           By: _____
24                                          John Giffin
                                            Julie Taylor
25                                          Four Embarcadero Center
                                            Suite 1500
26                                          San Francisco, CA 94111
                                            Telephone: 415.398.6000
27                                          Facsimile: 415.981.0136

28

STIPULATION TO AMEND COMPLAINT AND [PROPOSED] ORDER

1

*Attorneys for Defendants*
*Regal Stone, Ltd., M/V Cosco Busan, Conti*
2                                       *Cairo KG, NSB Neiderelbe, Synergy*
*Maritime, Ltd.*
3

4    Dated: May ___, 2008.                      FLYNN, DELICH & WISE

5

6                                      By: _____

7                                       Erich Paul Wise
One World Trade Center
8                                       Suite 1800
Long Beach, CA 90831-1800
9                                       Telephone:  562.435.2626
Facsimile:  562.437.7555
10

11                                      *Attorneys for Defendant*
*Hanjin Shipping, Co., Ltd.*

12

13        And now, this Court, having considered the Stipulation to Amend the Amended

14    Complaint in this action,

15    **IT IS SO ORDERED.**  The Clerk of the Court shall file the attached First Amended
Complaint.
16

17    Dated: _____

18                                      THE HONORABLE. SAMUEL CONTI
SENIOR UNITED STATES DISTRICT
19                                      COURT JUDGE

20

21

22

23

24

25

26

27

28

STIPULATION TO AMEND COMPLAINT AND [PROPOSED] ORDER

EXHIBIT "5"

## Moriarty, Annie

| | |
|---|---|
| **From:** | Moriarty, Annie |
| **Sent:** | Wednesday, May 28, 2008 9:20 AM |
| **To:** | 'William Audet' |
| **Cc:** | Adel Nadji |
| **Subject:** | RE: Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc |

Thank you.  Once we receive the proposed amended complaint, we'll have a better idea if any edits are necessary.  It should not take long for us to let you know about the edits.

...............................................................................................................................

**Annie Moriarty**
**Keesal, Young & Logan**
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

---

**From:** William Audet [mailto:WAudet@audetlaw.com]
**Sent:** Wednesday, May 28, 2008 9:11 AM
**To:** Moriarty, Annie
**Cc:** Adel Nadji
**Subject:** RE: Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc

As indicated in my email, we will send an amended complaint shortly and understand you wish to see it first. but, kindly let me know of any edits to stipulation.


```
William M. Audet, esq.
Audet & Partners, LLP.
221 Main Street,  Suite 1460
San Francisco,  California  94105
phone: 415.982.1776
fax:   415.546.1776
email:  waudet@audetlaw.com
web:   www.audetlaw.com
```

---

**From:** Moriarty, Annie [mailto:annie.moriarty@kyl.com]
**Sent:** Wed 5/28/2008 9:00 AM
**To:** William Audet
**Cc:** Adel Nadji
**Subject:** RE: Emailing: Stipulation to Amend Complaint and [Proposed] Order 080522.doc

Thank you for you stipulation.  However, we need to see a copy of your

proposed amended complaint before we can agree to sign the stipulation.
When do you expect to get us a copy of the proposed amended complaint?

...................................................................
...............................................

Annie Moriarty
Keesal, Young & Logan
Four Embarcadero Center, Suite 1500 | San Francisco, CA 94111
415.398.6000 (office) | 415.981.0136 (fax)
annie.moriarty@kyl.com | www.kyl.com


KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle,
Anchorage and Hong Kong.  This e-mail contains information that may be
confidential and privileged.  Unless you are the addressee (or
authorized to receive messages for the addressee), you may not use, copy
or disclose this message, or any information contained herein. If you
have received this message in error, please advise the sender by reply
e-mail and delete this message.  Nothing in this message should be
interpreted as a digital or electronic signature that can be used to
authenticate a contract or legal document.  Unauthorized use of this
information in any manner is prohibited.


-----Original Message-----
From: William Audet [mailto:WAudet@audetlaw.com]
Sent: Tuesday, May 27, 2008 3:26 PM
To: Moriarty, Annie
Cc: Adel Nadji
Subject: Emailing: Stipulation to Amend Complaint and [Proposed] Order
080522.doc

 <<Stipulation to Amend Complaint and [Proposed] Order 080522.doc>>
The message is ready to be sent with the following file or link
attachments:

Stipulation to Amend Complaint and [Proposed] Order 080522.doc


Note: To protect against computer viruses, e-mail programs may prevent
sending or receiving certain types of file attachments.  Check your
e-mail security settings to determine how attachments are handled.

Dear counsel:

This is just a draft of the stipulation. We may still need to at least
have a letter agreement waiving costs, etc. but with the addition of
Fleet, we can proceed without a tolling agreement at this point.  I
understand you wish to see complaint and we will send before the
stipulation is filed, as you requested.  We understand that Fleet will
allow you to accept service, but let me know if I am mistaken.

audet