# Audet & Partners, LLP
Attorneys–at–Law

221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556
www.audetlaw.com

August 29, 2008

The Honorable Samuel Conti
United States District Court
Northern District of California
Attn: Teresa De Martini, Deputy Clerk for
Judge Samuel Conti
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:  *Chelsea LLC, et al. v. Regal Stone Ltd., et al.*
           NDCA Case No. C-07-5800-SC

Your Honor:

    Pursuant to Local Rule 16-10(d), the undersigned counsel in the above entitled class action jointly submit this cover letter and attached February 22, 2008 Case Management Statement in anticipation of the August 5, 2008, Case Management Conference. The information provided in the attached February 22, 2008 statement submitted continues to be accurate and true, with the additional issues for the Court:

### I.    Plaintiffs' Second Amended Complaint

    On July 22, 2008, the Court granted Plaintiffs' Motion For Leave to Amend First Amended Complaint. Plaintiffs filed their Verified Second Amended Class Action Complaint For Damages and Equitable Relief ("SAC") on July 29, 2008. In addition to other substantive changes, Plaintiffs' SAC dismisses NSB Niederelbe and Conti Cairo and adds Fleet Management Ltd. and John Cota as defendants. Pursuant to a stipulation between the parties, Regal Stone Limited, Fleet Management Ltd. ("Fleet") and M/V COSCO BUSAN, in rem, will file responses to Plaintiffs' SAC by September 5, 2008. Defendant Hanjin Shipping Co. Ltd. ("Hanjin") and Plaintiffs also entered into a similar stipulation in which the parties agreed that Defendant Hanjin will file responses to Plaintiffs' SAC by September 5, 2008.

### II.    Discovery

    As discussed in the parties' July 17, 2008 joint status update, the parties have certain disputes regarding discovery that are the continued subject of meet and confer attempts. In addition, the parties have discussed the benefits of informally exchanging information relating to the claims asserted in this action and are engaged in that process. By engaging in this process,

United States District Court
Northern District of California
August 29, 2008
Page 2

Re:   Chelsea LLC, et al. v. Regal Stone Ltd., et al.; No. 07-5800

the parties do not intend to waive any objections they may have to any other Parties' formal discovery requests or the right to file formal motions to compel discovery.

     However, the Parties hope that they will avoid having to raise any such issues with the Court by engaging in the informal exchange of information noted above.  In addition, Defendants are currently considering whether to file a Motion to Stay Discovery pending the criminal proceeding relating to Defendants John Cota and Fleet.  Defendants do not anticipate that any such Motion would interfere with the parties' continued efforts to informally exchange information.


Dated:  August 29, 2008                                AUDET & PARTNERS, LLP

                                                                */s/ William M. Audet*
                                                                William M. Audet
                                                                Michael McShane
                                                                Adel A. Nadji
                                                               221 Main Street, Suite 1460
                                                              San Francisco CA 94105
                                                             Telephone: 415.568.2555
                                                            Facsimile: 415.568.2556
                                                           *On Behalf of Plaintiffs*
                                                           *and the Proposed Class*


Dated:  August 29, 2008                                KEESAL, YOUNG & LOGAN

                                            By:   */s/ John Giffin*
                                                           John Giffin
                                                           Joseph A. Walsh II
                                                           Nicole S. Bussi
                                                           450 Pacific Avenue
                                                           San Francisco, CA 94133
                                                           Telephone: 415.398.6000
                                                           Facsimile: 415.981.0136
                                                           *Attorneys for Defendant*
                                                           *Regal Stone, Ltd.*

United States District Court
Northern District of California
August 29, 2008
Page 3

Re:   Chelsea LLC, et al. v. Regal Stone Ltd., et al.; No. 07-5800


Dated:  August 29, 2008                    FLYNN, DELICH & WISE LLP

                                    By:   */s/ Erich P. Wise*
                                          Erich P. Wise
                                          Aleksandrs E. Drumalds
                                          One World Trade Center, Suite 1800
                                          Long Beach, California 90831-1800
                                          Telephone: (562) 435-2626
                                          Facsimile: (562) 437-7555
                                          *Attorneys for Defendants Hanjin Shipping*

Encl.
     Case Management Statement, February 22, 2008.

