**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA

7

8
CHELSEA, LLC, MARK RUSSO, and      )   Case No. 07-5800 SC
9  ALLEN LORETZ, individually and on )
behalf of all others similarly    )   and related cases:
10  situated,                          )
)   07-6045 SC
11           Plaintiffs,             )   08-2268 SC
)   08-2052 SC
12      v.                            )   08-5098 SC
)
13  REGAL STONE, LTD., HANJIN SHIPPING,)
CO., LTD., SYNERGY MARITIME, LTD., )   ORDER GRANTING MOTION
14  FLEET MANAGEMENT, LTD., and JOHN   )   TO CONSOLIDATE
COTA <u>In</u> <u>Personam</u>, M/V COSCO BUSAN, )   RELATED CASES FOR
15  their engines, tackle, equipment,  )   PRE-TRIAL PURPOSES
appurtenances, freights, and cargo )   <u>ONLY</u>
16  <u>In</u> <u>Rem</u>,                           )
)
17           Defendants.             )
)
18  _____)
)
19  AND ALL RELATED CASES             )
_____)
20

21  **I.   INTRODUCTION**

22       On December 19, 2008, Regal Stone Limited ("Regal Stone") and

23  Fleet Management Ltd. ("Fleet") moved to consolidate this case -

24  referred to hereinafter as "the Chelsea action" - and the four

25  related civil cases before this Court for pre-trial purposes only.

26  Docket No. 156.  Regal Stone and Fleet filed the same motion in

27  the related cases.  See <u>United States v. Regal Stone, Ltd.</u>, Case

28  No. 07-6045, ("the United States action"), Docket No. 130;

1   California v. Regal Stone, Ltd., Case No. 08-2268, ("the

2   California action"), Docket No. 44; Continental Ins. Co. v. Cota,

3   Case No. 08-2052, ("the Continental action"), Docket No. 78; Regal

4   Stone, Ltd. v. Cota, Case No. 08-5098, ("the Regal Stone action"),

5   Docket No. 16.[1]

6       In the United States action, the Third-Party Defendant, Dr.

7   Charles Calza ("Dr. Calza"), filed a statement of conditional non-

8   opposition.  See Docket No. 133 ("Dr. Calza Resp.").  The United

9   States responded to the motion, filing what is essentially a

10  statement of non-opposition.  See Docket No. 134 ("United States

11  Resp.").

12      In the Continental action, The Continental Insurance Company

13  ("Continental") opposed the motion.  See Docket No. 79 ("Opp'n").

14  In the same case, Defendant John Joseph Cota ("Cota") filed a

15  conditional statement of non-opposition.  See Docket No. 80 ("Cota

16  Resp.").  The Third-Party Defendants San Francisco Bar Pilots and

17  The San Francisco Bar Pilots Benevolent and Protective Association

18  (collectively, "the Bar Pilots") also filed a conditional

19  statement of non-opposition.  See Docket No. 81 ("Bar Pilots

20  Resp.").  In the United States action, Regal Stone and Fleet filed

21  a Reply.  See Docket No. 136.  For the reasons stated herein, the

22  motions to consolidate are GRANTED.

23  ///

24  ///

25

26      [1] In the California action, both Regal Stone and Fleet moved
    to consolidate, but Fleet is not listed as a defendant in the case.
27  See Docket No. 44.  The Court treats that motion as if it were
    filed by Regal Stone alone.

28                                  2

**United States District Court**
For the Northern District of California

1   **II.   BACKGROUND**

2         **A.   The Allision**

3         On November 7, 2007, the cargo ship M/V COSCO BUSAN hit the

4   Bay Bridge while attempting to sail out of the San Francisco Bay.

5   Regal Stone owns the M/V COSCO BUSAN, and Fleet is the ship's

6   operator.  Cota is a member of the Bar Pilots and was allegedly

7   piloting the vessel during its exit from the San Francisco Bay.

8   As a result of the allision, the M/V COSCO BUSAN discharged more

9   than 50,000 gallons of heavy bunker fuel into the bay.

10         **B.   The Lawsuits**

11         Various lawsuits have since been filed in state and federal

12   court.  There are currently five federal civil actions that have

13   been related and are before this Court.[2]  In addition, the United

14   States filed a criminal action against both Cota and Fleet.  <u>See</u>

15   <u>United States v. Cota</u>, Case No. CR 08-0160 ("the criminal

16   action").

17         On September 18, 2008, the Court stayed the Continental

18   action pending resolution of the criminal action.  <u>See</u> Docket No.

19   62 ("Sept. 18, 2008, Order").  On December 9, 2008, the Court

20   entered a Case Management Order in the California action, staying

21   the case pending completion of the criminal proceedings.  <u>See</u>

22   Docket No. 39 ("Case Management Order").  On December 19, 2008,

23   Regal Stone and Fleet filed the motions to consolidate at issue

24   here.

