United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, | Case No. 08-2052 SC |
| Plaintiff, | Related cases: 07-5800 SC 07-6045 SC |
| v. | 08-2268 SC 08-5096 SC |
| JOHN JOSEPH COTA; REGAL STONE LIMITED, FLEET MANAGEMENT, LTD.; and the M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem, | 08-5098 SC 09-1469 SC ORDER REQUIRING SUPPLEMENTAL BRIEFING |
| Defendants. | |
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., | |
| Counterclaimants, | |
| v. | |
| THE CONTINENTAL INSURANCE COMPANY, | |
| Counterdefendant. | |
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., | |
| Cross-Complainants, | |
| v. | |
| JOHN JOSEPH COTA, | |
| Cross-Defendant. | |

1

```
1                                    )
   REGAL STONE LIMITED and FLEET     )
2  MANAGEMENT, LTD.,                 )
                                     )
3           Third-Party Plaintiffs,  )
                                     )
4       v.                           )
                                     )
5  THE SAN FRANCISCO BAR PILOTS and  )
   THE SAN FRANCISCO BAR PILOTS      )
6  BENEVOLENT AND PROTECTIVE         )
   ASSOCIATION,                      )
7                                    )
            Third-Party Defendants.  )
8  _____  )
```

This matter comes before the Court on the Motions for Partial Summary Judgment filed by Plaintiff and Counterdefendant Continental Insurance Company ("Continental") and Cross-Defendant John Joseph Cota ("Cota"). Docket Nos. 90 ("Continental's MPSJ"), 93 ("Cota's MPSJ"). Defendants, Counterclaimants, and Cross-Defendants Regal Stone Limited ("Regal Stone") and Fleet Management, Ltd., ("Fleet") filed an Opposition. Docket No. 97. Continental and Cota submitted replies. Docket Nos. 102 ("Continental's Reply"), 104 ("Cota's Reply").

Continental and Cota moved for partial summary judgment on the question of whether California Harbors and Navigation Code section 1198 ("section 1198") is preempted by federal maritime law.[1] Continental's MPSJ at 1; Cota's MPSJ at 1. If section 1198

---

[1] California Harbors and Navigation Code section 1198(c) states, in part:

> Every vessel, owner, operator, or demise or bareboat charterer hiring a pilot with a state license for the Bays of San Francisco, San Pablo, and Suisun shall either defend, indemnify, and hold harmless pilots pursuant to paragraph (1), or alternatively, notify pilots of an

**United States District Court**
For the Northern District of California

is not preempted, then the Court can strike the Second Affirmative Defense in the Answer filed by Regal Stone and Fleet, <u>see</u> Docket No. 26 ("Answer") ¶ 64, and the Court can enter judgment against Regal Stone and Fleet on their first claim for relief in their Counterclaim, Cross-Claim and Third-Party Complaint, <u>see</u> Docket No. 27 ("Countercl.") ¶¶ 25-29.

In response, Regal Stone and Fleet Management contend that section 1198 does not apply to them. Opp'n at 9-15. Some of the arguments in support of this contention are without merit. Regal Stone and Fleet argue that section 1198 does not apply to them if Cota and/or the San Francisco Bar Pilots Association ("Bar Pilots") engaged in willful misconduct. <u>Id.</u> at 9-10. This argument makes no sense. Section 1198(c)(1)(C) provides that "the obligation to defend, indemnify and hold harmless the pilot . . . shall not apply in cases of willful misconduct." Cal. Harbors & Navigation Code § 1198(c)(1)(C). Hence, if there was willful misconduct, Regal Stone and Fleet would be relying on the statute to avoid the obligation to defend or indemnify Cota.

Regal Stone and Fleet argue that section 1198 does not apply because the Bar Pilots passed on to their customers the cost of

intent to pay for trip insurance pursuant to paragraph (2). If a vessel or its owner, operator, or demise or bareboat charterer does not provide written notice pursuant to paragraph (2) of an intent to exercise the trip insurance option, then the vessel and its owner, operator, and demise or bareboat charterer will be deemed to have elected the obligation to defend, indemnify, and hold harmless pilots pursuant to paragraph (1).

3

**United States District Court**
For the Northern District of California

1   liability insurance in their pilotage rates.  Opp'n at 13.  Here,

2   again, Regal Stone and Fleet are relying on the provisions of

3   section 1198.  They are arguing that the Bar Pilots violated

4   section 1198, not that section 1198 does not apply.

5       Regal Stone and Fleet make one other argument in support of

6   their contention that section 1198 does not apply, and this

7   argument has more merit.  Regal Stone and Fleet allege that Hanjin

8   Shipping Company ("Hanjin"), the time charterer, hired Cota to

9   pilot the COSCO BUSAN.  Opp'n at 11.  Section 1198(c) states that

10  "[e]very vessel, owner, operator, or demise or bareboat charterer

11  hiring a pilot with a state license for the Bay[] of San Francisco

12  . . . shall . . . defend, indemnify, or hold harmless pilots."

