1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7                                        )  Case No. 08-2052 SC
   THE CONTINENTAL INSURANCE COMPANY,    )
8                                        )  Related cases:
            Plaintiff,                   )  07-5800 SC
9                                        )  07-6045 SC
        v.                               )  08-2268 SC
10                                       )  08-5096 SC
   JOHN JOSEPH COTA; REGAL STONE         )  08-5098 SC
11  LIMITED, FLEET MANAGEMENT, LTD.;     )  09-1469 SC
   and the M/V COSCO BUSAN, LR/IMO       )
12  Ship No. 9231743, her engines,       )  ORDER REQUIRING
   apparel, electronics, tackle,        )  SUPPLEMENTAL BRIEFING
13  boats, appurtenances, etc., in rem, )
                                         )
14          Defendants.                  )
   _____)
15                                       )
   REGAL STONE LIMITED and FLEET         )
16  MANAGEMENT, LTD.,                     )
                                         )
17          Counterclaimants,            )
                                         )
18      v.                               )
                                         )
19  THE CONTINENTAL INSURANCE COMPANY,   )
                                         )
20          Counterdefendant.            )
                                         )
21  _____)
                                         )
22  REGAL STONE LIMITED and FLEET         )
   MANAGEMENT, LTD.,                      )
23                                       )
            Cross-Complainants,          )
24                                       )
        v.                               )
25                                       )
   JOHN JOSEPH COTA,                     )
26                                       )
            Cross-Defendant.             )
27  _____)

28                                   1

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    )
     REGAL STONE LIMITED and FLEET   )
2    MANAGEMENT, LTD.,               )
                                     )
3              Third-Party Plaintiffs, )
                                     )
4         v.                         )
                                     )
5    THE SAN FRANCISCO BAR PILOTS and )
     THE SAN FRANCISCO BAR PILOTS    )
6    BENEVOLENT AND PROTECTIVE       )
     ASSOCIATION,                    )
7                                    )
               Third-Party Defendants. )
8    _____)

9         This matter comes before the Court on the Motions for Partial

10   Summary Judgment filed by Plaintiff and Counterdefendant

11   Continental Insurance Company ("Continental") and Cross-Defendant

12   John Joseph Cota ("Cota").  Docket Nos. 90 ("Continental's MPSJ"),

13   93 ("Cota's MPSJ").  Defendants, Counterclaimants, and Cross-

14   Defendants Regal Stone Limited ("Regal Stone") and Fleet

15   Management, Ltd., ("Fleet") filed an Opposition.  Docket No. 97.

16   Continental and Cota submitted replies.  Docket Nos. 102

17   ("Continental's Reply"), 104 ("Cota's Reply").

18        Continental and Cota moved for partial summary judgment on

19   the question of whether California Harbors and Navigation Code

20   section 1198 ("section 1198") is preempted by federal maritime

21   law.[1]  Continental's MPSJ at 1; Cota's MPSJ at 1.  If section 1198

22

23        [1]    California Harbors and Navigation Code section 1198(c)
     states, in part:

24             Every vessel, owner, operator, or demise
               or bareboat charterer hiring a pilot with
25             a  state  license  for  the  Bays  of  San
               Francisco,  San  Pablo,  and  Suisun  shall
26             either  defend,  indemnify,  and  hold
               harmless  pilots  pursuant  to  paragraph  (1),
27             or  alternatively,  notify  pilots  of  an

28                                   2

**United States District Court**
For the Northern District of California

is not preempted, then the Court can strike the Second Affirmative Defense in the Answer filed by Regal Stone and Fleet, see Docket No. 26 ("Answer") ¶ 64, and the Court can enter judgment against Regal Stone and Fleet on their first claim for relief in their Counterclaim, Cross-Claim and Third-Party Complaint, see Docket No. 27 ("Countercl.") ¶¶ 25-29.

In response, Regal Stone and Fleet Management contend that section 1198 does not apply to them. Opp'n at 9-15. Some of the arguments in support of this contention are without merit. Regal Stone and Fleet argue that section 1198 does not apply to them if Cota and/or the San Francisco Bar Pilots Association ("Bar Pilots") engaged in willful misconduct. Id. at 9-10. This argument makes no sense. Section 1198(c)(1)(C) provides that "the obligation to defend, indemnify and hold harmless the pilot . . . shall not apply in cases of willful misconduct." Cal. Harbors & Navigation Code § 1198(c)(1)(C). Hence, if there was willful misconduct, Regal Stone and Fleet would be relying on the statute to avoid the obligation to defend or indemnify Cota.

Regal Stone and Fleet argue that section 1198 does not apply because the Bar Pilots passed on to their customers the cost of

---

intent to pay for trip insurance pursuant to paragraph (2). If a vessel or its owner, operator, or demise or bareboat charterer does not provide written notice pursuant to paragraph (2) of an intent to exercise the trip insurance option, then the vessel and its owner, operator, and demise or bareboat charterer will be deemed to have elected the obligation to defend, indemnify, and hold harmless pilots pursuant to paragraph (1).

3

liability insurance in their pilotage rates.  Opp'n at 13.  Here,
again, Regal Stone and Fleet are relying on the provisions of
section 1198.  They are arguing that the Bar Pilots violated
section 1198, not that section 1198 does not apply.

