1
2
3
4  **UNITED STATES DISTRICT COURT FOR**

5  **THE NORTHERN DISTRICT OF CALIFORNIA**

6

7  Allen Loretz, individually and on behalf of all others similarly situated,

8         Plaintiffs,

9

10  v.

11  Regal Stone, Ltd., Hanjin Shipping, Co., Ltd., Synergy Maritime, Ltd., Fleet Management Ltd., and John Cota, *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem,*

12

13

14         Defendants.

Case No. C 07-5800 SC

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

15

16                    **I.      BACKGROUND**

17         Plaintiffs move for: (1) preliminary approval of settlement; (2) provisional class

18  certification and designation of Allen Loretz, John Tarantino, Steven Fitz, Sean Hodges, and

19  John Atkinson as class representatives; (3) approval of class representatives' Federal and related

20  State Class Counsel as "Class Counsel;" (4) approval of the notice of settlement and claim form;

21  and (5) the setting of a final settlement approval hearing and related filing deadlines.

22         The motion is unopposed by the Defendants as set forth in the Stipulation Regarding

23  Limited Intervention of State Court Plaintiffs.  After considering the parties' submissions, and

24  review of the record in this case, and good cause appearing, the motion is granted.

25                    **II.      LEGAL STANDARD**

26  **A.      Preliminary Approval**

27         "The initial decision to approve or reject a settlement proposal is committed to the sound

28  discretion of the trial judge." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

1992). There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Id.* Preliminary approval of a class action settlement requires that it be "within the range of reasonableness." Alba Conte et al., Newberg on Class Actions § 11.25, at 11-91 (4th ed. 2002). The Court must consider whether the negotiations occurred at arm's length, whether there was sufficient discovery, and whether the proponents of the proposed settlement are experienced in similar litigation.

### B.   Provisional Class Certification Standard

Federal Rule of Civil Procedure 23(a) permits a class action where: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In addition, the class action must satisfy one of the provisions of Rule 23(b). Satisfying 23 (b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III.   DISCUSSION

### A.   Preliminary Approval

The process by which the Settlement was negotiated was unobjectionable. The record reflects the existence of extensive meetings among the parties and their counsel. The record indicates that the negotiations were at "arm's length." There was significant discovery, with investigation of the allegations of the complaint and review of voluminous documents by Class Counsel and by their numerous consultants. Plaintiffs' counsel are experienced in this type of litigation.

Moreover, there is nothing to indicate "collusion," especially in light of the documented record of adversarial pretrial proceedings and settlement negotiations by the parties.

///

///

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

1

2    **B.    Class Certification**

3          Class certification is appropriate here, since all four requirements of Rule 23(a) are met,

4    and the action also satisfies the requirements of Rule 23(b):

5          <u>Numerosity</u>: The class is sufficient in numbers such that joinder of all class members

6    would be impracticable.

7          <u>Commonality</u>: There are multiple common questions of fact and law among class

8    members.

9          <u>Typicality</u>: "A plaintiff's claim is representative if it arises from the same course of

10   conduct and is based on the same legal theory as the claims of other class members." *Rosario v*

11   *Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1999). The proposed recovery is within the range of

12   reasonable typicality, which is sufficient to grant provisional certification pending the final

13   hearing.

14         <u>Adequacy</u>: In order to be adequate class representatives, proposed class representatives

15   must show "1) that [their] attorney [is] qualified, experienced, and generally able to conduct the

16   litigation and 2) that the suit will not be collusive and [their] interest antagonistic to those of the

17   remainder of the class." *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec.*

18   *Lit.*, 122 F.R.D. 251, 257 (C.D. Cal 1988). Plaintiffs' counsel are sufficiently qualified and

19   experienced and have shown willingness to devote effort and resources to the case.

20         The action also satisfies 23(b)(3), and a class action is superior to other available methods

21   of adjudication because it allows an efficient determination of these common issues without

22   unnecessary duplication of litigation.

23         Accordingly, the proposed class will be provisionally certified for settlement purposes

24   only.

