1  William M. Audet (waudet@audetlaw.com)
   Michael McShane (mmcshane@audetlaw.com)
2  Adel A. Nadji (anadji@audetlaw.com)
   AUDET & PARTNERS, LLP
3  221 Main Street, Suite 1460
   San Francisco CA 94105
4  Telephone: 415.982.1776
   Facsimile: 415.568.2556
5
   *Attorneys for Plaintiffs and*
6   *the Class Members*

7

8

9            **UNITED STATES DISTRICT COURT FOR**

10          **THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  Allen Loretz, individually and on behalf of all        Case No. C 07-5800 SC
    others similarly situated,                             And related cases:
13
             Plaintiffs,
14                                                          07-6045 SC, 08-2268 SC, 08-2052 SC,
    v.                                                      08-5098 SC, 09-01469 SC
15
    Regal Stone, Ltd., Hanjin Shipping, Co., Ltd.,          [PROPOSED] CORRECTED FINAL
16  Synergy Maritime, Ltd., Fleet Management                ORDER APPROVING CLASS
    Ltd., and John Cota, *In Personam*; M/V Cosco           ACTION SETTLEMENT, AND
17  Busan, their engines, tackle, equipment,                DISMISSING CLASS ACTION
    appurtenances, freights, and cargo *In Rem*,            WITH PREJUDICE
18
             Defendants.
19

20

21       WHEREAS, Plaintiffs Allen Loretz in the instant case and plaintiffs John Tarantino,

22  Steven Fitz, Sean Hodges, and John Atkinson in the related class action filed in state court,

23  *Tarantino, et al. v. Hanjin Shipping Co., Ltd.*, San Francisco County Superior Court Case No.

24  CGC-07-469379 have entered into a class action Settlement Agreement, signed by all Parties and

25  filed with the Court as Exhibit A to the Motion for Preliminary Approval of Dungeness Crab

26  Settlement on April 09, 2010; and

27       WHEREAS, the Court entered an Order dated April 21, 2010, preliminarily certifying the

28  putative class in this Action for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3),

                                                    1

1  ordering notice to potential Class Members, scheduling a Fairness Hearing for September 3,

2  2010, and providing those persons with an opportunity either to exclude themselves from the

3  settlement class or to object to the proposed Settlement (the "Preliminary Approval Order"); and

4      WHEREAS, the Court held a Fairness Hearing on September 3, 2010, at 10:00 a.m., to

5  determine whether to give final approval to the proposed Settlement; and

6      WHEREAS, the Parties have complied with the Preliminary Approval Order and the

7  Court is of the opinion that the Settlement Agreement is fair, adequate, and reasonable, and that

8  it should be approved.

9      NOW THEREFORE, based on the submissions of the Parties and Class Members, the

10  testimony adduced at the Fairness Hearing, any comments or objections filed by objectors, the

11  pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby

12  ORDERED as follows:

13      1.      Incorporation of Defined Terms and the Settlement Agreement.  Except where

14  otherwise noted, all capitalized terms used in this Final Order Approving Class Action

15  Settlement and Dismissing Class Action with Prejudice (the "Final Order and Judgment") shall

16  have the meanings set forth in the Dungeness Crab Settlement Agreement ("Settlement

17  Agreement").  The Settlement Agreement (and any attachments thereto) is expressly

18  incorporated by reference into this Final Order and Judgment and made a part hereof for all

19  purposes.

20      2.      Jurisdiction. The Court has personal jurisdiction over the Parties and all Class

21  Members, and has subject-matter jurisdiction over this Action, including, without limitation,

22  jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement

23  Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs'

24  Complaint and Amended Complaint, and to dismiss this Action on the merits and with prejudice.

25      3.      Final Class Certification. The Settlement Class this Court preliminarily certified

26  in its Preliminary Approval Order is hereby finally certified for settlement purposes under Fed.