1 | William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
2 | Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
3 | 221 Main Street, Suite 1460
San Francisco CA 94105
4 | Telephone: 415.982.1776
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and
 the Class Members*

**UNITED STATES DISTRICT COURT FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Conti Cairo KG, NSB Neiderelbe, Synergy Maritime, Ltd. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>Defendants. | Case No. C–07-5800-SC<br>(and related Case Nos. C-07-6045 and C-07-5926-SC)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 22, 2008<br>Time: 10:00 A.M.<br>Court: Courtroom No. 1<br>Before: The Honorable Samuel Conti |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiffs Chelsea, LLC, Mark Russo, Allen Loretz, and Ivan Simpson, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Regal Stone, Ltd., Claimant to Vessel, making a restricted appearance on behalf of Defendant M/V Cosco Busan ("Cosco Busan"), by and through their respective counsel of record, submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-9 after their February 13, 2008 Case Management Conference / Initial Disclosure Conference. Plaintiffs' counsel provided a draft copy of the Joint Case Management Statement to Defendant Hanjin Shipping, Co., Ltd. ("Hanjin"), but counsel for Hanjin indicated that they have not had enough time to consider the issues set forth in the statement:

## I.   JURISDICTION AND SERVICE

**Jurisdiction:**  This is an admiralty maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and Article III § 2 of the United States Constitution. Certain causes of action that arise under the laws of California are within this Court's supplemental jurisdiction 28 U.S.C. § 1367. Further, Plaintiffs contend that this Court has jurisdiction over this action because Plaintiffs have brought their claims as a putative class action lawsuit with over $5,000,000 is at issue and there are more than one hundred putative class members. This Court has jurisdiction under the Extension of Admiralty Act. Defendant disputes that bringing this as a putative class action confers any jurisdiction to this court and Defendant intends to oppose any motion for class certification.

**Service:**

Plaintiffs Statement: Plaintiffs believe that they have served all named parties other than defendant Synergy Maritime, Ltd., which appears to be an entity located in India. Plaintiffs are in the process of serving defendant Synergy Maritime, Ltd., under provisions of The Hague Service Convention. Plaintiffs report the following parties have been served:

- Defendant NSB Neiderelbe was served on February 8, 2008.
- Defendant Conti Cairo KG was served on February 8, 2008.

2
**JOINT CASE MANAGEMENT STATEMENT**

- Defendant Cosco Busan accepted service on December 14, 2007.  The M/V Cosco Busan filed and served an answer on February 12, 2008.
- Defendant Hanjin Shipping, Co., Ltd. was served on January 11, 2008.  Counsel for Hanjin filed an appearance and have obtained an extension of time to respond to the complaint.
- Defendant Regal Stone, Ltd. was served on January 11, 2008[1].

Defendant's Statement:  Defendant disputes that Plaintiffs have properly served Regal Stone, Ltd.  M/V Cosco Busan was not served, however a Claim to the Vessel has been filed as well as an Answer on behalf of the vessel, therefore the issue of service on the vessel is moot.