25

26        [2] In <u>Shogren Living Trust v. Regal Stone, Ltd.</u>, Case No. 07-

27   5926, the Court entered an order dismissing the case on August 8, 2008.  <u>See</u> Docket No. 29.

28

**United States District Court**
For the Northern District of California

1              **C.     <u>Responses to the Motions to Consolidate</u>**

2          The United States does not oppose consolidation of the cases

3     for pre-trial purposes.  United States Resp. at 2.  The United

4     States makes some other suggestions that are addressed below.

5          Dr. Calza does not oppose consolidation of the cases,

6     provided that the Court gives explicit instructions to the parties

7     regarding filing and notice provisions, provided that the Court

8     acknowledge that each separate action retains its separate

9     character as required by Ninth Circuit law, and provided that if

10    the cases are stayed, a party in the position to file a

11    dispositive motion without the need for discovery be allowed to do

12    so.  Dr. Calza Resp. at 2-4.  Dr. Calza also requests that any

13    stay of the consolidated actions be explicitly tied to all

14    criminal proceedings pending before the Honorable Susan Illston.

15    <u>Id.</u> at 2-3.  Judge Illston issued an order severing the "False

16    Statements" charges against Cota from the criminal negligence-

17    based claims.   <u>Id.</u>; <u>United States v. Cota</u>, Case No. CR 08-0160,

18    Docket No. 78.  Dr. Calza points out that Cota will not be able to

19    participate in discovery related to interactions between Cota and

20    Dr. Calza until after the criminal action concerning the "False

21    Statements" charges.  Dr. Calza Resp. at 3.

22         Cota and the Bar Pilots do not oppose Regal Stone and Fleet's

23    motion, provided that the Court's order staying the case remains

24    in effect, providing that the other consolidated actions are

25    likewise stayed pending resolution of the criminal matter, and

26    provided that the parties are permitted to seek limited relief

27    from the stay upon a showing of good cause.  Cota Resp. at 1; Bar

28                                        4

1    Pilots Resp. at 1.

2        Only Continental opposes consolidation of the cases.  See

3    Opp'n.  Continental's concerns, as well as those of the other

4    responding parties, are addressed below.

5

6    **III.  LEGAL STANDARD**

7        "If actions before the court involve a common question of law

8    or fact, the court may . . . consolidate the actions."  Fed. R.

9    Civ. P. 42(a)(2).  District courts have broad discretion under

10   this rule to consolidate cases pending in the same district.

11   Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of

12   Cal., 877 F.2d 777, 777 (9th Cir. 1989).  District courts may

13   consolidate cases for purposes of discovery and pre-trial

14   proceedings only.  See Firemen's Ins. Co. of Newark, N.J. v.

15   Keating, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990).  In deciding

16   whether to consolidate actions under Rule 42(a), the court must

17   balance the savings of time and effort consolidation will produce

18   against any inconvenience, delay, or expense that it would cause.

19   Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

20

21   **IV.  DISCUSSION**

22       **A.  Continental's Opposition**

23       Continental contends that there are no common questions of

24   law or fact between its case and the related actions.  Opp'n at 6-

25   7.  Continental, an insurance company, is the underwriter of one

26   of the Bar Pilots' insurance policies.  Id. at 4.  Continental

27   seeks reimbursement from Regal Stone and Fleet for money that

28
                                    5

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   Continental advanced to Cota to defend himself in the civil and

2   criminal cases pending against him.  Id. at 5.  Continental relies

3   on a provision of the California Harbors and Navigations Code,

4   which provides that "[e]very vessel, owner, operator, or demise

5   . . . hiring a pilot with a state license for the Bay[] of San

6   Francisco . . . shall . . . defend, indemnify, and hold harmless

7   pilots."  Cal. Harb. & Nav. Code § 1198(c).  Continental contends

8   that while the allocation of fault for the allision is central to

9   the other cases, "the dispute over the enforceability of § 1198 is

10  the fundamental issue in Continental's action."  Opp'n at 6.

11      However, Continental fails to mention that section 1198(c)

12  releases vessels, owners and operators from the obligation to

13  defend, indemnify or hold pilots harmless in "cases of willful

14  misconduct by the pilot."  Cal. Harb. & Nav. Code § 1198(c)(1)(c).

15  Resolving what Continental considers to be the "fundamental issue"

16  in its action requires discovery concerning Cota's conduct.

17      The conduct of Cota is a factual issue common to all of the

18  actions, and discovery concerning Cota's conduct will overlap in

19  all of the actions.  In this case, the Chelsea action, it is

20  alleged that Cota was piloting the M/V COSCO BUSAN at the time of

21  the allision, and as a result he has been sued for damages.