13  Cal. Harbors & Navigation Code § 1198(c).

14      Here, at the time of the allision, Regal Stone was the owner

15  of the COSCO BUSAN.  Kennedy Decl. ¶ 2.[2]  Fleet provided the crew

16  and technical management of the vessel.  Id. ¶ 6.  Hanjin was the

17  time charterer.  Rajvanshy Decl. ¶¶ 2-3.[3]  Regal Stone and Fleet

18  allege that they did not hire Cota, and that Hanjin was

19  responsible for proving and paying for pilotage of the COSCO

20  BUSAN.  Opp'n at 10-11.  Regal Stone and Fleet allege Hanjin was

21  not their agent, and that they did not give Hanjin authority to

22  waive the purchase of trip insurance, or to agree on their behalf

23

24      [2] Kevin Kennedy, a Director of Regal Stone, filed a
    declaration in support of Regal Stone and Fleet's Opposition to the
25  Motions for Partial Summary Judgment.  Docket No. 99.

26      [3] Kishore Rajvanshy, the Managing Director for Fleet, filed a
    declaration in support of Regal Stone and Fleet's Opposition to the
27  Motions for Partial Summary Judgment.  Docket No. 98.

28                                  4

1  to defend and indemnify Cota and/or the Bar Pilots.  Opp'n at 11;

2  Kennedy Decl. ¶ 11; Rajvanshy Decl. ¶ 6.  Case law suggests time

3  charterers are not the agents of vessel owners when contracting

4  for the services of a pilot.  See Victory Carriers, Inc. v. The

5  Sea Scout, 164 F. Supp. 701, 703 (N.D. Cal. 1958) aff'd sub. nom.

6  States Marine Corp. of Del. v. Victory Carriers, Inc., 272 F.2d

7  463 (9th Cir. 1959).

8      The Court acknowledges that there are countervailing

9  considerations.  Even though the time charter states Hanjin will

10  provide and pay for pilots, Kennedy Decl. ¶ 9, it also states

11  "[t]he owners to remain responsible for . . . acts of pilots," id.

12  ¶ 10.  Also, even if the time charterer hired the pilot, this

13  might still count as a situation where the "vessel" hired a pilot.

14      Nevertheless, the Court needs more information before it can

15  determine if section 1198 applies to Regal Stone and Fleet.

16  Continental points out that Regal Stone and Fleet's argument

17  creates "a scheme by which a foreign vessel owner can escape

18  responsibility for complying with section 1198 - simply by never

19  actually permitting the owner to hire the pilot."  Continental's

20  Reply at 4-5.  This point is a good one, but it does not address

21  the fact that the plain language of section 1198(c) does not

22  include a situation where the time charterer hires the pilot.

23  Continental dismisses Regal Stone and Fleet's argument as simply

24  not relevant to whether section 1198 is preempted.  Id. at 5.

25  Similarly, Cota contends that "[a]s a matter of logic and law, the

26  first and primary issue is the one of preemption."  Cota's Reply

27  at 3.  However, if section 1198(c) does not apply to Regal Stone

28

5

**United States District Court**
For the Northern District of California

1    and Fleet, then the Court does not need to reach the preemption

2    issue.[4]  Therefore, the Court requires the parties to file

3    supplemental briefs addressing Regal Stone and Fleet's argument

4    that section 1198(c) does not apply to them because Hanjin hired

5    Cota.

6         Based on the above, the Court ORDERS as follows:

7         1.   The stay on discovery is lifted for the limited purpose

8              of determining whether section 1198(c) applies to Regal

9              Stone and Fleet.  The parties to this action shall have

10             forty-five (45) days from the date of this Order to

11             conduct such discovery.

12        2.   The Court requires the parties to file supplemental

13             briefs addressing whether section 1198(c) applies to

14             Regal Stone and Fleet.  Continental and Cota may file

15             separate briefs not to exceed ten (10) pages each.

16             Regal Stone and Fleet may file a joint opposition to the

17             briefs not to exceed twenty (20) pages.  Continental and

18             Cota may file separate replies not to exceed five (5)

19             pages.  The Court will hold a hearing on the question on

20             December 18, 2009 at 10:00 a.m. in Courtroom 1, on the

21

22        [4] The Court also takes note of the "fundamental and
     longstanding principle of judicial restraint requir[ing] that
23   courts avoid reaching constitutional questions in advance of the
     necessity of deciding them."  Lyng v. Northwest Indian Cemetery
24   Protective Ass'n, 485 U.S. 439, 445 (1988).  While the Ninth
     Circuit does not view preemption questions as raising
25   constitutional issues of substance, Knudsen Corp. v. Nevada State
     Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982), the doctrine of
26   constitutional avoidance supports the Court's desire not to reach
     the preemption question until it is satisfied section 1198(c)
27   applies to Regal Stone and Fleet.

28                                    6

United States District Court
For the Northern District of California

1        17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San

2        Francisco, CA 94102.  The briefs, opposition, and

3        replies must be filed in accordance with Civil Local

4        Rules 7-2 and 7-3.

5   3.   If the Court determines that section 1198(c) does apply

6        to Regal Stone and Fleet, then it will set a new hearing

7        date for Continental's and Cota's Motions for Partial

8        Summary Judgment.  There will be no further briefing on

9        the question of whether section 1198 is preempted by

10       federal maritime law.

12  IT IS SO ORDERED.

14  Dated: September 21, 2009

                                    _____
15                                  UNITED STATES DISTRICT JUDGE

                                    7