Regal Stone and Fleet make one other argument in support of
their contention that section 1198 does not apply, and this
argument has more merit.  Regal Stone and Fleet allege that Hanjin
Shipping Company ("Hanjin"), the time charterer, hired Cota to
pilot the COSCO BUSAN.  Opp'n at 11.  Section 1198(c) states that
"[e]very vessel, owner, operator, or demise or bareboat charterer
hiring a pilot with a state license for the Bay[] of San Francisco
. . . shall . . . defend, indemnify, or hold harmless pilots."
Cal. Harbors & Navigation Code § 1198(c).

Here, at the time of the allision, Regal Stone was the owner
of the COSCO BUSAN.  Kennedy Decl. ¶ 2.[2]  Fleet provided the crew
and technical management of the vessel.  Id. ¶ 6.  Hanjin was the
time charterer.  Rajvanshy Decl. ¶¶ 2-3.[3]  Regal Stone and Fleet
allege that they did not hire Cota, and that Hanjin was
responsible for proving and paying for pilotage of the COSCO
BUSAN.  Opp'n at 10-11.  Regal Stone and Fleet allege Hanjin was
not their agent, and that they did not give Hanjin authority to
waive the purchase of trip insurance, or to agree on their behalf

---

[2] Kevin Kennedy, a Director of Regal Stone, filed a declaration in support of Regal Stone and Fleet's Opposition to the Motions for Partial Summary Judgment.  Docket No. 99.

[3] Kishore Rajvanshy, the Managing Director for Fleet, filed a declaration in support of Regal Stone and Fleet's Opposition to the Motions for Partial Summary Judgment.  Docket No. 98.

4

United States District Court
For the Northern District of California

to defend and indemnify Cota and/or the Bar Pilots.  Opp'n at 11;
Kennedy Decl. ¶ 11; Rajvanshy Decl. ¶ 6.  Case law suggests time
charterers are not the agents of vessel owners when contracting
for the services of a pilot.  See Victory Carriers, Inc. v. The
Sea Scout, 164 F. Supp. 701, 703 (N.D. Cal. 1958) aff'd sub. nom.
States Marine Corp. of Del. v. Victory Carriers, Inc., 272 F.2d
463 (9th Cir. 1959).

       The Court acknowledges that there are countervailing
considerations.  Even though the time charter states Hanjin will
provide and pay for pilots, Kennedy Decl. ¶ 9, it also states
"[t]he owners to remain responsible for . . . acts of pilots," id.
¶ 10.  Also, even if the time charterer hired the pilot, this
might still count as a situation where the "vessel" hired a pilot.

       Nevertheless, the Court needs more information before it can
determine if section 1198 applies to Regal Stone and Fleet.
Continental points out that Regal Stone and Fleet's argument
creates "a scheme by which a foreign vessel owner can escape
responsibility for complying with section 1198 - simply by never
actually permitting the owner to hire the pilot."  Continental's
Reply at 4-5.  This point is a good one, but it does not address
the fact that the plain language of section 1198(c) does not
include a situation where the time charterer hires the pilot.
Continental dismisses Regal Stone and Fleet's argument as simply
not relevant to whether section 1198 is preempted.  Id. at 5.
Similarly, Cota contends that "[a]s a matter of logic and law, the
first and primary issue is the one of preemption."  Cota's Reply
at 3.  However, if section 1198(c) does not apply to Regal Stone

United States District Court
For the Northern District of California

1  and Fleet, then the Court does not need to reach the preemption

2  issue.[4]  Therefore, the Court requires the parties to file

3  supplemental briefs addressing Regal Stone and Fleet's argument

4  that section 1198(c) does not apply to them because Hanjin hired

5  Cota.

6      Based on the above, the Court ORDERS as follows:

7      1.   The stay on discovery is lifted for the limited purpose

8           of determining whether section 1198(c) applies to Regal

9           Stone and Fleet.  The parties to this action shall have

10          forty-five (45) days from the date of this Order to

11          conduct such discovery.

12     2.   The Court requires the parties to file supplemental

13          briefs addressing whether section 1198(c) applies to

14          Regal Stone and Fleet.  Continental and Cota may file

15          separate briefs not to exceed ten (10) pages each.

16          Regal Stone and Fleet may file a joint opposition to the

17          briefs not to exceed twenty (20) pages.  Continental and

18          Cota may file separate replies not to exceed five (5)

19          pages.  The Court will hold a hearing on the question on

20          December 18, 2009 at 10:00 a.m. in Courtroom 1, on the

21

22      [4] The Court also takes note of the "fundamental and
    longstanding principle of judicial restraint requir[ing] that
23  courts avoid reaching constitutional questions in advance of the
    necessity of deciding them."  Lyng v. Northwest Indian Cemetery
24  Protective Ass'n, 485 U.S. 439, 445 (1988).  While the Ninth
    Circuit does not view preemption questions as raising
25  constitutional issues of substance, Knudsen Corp. v. Nevada State
    Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982), the doctrine of
26  constitutional avoidance supports the Court's desire not to reach
    the preemption question until it is satisfied section 1198(c)
27  applies to Regal Stone and Fleet.

28

17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The briefs, opposition, and replies must be filed in accordance with Civil Local Rules 7-2 and 7-3.

3.   If the Court determines that section 1198(c) does apply to Regal Stone and Fleet, then it will set a new hearing date for Continental's and Cota's Motions for Partial Summary Judgment.  There will be no further briefing on the question of whether section 1198 is preempted by federal maritime law.

IT IS SO ORDERED.

Dated: September 21, 2009

_____
UNITED STATES DISTRICT JUDGE

7