25

26

27

28

**FINDINGS OF FACT AND LAW**

1.      This Order incorporates herein, and makes a part hereof, the Settlement Agreement, its definitions, and its Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

2.      The Court preliminarily finds that the proposed Settlement Class meets all of the applicable requirements under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. The Court hereby appoints Allen Loretz, John Tarantino, Steven Fitz, John Atkinson and Sean Hodges as the Class Representatives and William M. Audet of Audet & Partners, LLP and related State Class Counsel Frank Pitre of Cotchett, Pitre & McCarthy as "Class Counsel."

3.      The date and time of the Fairness Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court or on the settlement website. Plaintiffs' Lead Counsel shall file with the Court:  (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any application for an award of attorneys' fees and reimbursement of expenses as outlined in the Agreement.

4.      The Court finds that the forms and manner of notice as set forth in the Agreement and approved herein meet the requirements of due process under Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional due process requirements of notice. The Court approves the Notice Plan and the form and content of the Notices attached to the Agreement.

5.      The Court appoints Gilardi & Co. LLC as the Claims Administrator.

6.      Any member of the Settlement class who wishes to be excluded from the Settlement Class must fully and timely comply with the requirements of the Agreement and the conditions set forth in the Notice. Settlement Class members that submit valid, timely, and complete requests to "Opt Out" shall not be bound by the Settlement Agreement or the Final Order and Judgment. The initial determination that each request to Opt Out by a Class Member complies with the Opt Out procedures in the Settlement Agreement will be made by the Claims Administrator and is subject to final approval by the Court, as part of the Final Approval of the

Settlement Agreement. The court may disallow any request for exclusion that fails to comply with the provisions of Preliminary Approval Order or the Opt Out procedures otherwise approved by the Court.

7.      Any member of the Settlement Class that does not timely mail a valid request to Opt Out as set forth above shall be automatically included in the Settlement Class and if the Settlement is approved, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such members of the Settlement Class shall have objected to the Settlement and whether or not such a member of the Settlement Class makes a claim upon or participates in the Settlement Fund.

8.      The Notice should indicate the time, date and location of the Fairness Hearing. The Long Form Notice shall, consistent with the Settlement Agreement, provide the appropriate dates for the filing of any comments/objections, opt-out requests, and any other relevant information. The Court has approved a Summary (publication) Notice and the Long Form (mailing) Notice.

9.      Any member of the Settlement Class who seeks exclusion from the settlement must submit a request for exclusion, which shall be dated no later than forty-five (45) days after initial dissemination of the Notice to Dungeness Settlement Class Members.

10.      Any member of the Settlement Class who intends to object to any aspect of the Settlement Agreement shall file with the Court and serve on Class Counsel and Settling Defendants' Counsel a written statement containing their objections no later than twenty-one (21) days before the Fairness Hearing.  The written objections shall include the objector's name, address, telephone number, appropriate proof of class membership, the basis for his or her objection, and a statement of whether the Objector intends to appear at the Fairness Hearing, either with or without counsel, and as otherwise provided in the Court-approved Notice. Any member of the Settlement Class member who fails to timely file a written Objection in this manner shall be deemed to have waived any objections, and shall not be permitted to object to

1  the Settlement Agreement at the Fairness Hearing, and shall be foreclosed from seeking any

2  review of the Class Settlement by appeal or other means.

3        11.    The Fairness Hearing on final approval of the Settlement Agreement and Class

4  Counsel's Application for Attorneys' Fees and Reimbursement of Costs is scheduled for

5  September 3, 2010.  Class Counsel shall file their Motion for Final Approval and Application for

6  Attorneys' Fees and Reimbursement of Costs by July 2, 2010 .  Defendants shall file their

7  Response, if any, to Plaintiffs' Motion for Final Approval and their Opposition to Class

8  Counsel's Application for Attorneys' Fees and Reimbursement of Costs on July 23, 2010.

9  Plaintiffs may file oppositions to any third party objections, a Reply to Defendants' Response, if

10  any, to Class Counsel's Motion for Final Approval, and/or a Reply to Defendants' Opposition to

11  Class Counsel's Application for Attorney's Fees and Reimbursement Costs on August 20, 2010.

12  The hearing(s) on these matters may be reset by the Court, without further notice to the parties,

13  at any time.

14

15        IT IS SO ORDERED.

16

17        DATED:  April 21, 2010

18

19

20                                   The Honorable Samuel Conti

21                                   United States District Judge

22

23

24

25

26

27

28

**ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**