27  R. Civ. P. 23(b)(3).  The Settlement Class consists of: all Dungeness Crab Skippers and

28  Dungeness Crab Crewmembers.  "Dungeness Crab Skipper" means an individual or entity in the

2

1    United States who, at the time of the *Cosco Busan* Oil Spill ("CBOS"), was a commercial crab
2    boat operator authorized to fish for Dungeness crab in the District 10 Commercial Dungeness
3    Crab Fishery and is eligible for participation in the Dungeness Crab Closure Claims Process and
4    has submitted a Dungeness Crab Closure Claim relating to the District 10 Commercial
5    Dungeness Crab Fishery through the Dungeness Crab Closure Claims Process on or before the
6    Skipper Closure Claim Deadline and ultimately receives, as a result, compensation through the
7    Dungeness Crab Closure Claims Process relating to the District 10 commercial Dungeness crab
8    fishery. "Dungeness Crab Crewmember" means any individual who can demonstrate, through
9    Proof Of Crewmember Participation, that he or she worked as a crewperson on a crab boat
10   commercially fishing for Dungeness crab in the District 10 Commercial Dungeness Crab Fishery
11   during the 2007/08 District 10 Commercial Dungeness Crab Fishery and during one or more
12   Dungeness Crab Crewmember Qualifying Seasons. Dungeness Crab Crewmembers do not
13   include those Persons who have received a portion of any Final Individual Skipper Settlement
14   Payment.

15   4.      Included within the Settlement Class are the legal representatives, heirs,
16   successors in interest, transferees, and assignees of all such foregoing holders and/or owners,
17   immediate and remote. Notwithstanding the foregoing, the following Persons shall be excluded
18   from the Class: (1) Defendants and their subsidiaries and affiliates; (2) all Individually Settled
19   Skippers and Crewmembers; (3) all persons who are required, as a condition of participating in
20   this Settlement, to submit a Dungeness Crab Closure Claim through the Dungeness Crab Closure
21   Claims Process on or before the Skipper Closure Claim Deadline and fail to do so; (4)
22   governmental entities; (5) the Judges to whom the Actions are assigned and any immediate
23   family members thereof; (6) all Persons who, in accordance with the terms of the Settlement
24   Agreement, properly execute and timely file during the Opt-Out Period a request for exclusion
25   from the Settlement Class; and, a list of those persons who have timely excluded themselves
26   from the Class, and who therefore are not bound by this Final Order and Judgment.

27   5.      Adequacy of Representation. The Court appoints Allen Loretz, John Tarantino,
28   Steven Fitz, John Atkinson and Sean Hodges to serve as Settlement Class representatives. The

[PROPOSED] CORRECTED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT,
AND DISMISSING CLASS ACTION WITH PREJUDICE; Case No. C 07-5800 SC

1  Court appoints Audet & Partners, LLP and Cotchett, Pitre & McCarthy to serve as Class

2  Counsel. The appointment of Class Counsel, and the appointment of the Plaintiffs as the

3  Settlement Class representatives, is fully and finally confirmed.  The Court finds that Class

4  Counsel and Plaintiffs have fully and adequately represented the Settlement Class for purposes

5  of entering into and implementing the Settlement Agreement and have satisfied the requirements

6  of Fed. R. Civ. P. 23(a)(4).

7        6.  Class Notice. The Court finds that the direct mail notice and publication of the

8  Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary

9  Approval Order, and as explained in the declarations filed before the Fairness Hearing:

10            a.  constituted the best practicable notice to Class Members under the

11  circumstances of this Action;

12            b.  were reasonably calculated, under the circumstances, to apprise Class

13  Members of (i) the pendency of this class action, (ii) their right to exclude themselves

14  from the Settlement Class and the proposed Settlement, (iii) their right to object to any

15  reasonableness or adequacy of the proposed Settlement, the adequacy of the Settlement

16  Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and

17  representatives' fees, (iv) their right to appear at the Fairness Hearing (either on their own

18  or through counsel hired at their own expense), and (v) the binding effect of the orders

19  and Final Order and Judgment in this Action, whether favorable or unfavorable, on all

20  persons who do not request exclusion from the Settlement Class;

21            c.  was reasonable and constituted due, adequate and sufficient notice to all

22  persons entitled to be provided with notice; and

23            d.  fully satisfied the requirements of the Federal Rules of Civil Procedure,