## II. FACTS

Plaintiffs' Statement:  As alleged in the Verified Complaint, on November 7, 2007, at approximately 7:30 A.M., the M/V Cosco Busan, a vessel bound for Asia, left the Port of Oakland.  Less than thirty minutes later, the Cosco Busan crashed into a support tower of the Oakland Bay Bridge.  The crash resulted in a huge breach in the ship's hull, where the fuel tanks of the ship are located.  The hole on the port side was reportedly at least 70 feet long, 12 feet wide, and 3 feet deep.  Unfortunately, instead of immediately notifying the authorities about the magnitude of the problem, the ship's captain initially estimated less than 150 gallons of fuel spillage.  In reality, the 150 gallons turned into over 58,000 gallons of toxic "bunker oil."  As the day wore on, the oil "dispersed" into San Francisco Bay and later into the Pacific Ocean.  The ship's pilot has recently reported that the ship's onboard radar malfunctioned and the ship's master may have provided confusing instructions to the captain.  The non-economic damage to the San Francisco Bay's fragile ecosystem is beyond dollars and cents.  Moreover, because of the conduct of the Defendants, and/or unseaworthiness of the M/V Cosco Busan, commercial crabbers and other commercial fishers lost millions and millions of dollars.  This Class Action lawsuit seeks to economically compensate the victims of the spill, and punitive damages, as well as appropriate equitable relief.

---

[1] A director of Regal Stone, Ltd. was served on January 11, 2008, yet defendant Regal Stone, Ltd. has not made an appearance.  Plaintiffs intend to move for default.

Since filing of the complaint, Defendants and their apparent agent, Hudson Marine, have initiated a claims process which is rife with misrepresentations, misleading omissions, and coercion aimed at dissuading Putative Class Members from participating in either class action and otherwise interfering with the relationship between the lead plaintiffs and their counsel. Defendant appear intent on using the Claims Process to frustrate this important policy and thereby avoid their full responsibility for the injuries suffered by Putative Class Members. Due to the impact the unsupervised claims process has had on the class action and the class members rights, the named plaintiffs in this case, joined by the plaintiffs attorneys with pending class action cases in state court, have filed a motion to supervise the communications between the defendants, their third party claims agent and the absent class members.

Defendant's Statement: Defendant disputes the allegations set forth above and in the Complaint. Defendant asserts that all claims for loss as a result of the COSCO BUSAN oil spill must be submitted to the Responsible Party according to the claims presentation requirement of the Oil Pollution Act of 1990 ("OPA '90").

### III.   LEGAL ISSUES

This case involves compensation to fishermen and others directly impacted by the November 7, 2007 Cosco Busan Oil Spill. The parties dispute the following legal issues:

**A.   Claims Presentation Requirement**

Plaintiffs' Statement: Defendants take the unsupported view that all injured parties must file a Claim under the federal OPA '90 statute. As the case law makes clear, OPA '90 is a voluntary process and participation by an injured party is not perquisite to filing a lawsuit or obtaining a court recovery.

Defendant's Statement: Under OPA '90, the Responsible Party is required to establish a claims process for the purpose of reimbursing affected parties for any injury. Further, Plaintiffs are required to first submit their claims to the Responsible Party to determine if their claims can be resolved through the claims process mandated by OPA '90. Because Plaintiffs have not done so, this action should be dismissed pending Plaintiffs' submission of their claims to the administration.

**B.     Class Action Certification**

<u>Plaintiffs' Statement</u>:  Class certification pursuant to Federal Rules of Civil Procedure ("FRCP") 23 is appropriate in this case because questions of law and fact will predominately be common to the Class members, as liability arises out of a single incident that involves a discrete group of people.  Plaintiffs have no conflicts of interest with other members of the class and contend that all requisite elements for obtaining class certification are met under FRCP 23.

<u>Defendant's Statement</u>:  Defendant contends that class action certification is not appropriate in this action because Plaintiffs cannot meet their burden of establishing the requisite elements for obtaining class certification under FRCP Rule 23.

## IV.    MOTIONS

**A.     Plaintiffs' Ex Parte Motion for Order to Show Cause**

<u>Plaintiffs' Statement</u>:  On January 17, 2008, Plaintiffs in this case, joined by the state Class Action Plaintiffs filed a *Motion For Order To Show Cause Why A Protective Order To Supervise Or Otherwise Limit Communications With Putative Class Members Should Not Issue*. The motion was filed after Plaintiffs' counsel learned that Defendant, through a third party (Hudson Marine), were attempting to circumvent the Court's oversight of class actions and engaged in *ex parte* communications with represented clients, named Plaintiffs and absent Class members.  During the briefing of this motion, the Defendant continued, unabated, with attempting to lure absent class member and represented parties into the unapproved Claims Process.  The undersigned counsel have been contacted by clients it represents with statements that clearly support the need for this Court to intervene and supervise the communications between the Defendant, the Defendant's claims administrator and the injured fishermen.