22  Docket No. 117 ("Verified Second Am. Class Action Compl.").  In

23  the United States action, it is alleged that Cota was piloting the

24  M/V COSCO BUSAN at the time of the allision, and as a result the

25  United States has sued Cota for damages.  Docket No. 44 ("Am.

26  Compl.")  In the Regal Stone action, plaintiffs allege that Cota's

27  operation of the M/V COSCO BUSAN was negligent.  Docket No. 1

28

United States District Court
For the Northern District of California

1  ("Compl.").  In the Continental action, Regal Stone and Fleet

2  filed a cross-claim against Cota seeking damages for rates and

3  charges paid for pilotage services, and Regal Stone and Fleet also

4  seek a declaration that they are not obligated to defend Cota.

5  Docket No. 27 ("Countercl., Cross-cl., and Third Party Compl.").

6  Even in the California action, where Cota is not a defendant,

7  Cota's conduct is at issue because Regal Stone and Fleet have

8  entered a counterclaim alleging that the Board of Pilot

9  Commissioners was negligent in issuing a license to Cota.  Docket

10  No. 32.  Consolidating these actions for pre-trial purposes will

11  save time and effort because it will avoid duplication of

12  depositions and other discovery relating to Cota's conduct.

13      Continental relies on Monticello Insurance Co. v. Kendall,

14  1997 U.S. Dist. LEXIS 13749, at *5-6 (D. Kan. Aug. 29, 1997) and

15  Turner v. Transportacion Maritima Mexicana S. A., 44 F.R.D. 412,

16  415-16 (E.D. Pa. 1968).  However, the present facts are

17  distinguishable.  In those cases, the court denied motions to

18  consolidate trials.  Monticello, 1997 U.S. Dist. LEXIS 13749, at

19  *5-6; Turner, 44 F.R.D. at 415-16.  Here, the motion is to

20  consolidate the cases for discovery and pre-trial purposes only.

21      Finally, Continental cannot complain that consolidating the

22  cases for pre-trial purposes will prejudice Continental, or cause

23  inconvenience, delay, or extra expense because Continental's

24  action has already been stayed pending the outcome of the criminal

25  proceedings against Cota.  See Sept. 18, 2008, Order.  Regal Stone

26  and Fleet's motion to consolidate is GRANTED.

27

28                                      7

**United States District Court**
For the Northern District of California

1    **B.    Consolidation and Stay**

2          None of the other responding parties oppose consolidating the

3    cases for pre-trial purposes only.  However, in response to the

4    concerns expressed by the responding parties, the Court takes this

5    opportunity to clarify the nature of its Order.  The Court's

6    September 18, 2008 Order staying the Continental action remains in

7    effect, and now all five consolidated civil cases are stayed

8    pending completion of the criminal action, United States v. Cota.

9          As outlined above, Cota's conduct is at issue in all of the

10   civil cases.  Cota's fifth amendment rights would be implicated if

11   discovery were to proceed in any of the civil actions before

12   completion of the criminal matter.  See Keating v. Office of

13   Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995)(noting that

14   first consideration in deciding whether to stay civil proceedings

15   in face of parallel criminal proceeding is extent to which fifth

16   amendment rights are implicated).  Notwithstanding the stay, any

17   party in the position to file a dispositive motion without the

18   need for discovery is allowed to do so.[3]

19         These cases are consolidated for discovery and pre-trial

20   purposes only.  The separate lawsuits are not merged into a single

21   action, and they retain their separate character.  See Geddes v.

22   United Fin. Group, 559 F.2d 557, 562 (9th Cir. 1977)(determining

23   that trial court erred in incorporating withdrawal of claims in

24

25         [3] With regard to Dr Calza's concern that the stay should last
     until after trial of the severed "False Statements" charges against
26   Cota, the parties and the Court will be in a better position to
     address this concern in their Joint Case Management Statement and
27   at the Case Management Conference scheduled for May 1, 2009.

28                                         8

1  one action in judgments entered in the other action where the two

2  actions were consolidated for discovery purposes only).  "[A]n act

3  of consolidation does not affect any of the substantive rights of

4  the parties."  J.G. Link & Co. v. Continental Cas. Co., 470 F.2d

5  1133, 1138 (9th Cir. 1972).

6

7  **V.    CONCLUSION**

8       The Court hereby ORDERS the following:

9       1. Regal Stone and Fleet's motions to consolidate the five

10 related cases for discovery and pre-trial purposes only are

11 GRANTED.

12      2. The consolidated cases are STAYED pending completion of

13 the criminal matter, United States v. Cota, Case No. CR 08-0160,

14 now before the Honorable Susan Illston.

15      3. The parties shall appear for a Case Management Conference

16 on May 1, 2009, at 10:00 a.m. in Courtroom 1, on the 17th floor,

17 U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

18 No later than seven days prior to the Case Management Conference,

19 the parties shall file a Joint Case Management Statement

20 addressing discovery and pre-trial motion practice in the cases

21 that have been consolidated for pre-trial purposes.

22

23      IT IS SO ORDERED.

24

25      Dated: February 3, 2009

26      _____

27      UNITED STATES DISTRICT JUDGE

28
                                9

**United States District Court**
For the Northern District of California