24  including Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution (including the

25  Due Process Clause), the Rules of this Court, and any other applicable law.

26        7.  Claims Deadlines. The Claims Deadlines for Class Members shall be those set

27  forth in the Settlement Agreement, except as follows:  For any Dungeness Crab Skipper whose

28  Dungeness Crab Closure Claim has not been resolved, as of the date of this Order, including, if

[PROPOSED] CORRECTED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT,
AND DISMISSING CLASS ACTION WITH PREJUDICE; Case No. C 07-5800 SC

1  applicable, the rendering of a final decision by the NPFC thereon, the Skipper Settlement Claim
2  Deadline shall be within one hundred an eighty (180) days following the resolution of his, her,
3  or its Dungeness Crab Closure Claim, including, if applicable, the rendering of a final decision
4  by the NPFC thereon. For any Dungeness Crab Skipper whose Dungeness Crab Closure Claim
5  has already been resolved, as of the date of this Order, including, if applicable, the rendering of a
6  final decision by the NPFC thereon, the Skipper Settlement Claim Deadline shall be within one
7  hundred an eighty (180) days following the date of this Order.

8      8.      Class Findings. For purposes of the settlement of this Action (and only for such
9  purposes, and without an adjudication of the merits), the Court finds that the requirements of the
10 Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court and any
11 other applicable law have been met in that:

12              a.      The Settlement Class consists of hundreds of Dungeness Crab Skippers
13          and Crewmembers who fish in the San Francisco Bay, specifically in District 10
14          Commercial Dungeness Crab Fishery as outlined in the Settlement Agreement. The
15          Settlement Class is so numerous that their joinder before the Court would be
16          impracticable.

17              b.      The commonality requirement of Fed. R. Civ. P. 23(a) generally is
18          satisfied when members of the proposed Settlement Class share a common factual or
19          legal issue. Here, the Court finds for settlement purposes that Plaintiffs have alleged at
20          least one question of fact and law purportedly common to the Settlement Class. Plaintiffs
21          complain and allege common strict liability by virtue of State and Federal law.

22              c.      The Court finds for settlement purposes that the claims of the named
23          Plaintiffs are typical of the claims of the Settlement Class that are being settled. The
24          named Plaintiffs are adequate representatives of the Settlement Class they represent,
25          since their interests are reasonably co-extensive with those of Settlement Class members,
26          and the Plaintiffs have retained experienced counsel to represent them. The named
27          Plaintiffs and Class Counsel will fairly and adequately protect the interests of the
28          Settlement Class.

5

1           d.     The Court finds for settlement purposes that a resolution of this Action in

2  the manner proposed by the Settlement Agreement is superior to other available methods

3  for a fair and efficient adjudication of the Action and that common issues predominate

4  over individual issues. Common questions include whether the *Cosco Busan* was

5  unseaworthy and such unseaworthiness was a proximate cause of the CBOS. Class

6  treatment here, in the context of the Settlement, will facilitate the favorable resolution of

7  all Settlement Class Members' claims. The proposed resolution of this Action involves a

8  Claims Program, which will identify and resolve complaints without burdening the courts

9  or regulators and, which will result in cash payments made to eligible Class Members.

10  Given the number of Class Members, use of the class device will offer a more efficient

11  and fair means of adjudicating the claims at issue, conserve judicial resources, and

12  promote consistency and efficiency of adjudication by avoiding multiple individual suits

13  or piecemeal litigation. The Court also notes that, because this Action is being settled

14  rather than litigated, the Court need not consider manageability issues that might be

15  presented by the trial of a nationwide class action involving the issues in this case. See

16  *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

17       In making these findings, the Court has considered, among other factors: (i) the interests

18  of Class Members in individually controlling the prosecution or defense of separate actions; (ii)

19  the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent

20  and nature of any litigation concerning these claims already commenced; and (iv) the desirability

21  of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its

22  consideration of certification issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.

23  1998).