By way of the motion, Plaintiffs seek, *inter alia*, an Order that requires that::

1.      Defendant, in cooperation with Class Plaintiffs (and subject to Court approval), will redraft, and submit for Court approval, a revised claim form and revised cover letter which Defendant and their agents will be required to exclusively use in communication with Putative Class Members.

2.      Defendant distributes, in cooperation with Class Plaintiffs and subject to Court

5
**JOINT CASE MANAGEMENT STATEMENT**

approval, a curative notice with the revised claim form and revised cover letter to every Putative Class Member who has already signed any claim form with Defendant, Hudson Marine, or any other agent of the Defendant.

       3.    Upon approval of the revised claim form and revised cover letter, Defendant will open the Claims Process to all commercial fishermen with claims arising out of the Oil Spill.

This matter has been fully briefed. A hearing on the motion is currently scheduled for February 22, 2008, at 10:00 A.M.

<u>Defendant's Statement</u>: Defendant does not intend to restate the arguments set forth in its Opposition to Plaintiffs' *Ex Parte* Motion and its response to the U.S. Attorney's brief related thereto. As set forth in these submissions, Plaintiffs' *Ex Parte* Motion should be denied in its entirety.

    **B.**    **Motion for Class Action Certification**

<u>Plaintiffs' Statement</u>: Plaintiffs intend to file a motion for class certification.

<u>Defendant's Statement</u>: Defendant contends that class action certification should be denied because Plaintiffs cannot meet their burden of establishing the requisite elements for obtaining class certification under FRCP 23.

    **C.**    **Motion to Reduce or Vacate the Security**

<u>Plaintiffs' Statement</u>: Plaintiffs intend to oppose any motion brought by Defendants to cancel or reduce the security. Among other reasons, including jurisdictional grounds, the cancellation or reduction of the Letter of Undertaking would be inappropriate at this time because there is no other guarantee for ultimate recovery by Plaintiffs and class for damages against Defendant M/V Cosco Busan, which left U.S. waters on about December 20, 2007.

<u>Defendant's Statement</u>: Plaintiffs previously threatened to arrest the vessel COSCO BUSAN unless the vessel owner issued security. As a result, security in the form of a Letter of Undertaking in the amount of $20,000,000 was issued to Plaintiffs' counsel. Defendant intends to move this Court for an order cancelling or reducing the security.

**V.**    **AMENDMENT OF PLEADINGS**

This action was originally filed on November 15, 2007. Plaintiffs filed the Verified First

Amended Class Action Complaint for Damages and Equitable Relief on November 19, 2007. Plaintiffs may amend the complaint as investigation and discovery continues and may add additional claims as well.

## VI.  EVIDENCE PRESERVATION

Plaintiffs' Statement:  Plaintiffs are taking steps to preserve all relevant documents and information.

Defendant's Statement:   Defendant is taking steps to preserve all relevant documents and information.  Defendant further believes that it is incumbent on Plaintiffs to preserve all evidence in accordance with FRCP 26 and this District Court's standing order of March 1, 2007.

## VII.  INITIAL DISCLOSURES

Plaintiffs' Statement: Plaintiffs intend to comply, to the extent possible, with Rule 26 disclosures, ten (10) days after the parties' Rule 26 conference of February 13, 2008.  During the conference, Defendant claimed that Plaintiffs must provide 'claims' information for all of the clients it represents, but at the same time, claimed that, Defendant intends to 'move to stay' the case.  Apparently, Defendant believes that Rule 26 is a one way street.  Accordingly, Plaintiffs may need to ask the Court for guidance on the issue of Rule 26 disclosure obligations in light of Defendant's position on this issue.