24        9.     Final Settlement Approval. The terms and provisions of the Settlement

25  Agreement, including any and all amendments and exhibits, have been entered into in good faith

26  and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best

27  interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable

28

1  requirements of the Federal Rules of Civil Procedure, the United States Constitution (including
2  the Due Process Clause), and any other applicable law.

3       The Court finds that the Settlement Agreement is fair, adequate and reasonable based on
4  the following factors, among other things. First, there is no fraud or collusion underlying this
5  settlement, and it was reached after good faith, arm's-length negotiations, warranting a
6  presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615,
7  625-26 (9th Cir. 1982). Second, the complexity, expense and likely duration of the litigation
8  favors settlement on behalf of the Settlement Class, which provides meaningful benefits on a
9  much shorter time frame than otherwise possible. Based on the stage of the proceedings and the
10 amount of investigation and informal discovery completed, the Parties had developed a sufficient
11 factual record to evaluate their chances of success at trial and the proposed Settlement. Third,
12 the support of Class Counsel, who are highly skilled in class action litigation such as this, and the
13 Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also
14 favors final approval. See *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622-23 (N.D. Cal. 1979);
15 *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291-92 (9th Cir. 1992). Fourth, the
16 Settlement provides meaningful relief to the Settlement Class, including in cash payments made
17 to eligible Class Members. Finally, the positive response to the Settlement by the Settlement
18 Class – evidenced by the lack of opt-outs and objections of the hundreds of Class Members –
19 further supports final approval. Compare *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575-76
20 (9th Cir. 2004).

21     10.    Binding Effect. The terms of the Settlement Agreement, and of this Final Order
22 and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their
23 heirs, executors, administrators, representatives, agents, successors and assigns, and those terms
24 shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or
25 other proceedings maintained by or on behalf of any such persons, to the extent those claims,
26 lawsuits or other proceedings involve matters that were or could have been raised in this Action
27 or are otherwise encompassed by the Release described in the next paragraph of this Final Order
28 and Judgment.

7

1    11.    Release. The release language contained in the Settlement Agreement (including
2  but not limited to sections VI, pp. 18-20 and XII, p. 28 of the Settlement Agreement) is expressly
3  incorporated herein in all respects, is effective as of the date of this Final Order and Judgment,
4  and forever discharges the Released Parties as set forth therein.

5    12.    Permanent Injunction. All Class Members who have not been timely excluded
6  from the Settlement Class (by filing and serving a properly executed request for exclusion by
7  July 19, 2009) are hereby permanently barred and enjoined from (a) filing, commencing,
8  asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as
9  class members or otherwise), or receiving any benefits or other relief from, any other lawsuit,
10 arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on
11 or relating to the claims and causes of action, or the facts and circumstances relating thereto, in
12 this Action and/or the matters released in the Released Claims sections, Sections VI, pp. 18-20
13 and XII, p. 28 of the Settlement Agreement, and (b) organizing or soliciting the participation of
14 any Class Members in a separate class for purposes of pursuing as a purported class action
15 (including by seeking to amend a pending complaint to include class allegations, or by seeking
16 class certification in a pending action) any lawsuit or other proceeding based on or relating to the
17 claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or
18 the matters released in Sections VI, pp. 18-20 and XII, p. 28 of the Settlement Agreement. The
19 Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the
20 Court's jurisdiction over this Action and to protect and effectuate the Court's Final Order and
21 Judgment.

22    13.    Enforcement of Settlement. Nothing in this Final Order and Judgment shall
23 preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this
24 Final Order and Judgment preclude Plaintiffs or Class Members from participating in the Claims
25 Program described in Claims Deadlines, as modified herein, and Administration section of the
26 Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

27    14.    Attorneys' and Class Representatives' Fees and Expenses. Class Counsel has
28 separately applied to the Court for an award of attorneys' fees, reimbursement of costs and stipends

8

1  to the Class Representatives. Whatever amounts are awarded by the Court will be paid separately

2  by Settling Defendants in addition to the benefits paid to Plaintiffs and Dungeness Crab

3  Settlement Class Members. The Court will issue a separate order addressing these fees and

4  stipend requests.