Defendant's Statement:  Contrary to Plaintiffs' assertions above, Defendant's counsel explicitly advised Plaintiffs' counsel during their meet and confer conference that Defendant would provide Plaintiffs' counsel with their Rule 26 disclosures prior to the initial Case Management Conference on February 22, 2008.

## VIII.  DISCOVERY

Plaintiffs' Position:  Plaintiffs have been provided a draft of the U.S. Attorney's Office position on discovery and other issues, as outlined in the U.S. Attorney's Office joint case management statement (dated February 12, 2008).  Plaintiffs believe that the proposed "phasing" works for the U.S. Attorney's case, in view of the nature of the issues and the damages sought by the U.S. government.  Plaintiffs in the class action believe that the civil class action does not

require any unique treatment of phasing of the discovery in the case. Plaintiffs intend to coordinate with all parties regarding deposition discovery, but also intend to proceed with merits and damage discovery during the next few months:

Plaintiffs' Proposed Schedule

| Event | Plaintiffs' Proposed Dates |
|---|---|
| Fact discovery (fact and expert) commences (including written discovery and depositions) | February 15, 2008 |
| Last day for Rule 26(a) Initial Disclosures and to enter protective/confidentiality order | February 28, 2008 |
| Motion to dismiss filed by all served parties | March 1, 2008 |
| Motion for class certification | June 1, 2008 |
| Opposition to motion for class certification due | June 20, 2008 |
| Reply in support of motion for class certification due | July 10, 2008 |
| Hearing on motion for class certification | TBD |
| Fact discovery closes | October 1, 2008 |
| Last day for exchange of expert reports | November 1, 2008 |
| Last day for depositions of experts | November 31, 2008 |
| Last day for "responsive" expert reports | December 15, 2008 |
| Last day to file dispositive motions | January 15, 2009 |
| Oppositions to dispositive motions | February 2, 2009 |
| Reply briefs in support of dispositive motions due | February 15, 2009 |
| Hearing on dispositive motions | TBD |
| Required Meeting Prior to Pretrial Conference | 20 days prior to pretrial conference |
| Pretrial Conference Statement | 10 court days before pretrial conference |
| Pretrial Conference | April 15, 2009 |
| Trial | TBD |

Defendant's Position: Defendant recommends that this Court stay discovery until Plaintiffs' claims are submitted to the Responsible Party through the claims process and either resolved or declined. Plaintiffs' claims will be rendered moot if they simply submit them to the Responsible Party and they are paid.

**IX.  CLASS ACTIONS (PURSUANT TO L.R. 16-9 (B)**

Plaintiffs' Statement:

1.  This action is maintainable under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2.  The Class consists of "all commercial fishing operations, crab, shellfish,

8
**JOINT CASE MANAGEMENT STATEMENT**

bottomfish, herring fishing, and recreational charter vessel operations, which commercially fish and/or operate in and around the coastal waters of the San Francisco Bay Area and adjacent fishing areas grounds."

3. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because, as set forth above, in the "Facts" section, common issues of law and fact predominate over any individual issues and certification of the claims as class claims is superior to other available methods for the fair and efficient adjudication of these claims. Plaintiffs and their counsel will fairly and adequately represent the interests of the Class. In addition, there would be enormous economies to the courts and parties in litigating these common issues on a class-wide basis rather in individual trials. Plaintiffs foresee no difficulties in the management of this action as a class action.

4. Plaintiffs propose July 2008 for the Court to consider whether the case can be maintained as a class action.

Defendant's Statement: Defendant contends that this action is not maintainable as a class action because Plaintiffs cannot meet their burden of establishing the requisite elements for obtaining class certification under FRCP 23.