5      15.    Retention of Jurisdiction. The Court has jurisdiction to enter this Final Order and

6  Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court

7  expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement

8  Class, and all matters relating to the administration, consummation, validity, enforcement and

9  interpretation of the Settlement Agreement and of this Final Order and Judgment, including,

10  without limitation, for the purpose of:

11         a.    enforcing the terms and conditions of the Settlement Agreement and

12      resolving any disputes, claims or causes of action that, in whole or in part, are related to

13      or arise out of the Settlement Agreement, and/or this Final Order and Judgment

14      (including, without limitation, whether a person or entity is or is not a Class Member;

15      whether claims or causes of action allegedly related to this Action are or are not barred or

16      released by this Final Order and Judgment, whether persons or entities are enjoined from

17      pursuing any claims against the Released Parties, as defined in the Settlement

18      Agreement.);

19         b.    entering such additional orders, if any, as may be necessary or appropriate

20      to protect or effectuate this Final Order and Judgment and the Settlement Agreement

21      (including, without limitation, orders enjoining persons or entities from pursuing any

22      claims against the Released Parties), or to ensure the fair and orderly administration of

23      the Settlement; and

24         c.    entering any other necessary or appropriate orders to protect and effectuate

25      this Court's retention of continuing jurisdiction over the Settlement Agreement, the

26      Parties, and the Class Members.

27      16.    No Admissions. Neither this Final Order and Judgment nor the Settlement

28  Agreement (nor any other document referred to herein, nor any action taken to negotiate,

9

1 | effectuate and implement the Settlement) is, may be construed as, or may be used as an
2 | admission or concession by or against the Released Parties as to the validity of any claim or any
3 | actual or potential fault, wrongdoing or liability whatsoever. Additionally, neither the Settlement
4 | Agreement, nor any negotiations, actions, or proceedings related to them, shall be offered or
5 | received in evidence in any action or proceeding against the Released Parties in any court,
6 | administrative agency or other tribunal for any purpose whatsoever, except to enforce the
7 | provisions of this Final Order and Judgment and the Settlement Agreement. This Final Order
8 | and Judgment and the Settlement Agreement may be filed and used by the Defendants or the
9 | Released Parties to seek an injunction and to support a defense of res judicata, collateral
10 | estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith
11 | and credit, or any other theory of claim preclusion, issue preclusion or similar defense or
12 | counterclaim.

13 | Certification shall be automatically vacated and this Final Order and Judgment shall
14 | become null and void if the Settlement Agreement is disapproved by any appellate court and/or
15 | any other court of review, or if Defendants invoke their right to terminate this Settlement
16 | Agreement (pursuant to Section XIII, pp. 28-29 of the Settlement Agreement). The Settlement
17 | Agreement itself, actions in conformance with the Settlement, and the other documents prepared
18 | or executed by any party in negotiating or implementing the Settlement called for by the
19 | Settlement Agreement, including any of the terms of any such documents, shall not be construed
20 | as an admission, waiver or estoppel by Defendants and shall not be offered in evidence in or
21 | shared with any party to any civil, criminal, administrative, or other action or proceeding without
22 | Defendants' express written consent.

23 | 17. Dismissal of Action. This Action, including all individual and Settlement Class
24 | claims resolved in it, is hereby dismissed on the merits and with prejudice against Plaintiffs and
25 | all other Class Members, without fees or costs to any party except as otherwise provided in this
26 | Final Order and Judgment, the Court's separate order regarding attorneys' fees and costs and (will issue, after briefing)
27 | Class Representatives' stipends and the provisions in the previously entered Stipulation and
28 | Order Regarding Non-Settled Claims.

10

1    18.   Final Judgment. This is a Final Judgment disposing of all claims and all parties.

2    **IT IS SO ORDERED.**

3

4    Dated: _Sept. 3_ , 2010

                                        _____
                                        THE HONORABLE. SAMUEL CONTI
5                                       UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11
─────────────────────────────────────────────────────────────
|PROPOSED| CORRECTED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT,
AND DISMISSING CLASS ACTION WITH PREJUDICE; Case No. C 07-5800 SC