## X. RELATED CASES

**Federal Cases:**

- *USA v. M/V Cosco Busan et al.*, No. 07-6045-SC
- *Shogren Living Trust, et al v. Regal Stone, Ltd. et al.*, No. 07-5926-SC

**San Francisco Superior Court Cases:**

- *The City and County of San Francisco, et al. v. Regal Stone, Ltd., et al.*, No. CGC-07-469876
- *John Tarantino et al. v. Hanjin Shipping Co., Ltd.*, No. CGC-07-469379

## XI. RELIEF

Plaintiffs Statement: As detailed in the Verified Complaint, Plaintiffs request that this Court enter a judgment against the Defendant and in favor of the Plaintiffs and the Class and award the following relief: (a) That this action be certified as a class action on behalf of the proposed Class described herein and that counsel of record be appointed to represent the Class;

(b) That a comprehensive Court-supervised "Clean-Up" Program be established; (c) For general and special damages in an amount to be proven at the time of trial; (d) For pre-judgment and post-judgment interest on the above general and special damages; (e) For restitution and disgorgement of all profits; (f) For compensatory and other damages, as the Court may determine; (g) For exemplary and punitive damages, to the extent permissible by law and in an amount to be proven at the time of trial, and sufficient to punish Defendant or to deter them and other from repeating the injurious conduct alleged herein or similar conduct; (h) Costs, including expert's fees and attorney's fees and expenses, and the costs of prosecuting this action.

Defendant's Statement: Plaintiffs should be ordered to submit their claims to the Responsible Party and this matter should be dismissed pending the processing of those claims. If the Court decides to proceed with this action, Plaintiffs' claims should be denied in their entirety.

## XII. SETTLEMENT AND ADR

The parties have not participated in ADR or any formal settlement discussions.

Plaintiffs' Statement: Plaintiffs have no objection to retaining a third party mediator to discuss class wide resolution of the plaintiffs case after initial discovery.

Defendant's Statement: Defendant believes that the parties should be ordered to participate in ADR at the earliest possible date.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties are not willing to submit this matter to a magistrate for all purposes.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiffs' Statement: The parties anticipate that there may be issues that can be narrowed by agreement or by motion as the case progresses. There are none at this time. The parties do not wish to bifurcate issues, claims, or defenses at this time.

Defendant's Statement: All issues can be narrowed simply by proper presentation of

claims to the designated Responsible Party through the mandated claims process.

## XVI. EXPEDITED SCHEDULE

Plaintiffs' Statement:  Plaintiffs request trial set on or before March 2009.  Defendant's contention that a stay in this case would expedite the proceeding before this Court.  Plaintiffs disagree with this position and intend to oppose any such motion.

Defendant's Statement:  Defendant recommends that the Court stay this case until Plaintiffs' claims are submitted to the Responsible Party through the claims process and either resolved or declined.  However, should this Court decide to proceed, Defendant requests that this Court assist the parties in establishing a realistic schedule once all parties have been properly served and have appeared in this action.

## XVII. SCHEDULING

Plaintiffs' Statement:  Plaintiffs expect class certification motion to be filed on or before June 1, 2008.  See *infra*, Section VIII.

Defendant's Statement:  Defendant requests that the Court assist the parties in establishing a motion schedule once all parties have been properly served and have appeared in this action.

## XVIII. TRIAL

Plaintiffs have requested a jury trial of this action.  The parties anticipate that the trial of this action will take 21 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs' Statement:  Plaintiffs are unaware of any specific persons, firms, partnerships, corporations (including parent corporations) or other entities other than the parties to have either a financial interest in the subject matter in controversy or in a party to the proceedings, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant's Statement:  Defendant will file its Disclosure of Non-Party Interested Entities or Persons prior to the Case Management Conference on February 22, 2008.

## XX. OTHER MATTERS

There are no other matters to discuss at this time.

Dated: February 15, 2008              AUDET & PARTNERS, LLP


                                      /S/ William M. Audet
                                      ─────────────────────
                                      William M. Audet
                                      Michael McShane
                                      Adel A. Nadji
                                      221 Main Street, Suite 1460
                                      San Francisco CA 94105
                                      Telephone: 415.568.2555
                                      Facsimile: 415.568.2556
                                      E-mail: waudet@audetlaw.com

                                      *On Behalf of Plaintiffs and the Class*

Dated: February 15, 2008.             KEESAL, YOUNG & LOGAN


                                By:   /S/ John Giffin
                                      ─────────────────────
                                      John Giffin
                                      Julie Taylor
                                      Four Embarcadero Center
                                      Suite 1500
                                      San Francisco, CA 94111
                                      Telephone: 415.398.6000
                                      Facsimile: 415.981.0136

                                      *Attorneys for Defendants*
                                      *M/V Cosco Busan and*
                                      *Regal Stone Limited*

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Chelsea et al. v. Regal Stone, Ltd., et al.; No. 07-5800

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

### JOINT CASE MANAGEMENT STATEMENT

True and complete copies of the above documents were served on the following counsel and individuals by U.S. Mail:

Swaminathan Hariharaputhran Swaminathan
9, Panchvati, 1st Floor
Kandivili West, Mumbai
Mumbai City
Maharashtra-MH, INDIA
400067

*Agent for Service of Process for Synergy Maritime Private Limited Defendant*

Eric P. Wise
Alecksandrs E. Drumals
FLYNN, DELICK & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831

*Counsel for Hanjin Shipping Company, Ltd.*
*Defendant*

John Giffin
Law Offices Keesal, Young & Logan
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111

*Counsel for Regal Stone, LTD. and M/V Cosco Busan Defendants*

Ingrid Lyborg
19059 Greeno Rd. Hwy 98
Fairhope, AL 36532

*Agent of Service of Process for Conti Cairo KG, and NSB Neiderelbe, Defendants*

Cynthia Hudson
Hudson Marine Management Services
2525 Cherry Avenue, Suite 125
Signal Hill, CA 90755

*Cosco Spill Claims Administrator*

Cory A. Birnberg
Birnberg & Associates
703 Market Street
Suite 600
San Francisco, CA 94103

*Counsel for the Shogren Living Trust Plaintiffs*

1
PROOF OF SERVICE

```
 1    R. Michael Underhill
      U.S. Dept of Justice
 2    450 Golden Gate Ave
      7th Floor, Rm 7-5395
 3    P.O. Box 36028
 4    San Francisco, CA 94102-3463

 5    Counsel for the United States
         of America
 6
 7
 8    I declare that I am employed in the office of a member of the bar of this Court at whose
 9    direction the service was made. I declare under penalty of perjury that the above is true and
10    correct.
11                 Executed on February 15, 2008 at San Francisco, California.
12
                                                       By: /s/ Adel A. Nadji
13                                                         Adel A. Nadji
```

## PROOF OF SERVICE

### UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

**CASE MANAGEMENT STATEMENT**

I hereby certify that on August 29, 2008, I electronically the above documents with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record listed on the Electronic Mail Notice List.

True and complete copies of the above documents were also served on the following counsel and individuals by U.S. Mail:

John D. Giffin
Keesal, Young & Logan
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111

*Counsel for Regal Stone, LTD; Fleet Management Limited; and COSCO BUSAN, in rem*

Walter G. Coppenrath, Jr.
George Jones
Coppenrath & Associates
400 Oceangate, Ste 700
Long Beach, CA 90802

*Counsel for John Cota*

Jeffrey L. Bornstein
K&L Gates
55 Second Street, Suite 1700
San Francisco, CA 94105

*Counsel for John Cota*

Eric P. Wise
Alecksandrs E. Drumals
FLYNN, DELICK & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831

*Counsel for Hanjin Shipping Company, Ltd.*

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on this 29th day of August, 2008 at San Francisco, California.

_____
Adrienne C. Brennan